UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, <u>PRO SE</u>  )
                              )
              Plaintiff       )
                              )
vs                            )   C.A. No 01-04-12217PBS
                              )
COGNISIA SECURITY COMPANY, INC. )
                              )
              Defendant       )

## AMENDED COMPLAINT

THE PARTIES:

1.  Plaintiff is an Ethiopian by national origin and a citizen of the United States of America presently residing at 261 O'Callaghan Way # 816, South Boston, MA 02127.

2.  Defendant Cognisia Security Co., Inc. is a Massachusetts based security service provider located at 5 Middlesex Avenue, Somerville, MA 02145.

PRIOR PROCEEDING:

3.  On June 4, 2004, plaintiff had filed charge of employment discrimination with the Equal Employment Opportunity Commission "EEOC" and the Massachusetts Commission Against Discrimination "MCAD".

4.  By letter of June 12, 2004 plaintiff had notified the EEOC that I would be out

1

of the United States for 3-4 months and request the commission to *delay* its investigation so that I will not miss any opportunity to submit any additional proof or rebuttal necessary to support the charge. See Plaintiff's Letter to the EEOC dated June 12, 2004 at **EXHIBIT -A.** The commission, however, without considering my request had dismissed the complaint on July 28, 2004 and issued the plaintiff's Rights to sue Letter in within 90 days. See Dismissal and Notice of Rights." attached herewith as **EXHIBIT - B**

## STATEMENT OF FACTS.

5.  Plaintiff initially submitted employment application to the employer at the Massachusetts Employment and Training Center on 11/10/03 and was immediately interviewed by the recruiting Human Resource Manager, Ms. Nicole Downes. At the interview I have explained to Ms. Downes the reason why I left my previous employer and clarified all other ambiguous facts that was stated in my employment application.

6.  Subsequent to the initial application, I was also required to compete the second Job Application at the corporate office. At that time, plaintiff had only met, and assisted by Ms. Jennifer Rego (Office administrator) who submitted plaintiff additional form to be completed including plaintiff's previous residence for the past years and a Drug Test form to be submitted to the examining entity. The Drug Examining office confirmed the result that same period.

7.  Despite the positive (or "drug free" result) by the examining entity and plaintiff's willingness accept the security officer's position, the employer without

sufficient legal reason declined to extend the offer for the plaintiff. However, the employer had hired other candidates for various locations that both require walking and a *sit-down* (or concierge type positions) as documented by plaintiff under the work product Rule of the Federal Rule of Civil Procedure 26(b)(3).

8.   Since the employer's inaction in considering plaintiff's job application, I have repeatedly attempted to know the main reason but ultimately learned that the reason was due to my race, color, national origin and perceived disability in violation ADEA and the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq. "Title VII" and simoialr applicable State laws.

## REMEDY REQUESTED.

Plaintiff respectfully request the following: Jury Trial, Injunction, Full back Pay, Front Pay, Prejudgment Interest, Punitive and Compensatory damage cost and other related expenses all that deem proper by the court.

Respectfully Submitted

*Begashaw Ayele* 12/20/04
Begashaw Ayele, Pro Se

Dated 12-20-2004

3

## CERTIFICATE OF SERVICES

I, Begashaw Ayele, plaintiff for the above referenced captioned case certify that I have sent the foregoing document entitled "COMPLAINT" to Cognisia Security Company Inc., by placing in the United States Mail, postage prepaid to the following:

Cognisia Security Co., Inc.
5 Middlesex Avenue
Somerville, MA 02145

Dated and served on this the _____Day of _____at Boston Massachusetts.

Sincerely

_____
Begashaw Ayele

**EXHIBIT - A**

COPY

June 12, 2004

**BY HAND DELIVERY**
U.S Equal Employment Opportunity Commission
Boston Area Office, Government Center
J. F. Kennedy Federal Building
Fourth Floor, Room 475
Boston, Massachusetts 02203

RE: <u>Begashaw Ayele vs. Cognsia Security Co. Inc.</u>
<u>Charge No. 161-2004-00354</u>

Dear Sir/Madam,

I, Begashaw Ayele, (the Charging Party) for the above referenced caption-case respectively request the commission to *delay* its investigation as I will not be able to submit any rebuttal due to my trip to Ethiopia on June 23, 2004. I expect my stay to be 3-4 month (depends on the circumstances there) and will inform the commission as soon as I returned from my trip.

In the event that the commission entered its decision while I was outside the United States, the charging party's "Right to sue within 90 days" in Federal or State courts should be delayed until after I informed the commission of my return from my trip. As I have not change my mailing address, all letter of correspondence to me, therefore, should be sent to my usual P. O. Box No of 230548, Boston, Massachusetts 02123.

Sincerely,

Begashaw Ayele

CC: Cognsia Security Co. Inc
    5 Middlesex Avenue
    Summerville, MA 02145

**EXHIBIT - B**

EEOC Form 161 (3/98)            **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Begashaw Ayele<br>P.O. Box 230548<br>Boston, MA 02123 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2004-00354 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*              JUL 28 2004

Robert L. Sanders,
Area Office Director

Enclosure(s)                                                              *(Date Mailed)*

cc: **COGNISIA SECURITY COMPANY**
**5 Middlesex Avenue**
**Somerville, MA 02145**
**Attn. Aaron Feo**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, <u>PRO SE</u>  )
                              )
          Plaintiff           )
                              )
     vs                       )   C.A. No _____
                              )
COGNISIA SECURITY COMPANY, INC. )
                              )
          Defendant           )

## **COMPLAINT**

THE PARTIES:

1. Plaintiff is an Ethiopian by national origin and a citizen of the United States of America presently residing at 261 O'Callaghan Way # 816, South Boston, MA 02127.

2. Defendant Cognisia Security Co., Inc. is a Massachusetts based security service provider located at 5 Middlesex Avenue, Somerville, MA 02145.

PRIOR PROCEEDING:

3. On June 4, 2004, plaintiff had filed charge of employment discrimination with the Equal Employment Opportunity Commission "EEOC" and the Massachusetts Commission Against Discrimination "MCAD".

4. By letter of June 12, 2004 plaintiff had notified the EEOC that I would be out

- 1 -

of the United States for 3-4 months and request the commission to *delay* its investigation so that I will not miss any opportunity to submit any additional proof or rebuttal necessary to support the charge. See Plaintiff's Letter to the EEOC dated June 12, 2004 at **EXHIBIT -A.** The commission, however, without considering my request had dismissed the complaint on July 28, 2004 and issued the plaintiff's Rights to sue Letter in within 90 days. See Dismissal and Notice of Rights." attached herewith as **EXHIBIT - B**

## STATEMENT OF FACTS.

5.      Plaintiff initially submitted employment application to the employer at the Massachusetts Employment and Training Center on 11/10/03 and was immediately interviewed by the recruiting Human Resource Manager, Ms. Nicole Downes. At the interview I have explained to Ms. Downes the reason why I left my previous employer and clarified all other ambiguous facts that was stated in my employment application.

6.      Subsequent to the initial application, I was also required to compete the second Job Application at the corporate office. At that time, plaintiff had only met, and assisted by Ms. Jennifer Rego (Office administrator) who submitted plaintiff additional form to be completed including plaintiff's previous residence for the past years and a Drug Test form to be submitted to the examining entity. The Drug Examining office confirmed the result that same period.

7.      Despite the positive (or "drug free" result) by the examining entity and

**EXHIBIT - A**

June 12, 2004

**BY HAND DELIVERY**
U.S Equal Employment Opportunity Commission
Boston Area Office, Government Center
J. F. Kennedy Federal Building
Fourth Floor, Room 475
Boston, Massachusetts 02203

RE: <u>Begashaw Ayele vs. Cognsia Security Co. Inc.</u>
<u>Charge No. 161-2004-00354</u>

Dear Sir/Madam,

I, Begashaw Ayele, (the Charging Party) for the above referenced caption-case respectively request the commission to *delay* its investigation as I will not be able to submit any rebuttal due to my trip to Ethiopia on June 23, 2004. I expect my stay to be 3-4 month (depends on the circumstances there) and will inform the commission as soon as I returned from my trip.

In the event that the commission entered its decision while I was outside the United States, the charging party's "Right to sue within 90 days" in Federal or State courts should be delayed until after I informed the commission of my return from my trip. As I have not change my mailing address, all letter of correspondence to me, therefore, should be sent to my usual P. O. Box No of 230548, Boston, Massachusetts 02123.

Sincerely,

Begashaw Ayele

CC: Cognsia Security Co. Inc
    5 Middlesex Avenue
    Summerville, MA 02145

**EXHIBIT - B**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Begashaw Ayele
P.O. Box 230548
Boston, MA 02123

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2004-00354 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

JUL 28 2004
(Date Mailed)

Enclosure(s)

cc: COGNISIA SECURITY COMPANY
5 Middlesex Avenue
Somerville, MA 02145
Attn. Aaron Feo

plaintiff's willingness accept the security officer's position, the employer without sufficient legal reason declined to extend the offer for the plaintiff. However, the employer had hired other candidates for various locations that both require walking and a *sit-down* (or concierge type positions) as documented by plaintiff under the work product theory of Federal Rule of Civil Procedure 26(b)(3).

8.      Since the employer's inaction in considering plaintiff's job application, I have repeatedly attempted to know the main reason but ultimately learned that the reason was due to my race, color, national origin and perceived disability in violation of 42 U.S.C. 2000 et seq. "Title VII" and other applicable State and Federal laws.

## REMEDY REQUESTED.

Plaintiff respectfully request the following: Jury Trial, Injunction, Full back Pay, Front Pay, Prejudgment Interest, Punitive and Compensatory damage cost and other related expenses all that deem proper by the court.

Respectfully Submitted

*Begashaw Ayele*, Pro Se

Dated 10-18-2004

CERTIFICATE OF SERVICES

I, Begashaw Ayele, plaintiff for the above referenced captioned case certify that I have sent the foregoing document entitled "COMPLAINT" to Cognisia Security Company Inc., by placing in the United States Mail, postage prepaid to the following:

Cognisia Security Co., Inc.
5 Middlesex Avenue
Somerville, MA 02145

Dated and served on this the _____ Day of _____ at Boston Massachusetts.

Sincerely

Begashaw Ayele