UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COGNISA SECURITY COMPANY, INC., )<br>)<br>Defendant. )<br>) | Civil Action No.: 04CV12217-PBS |

## ANSWER TO AMENDED COMPLAINT

Defendant Cognisa Security, Inc. (incorrectly identified in Plaintiff's Complaint as "Cognisa Security Company, Inc." hereinafter "Defendant" or "Cognisa") hereby responds to the numbered paragraphs of the Amended Complaint of Begashaw Ayele (hereinafter "Plaintiff") as follows.

### THE PARTIES

1. Cognisa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, those allegations are denied.

2. Cognisa admits that it maintains an office at 5 Middlesex Avenue, Somerville, MA 02145, and provides security services, but denies that this office is its corporate headquarters.

### PRIOR PROCEEDING

3. Cognisa admits that upon information and belief, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and/or the Massachusetts Commission Against Discrimination ("MCAD") in June 2004. Cognisa is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies the allegations.

4. To the extent that the allegations contained in Paragraph 4 purport to characterize the content and effect of a written documents, those documents speak for themselves. Further answering, Cognisa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and, therefore, those allegations are denied.

## STATEMENT OF FACTS

5. Cognisa admits that upon information and belief, Plaintiff submitted an application for employment to Defendant in November 2003. Cognisa further admits that Plaintiff was interviewed by Nicole Downes. Cognisa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies the allegations.

6. Cognisa admits that Plaintiff filled out additional forms and met with Jennifer Rego. Cognisa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, those allegations are denied.

7. Cognisa denies that it did not extend a conditional offer of employment to Plaintiff. Cognisa denies any implication in paragraph 7 that it discriminated against Plaintiff based on any protected characteristics. Cognisa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and therefore denies the allegations.

8. Cognisa denies the allegations contained in Paragraph 8 of the Complaint.

REMEDY REQUESTED

In response to the "REMEDY REQUESTED" Paragraph that follows Paragraph 8 of the Complaint, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

For its defenses, Cognisa asserts the following:

**FIRST DEFENSE**

Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction over those claims, to the extent they were not raised in a charge of discrimination timely filed with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD") and subject to investigation and conciliation by those agencies.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel and unclean hands.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff cannot state a prima facie case of discrimination under any applicable law, because Cognisa had legitimate nondiscriminatory reasons for its treatment of Plaintiff and because Plaintiff cannot demonstrate pretext.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to mitigate his alleged damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to effect proper service of process and to the extent Plaintiff fails to serve his Complaint and/or Amended Complaint within the time allowed under the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

Plaintiff's Americans With Disabilities Act ("ADA") claim is barred to the extent Plaintiff does not have a "disability" as that term is defined by the ADA and/or to the extent Plaintiff is not a "qualified individual with a disability" as that phrase is defined by the ADA.

## NINTH DEFENSE

Plaintiff's ADA claim is barred because the criterion upon which Cognisa based its hiring decision was job-related and consistent with business necessity.

## TENTH DEFENSE

Plaintiff's ADA claim is barred because Plaintiff never requested a reasonable accommodation for his alleged disability.

## ELEVENTH DEFENSE

Plaintiff's ADA claim is barred to the extent Cognisa satisfied any duty it had to reasonably accommodate Plaintiff's alleged disability and to the extent Plaintiff could not perform the essential functions of the job he sought.

## TWELFTH DEFENSE

Plaintiff's ADA claim is barred to the extent that providing any additional accommodation(s) now requested by Plaintiff would constitute an undue hardship on Cognisa.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to compensatory, punitive or liquidated damages because he is unable to show the willful violation of any statutory or legal right.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

### FIFTEENTH DEFENSE

To the extent that an impermissible employment practice occurred (an allegation which Defendant denies), the same actions would have been taken in the absence of any impermissible motivating factor.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or ratification of Defendant.

### SEVENTEENTH DEFENSE

Defendant reserves the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

### EIGHTEENTH DEFENSE

Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice; enter judgment in favor of Defendant and against Plaintiff on all claims in Plaintiff's Complaint; deny all forms of relief requested in Plaintiff's Complaint; award Defendant all costs,

expenses and attorneys' fees to the extent available under law; and order such other relief as the Court may deem just and proper.

Respectfully submitted,

COGNISA SECURITY, INC.

By its attorneys

_____
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
(617) 289-9200

and Co-Counsel
(to seek *pro hac vice* admission)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA 30309
(404) 253-6900

Dated: December 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2005, a true copy of the above document was served by first class mail upon Plaintiff addressed as follows:

> Begashaw Ayele
> 261 O'Callaghan Way #816
> South Boston, MA 02127

_____
Bronwyn L. Roberts
