# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS



*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MASSACHUSETTS*

September 25, 1998

For information about any of the Alternative Dispute Resolution Procedures (ADR), you may contact the Court's ADR Administrator in the Clerk's Office.

ADR Administrator
United States Courthouse
United States District Court
Clerk's Office - Room # 2300
1 Courthouse Way
Boston, MA 02210

Telephone: (617) 748-4428

# Table of Contents

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

QUESTIONS ABOUT ADR . . . . . . . . . . . . . . . . . . . . . 4
    How do we select an ADR program? . . . . . . . . . . . 4
    Who will conduct the ADR proceeding? . . . . . . . . 4
    How are the neutrals or mediators selected for my
        case? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Where will the proceeding be held? . . . . . . . . . . . 5
    Who is required to be at the ADR proceeding? . . . 6
    Are there any fees or costs for ADR? . . . . . . . . . . 6

COURT SPONSORED ALTERNATIVE DISPUTE
    RESOLUTION OPTIONS . . . . . . . . . . . . . . . . . . 7
    Early Neutral Evaluation . . . . . . . . . . . . . . . . . . . 7
    Court-Annexed Mediation . . . . . . . . . . . . . . . . . . 8
    Mini-Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    Summary Jury/Bench Trial . . . . . . . . . . . . . . . . . 9
    Consent to Jury Trial or Court Trial Before a
        Magistrate Judge . . . . . . . . . . . . . . . . . . . 10
    Settlement Conferences Conducted by District Judge
        or Magistrate Judge . . . . . . . . . . . . . . . . . 11

OTHER ADR OPTIONS . . . . . . . . . . . . . . . . . . . . . . . . 12
    Special Masters . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Private Alternative Dispute Resolution . . . . . . . . 12
    State Court Multi-door Courthouse . . . . . . . . . . . 13

# INTRODUCTION

## *What is ADR all about?*

The purpose of this pamphlet is to provide the parties involved in civil lawsuits with information about the alternative dispute resolution programs (ADR) available through this court. ADR is designed to help resolve disputes without the formalities of a trial. The parties are encouraged to resolve their disputes in ways that satisfy the underlying interests of all of them, minimize their costs, and take account of their legal rights based upon the facts of their cases. This pamphlet contains brief descriptions of the various ADR programs that are available to the litigants through this court. Parties to a lawsuit in the District of Massachusetts should read this brochure carefully and discuss the possibilities with their lawyers in advance of any meetings with the court.

    Judges and lawyers know that the majority of the cases filed in this court settle without a trial. They also know that cases that are settled early in the process save litigation costs to the parties and the court, and that settlements can provide creative solutions which may not be obtainable from a formal court proceeding. Some cases will require a full in-court adjudication. Many cases, however, can reach a satisfactory resolution by using procedures other than trial at any stage of the litigation.

This court requires litigants to explore the potential for ADR at an early stage of the litigation in order to consider the options which can be utilized to achieve a realistic outcome in their case.  The various ADR programs are designed to address the underlying interests of all parties, reduce delay and expense in satisfying those interests and also recognize the importance of the litigants' rights.  Many ADR procedures are confidential and private.  If appropriate and necessary, participants may be asked to enter into confidentiality agreements.  Unless otherwise agreed, only the result of the proceedings will be provided to the court and no information regarding the substance or merits of the case will be communicated.

Parties in all civil cases are encouraged to participate in at least one of the ADR alternatives that are available through the court.  ADR programs are designed so that the parties can adopt or adjust an existing program to one which will meet the needs of their dispute.  Unless otherwise agreed, these programs are non-binding.  The parties are not required to accept any results or recommendations.  Except for special masters and private providers of ADR services, the programs available through the court are without cost to the participants.

All of the district judges and magistrate judges encourage and support all ADR initiatives and are willing to assist the parties in cases other than their own to reach an

early resolution of the parties' dispute.  The court has also enlisted the aid of highly qualified private attorneys who have volunteered to assist the court as neutrals for various ADR options.  Court sponsored ADR programs generally provide the least costly methods to resolve disputes.

If you wish to use any of the procedures described in this pamphlet, please call the ADR Administrator in the Clerk's Office or the clerk for the judge assigned to your case.

# QUESTIONS ABOUT ADR

## How do we select an ADR program?

All ADR options, discussed later in this brochure, are available in most civil cases. Discussing your case with your lawyer, reviewing the possible ADR options and the potential costs of the litigation are the first steps. Some cases may be suitable for an early neutral evaluation where a neutral person makes an assessment based upon summaries of the case and the evidence. Other cases may be more complex and may require some discovery before the parties can make a realistic assessment of the case and which ADR option may be more appropriate. If you are unsure of which ADR alternative is right for your case, you can request assistance from the court.

## Who will conduct the ADR proceeding?

All of the district judges and magistrate judges of the court have agreed to participate in the ADR process. They will act as facilitators (otherwise known as neutrals) or mediators in cases other than their own. The court has also enlisted the assistance of experienced private attorneys who have agreed to volunteer their time to act as facilitators in the court's ADR program.

You may also select a private ADR provider of your own choosing by agreement of all of the parties. You will be required to share the fee of the private ADR provider.

## How are the neutrals or mediators selected for my case?

If the parties can agree on one of the judges or an attorney who has been approved by the court to act as a neutral in ADR proceedings, you can request that particular judge or attorney. Otherwise, the parties may submit several choices and the ADR administrator will make the selection based upon availability, and several other factors, including expertise of the neutral. The neutral can also be selected by the ADR administrator from the available judges or volunteer facilitators if the parties desire.

## Where will the proceeding be held?

Court-sponsored ADR proceedings will be held in the courthouse. A courtroom or conference room will be made available whenever possible, and in all cases in which one of the judges is presiding. Space in the courthouse will also be provided when the ADR proceeding is being conducted by a volunteer facilitator from the Court's list of approved ADR providers. If the ADR is being conducted by a private ADR provider

your proceeding will take place outside the courthouse at an agreed upon location.

## Who is required to be at the ADR proceeding?

The lawyers who will be conducting any trial of the case, the parties to the case and/or anyone having authority to settle the case must attend or be available by telephone for all ADR proceedings.

## Are there any fees or costs for ADR?

One of the court's main objectives is to provide the litigants with a forum to resolve their disputes as quickly and efficiently as possible with a minimum of expense, both to the litigants and the court. There are no costs associated with the use of court facilities, judicial officers or volunteer neutrals in the court sponsored ADR options. The only cost would be for the time spent by your lawyer in preparing for and participating in the mediation.

The costs of the private ADR alternatives would be entirely up to the participants to agree upon. The court has no control over these costs.

# COURT SPONSORED ALTERNATIVE DISPUTE RESOLUTION OPTIONS

*What ADR programs are available through the court?*

## Early Neutral Evaluation

Early neutral evaluation is intended to take place at an early stage in the proceedings. It involves a presentation by the parties, directly or through counsel, of a brief summary of the case or claim to a neutral party for evaluation. The evaluator may be an impartial lawyer selected from a qualified panel established by the participating bar associations or the evaluator may be a judicial officer of this court other than the one to whom the case is assigned. The evaluator gives an opinion as to the likely court outcome and may offer comments on the relative strengths and weaknesses of each side's case. The evaluator can also provide case planning guidance. Counsel and the parties can use this advice in further negotiations to attempt to reach a voluntary settlement.

In some cases, it may be appropriate to use a neutral expert solely to provide an opinion on technical questions. In

other cases, a neutral expert may provide an evaluation of damages or may provide an evaluation on all aspects of the dispute. Early Neutral Evaluation can also serve as the basis for a subsequent mediation process.

## Court-Annexed Mediation

Mediation is a process in which the parties meet with a designated mediator or panel of no more than three mediators to isolate disputed issues, to develop options, and to consider settlement alternatives, in an effort to reach a consensual agreement that will accommodate the needs and interests of all parties. The mediator may be an impartial attorney selected from a qualified panel established by the participating bar associations, or a judicial officer of this court other than the one to whom the case is assigned. Entering the mediation process is ordinarily voluntary and reaching an agreement is always voluntary.

The mediator does not impose any terms or result upon the parties but rather seeks to facilitate the process of negotiation. This is accomplished by exploring alternatives in joint or separate meetings, and communicating options and alternatives, when authorized.

## Mini-Trial

The mini-trial is a procedure in which the attorneys for each side, after development of factual and legal positions, present each side of the dispute to the decision-makers for both parties in a private setting. After the presentation by the lawyers, the decision-makers conduct negotiations. Mini-trials often involve the use of a neutral advisor, who may preside during the parties' presentations and, where appropriate, assist as a mediator. In the event that a settlement is not reached, the parties may request the neutral advisor to evaluate the case, and to advise the parties as to its likely outcome if litigated, as a further method to facilitate a negotiated settlement.

## Summary Jury/Bench Trial

A summary jury/bench trial is a court-run process in which the parties present abbreviated versions of their case to an advisory jury (usually of six rather than twelve people) empaneled by the court in which an action is pending, or to a judge other than the one assigned to the case. Any case in which a trial is authorized is eligible to participate in the summary jury/bench trial process.

In a summary jury trial the jury deliberates briefly and issues a non-binding decision on all issues presented to them. The parties may be permitted to question the jurors as

to the reasons for their decision and their reactions to particular arguments and evidence. The purpose of a summary jury trial is to give the parties a realistic assessment of their likelihood of success. This could be scheduled in any type of case in which the parties are eligible for a jury trial.

A summary bench trial is essentially the same as a summary jury trial except that a judge (other than the one who would preside at a binding trial) rather than a jury will enter an advisory opinion and provide a factual and legal analysis to assist the parties in settlement negotiations.

## Consent to Jury Trial or Court Trial Before a Magistrate Judge

The parties to a civil action may elect, by written stipulation, to have a Magistrate Judge, instead of a District Judge, conduct all proceedings, including presiding over a jury or non-jury trial. The same procedural and evidentiary rules apply and the right of appeal is preserved. A consent form is available in the Clerk's Office.

## Settlement Conferences Conducted by District Judge or Magistrate Judge

A settlement conference with a judicial officer, other than the one to whom the case is assigned, may be conducted at any stage of the litigation. The conference is usually requested by one or more of the parties, or by the judge to whom the case is assigned. The judicial officer acts as a mediator or facilitator at the conferences, meeting with the parties, promoting communications, offering an objective assessment of the case and suggesting settlement options.

# OTHER ADR OPTIONS

## Special Masters

Under Rule 53 of the Federal Rules of Civil Procedure, all or part of a civil action may be referred to a court-appointed master for decision.  Reference of a dispute to a master gives the parties some measure of control over the scheduling and location of the hearing and the identity of the decision-maker, since these matters may be specified by the parties, subject to approval by the court in which the action is pending.  Parties must share the costs of the services of the special master.

## Private Alternative Dispute Resolution

By agreement, the parties may pursue any other form of private alternative dispute resolution program at their own expense.  Lists of private providers of ADR services are available through the local bar associations.  The providers range from organizations to single practitioners with experience in particular areas.

## State Court Multi-door Courthouse

The Multi-Door Courthouse (MC)  is a court-connected dispute resolution program within the Massachusetts Trial Courts.   The MC's primary base of operations is in Middlesex Superior Court in Cambridge with satellite programs in the Worcester Superior Court and the Middlesex Probate and Family Court.  Using a multi-option model there are mandatory screening conferences with voluntary referral to one of several ADR processes, including mediation, case evaluation, arbitration, complex case management, and various hybrid models.  Although this is primarily a program for cases proceeding through the state court system, it has been utilized in the Central Section of the District Court located in Worcester to help resolve some of our Worcester cases.  Under this program there is no charge for the screening conference.  If the parties elect one of the dispute resolution options with the MC, there is an administrative fee and per hour neutral fee that is split equally.  The MC offers fee reductions and waivers when appropriate.

## SPECIAL ACKNOWLEDGMENT

The Judges of this Court wish to express their sincere appreciation to the members of the ADR Advisory Committee for their invaluable assistance with this project. We would also like to thank the American College of Trial Lawyers, the Boston Bar Association and the Massachusetts Bar Association for their willingness to support and participate in ADR for the District of Massachusetts.

September 25, 1998

Joseph L. Tauro, Chief Judge

Judge Robert E. Keeton
Judge Rya W. Zobel
Judge William G. Young
Judge Mark L. Wolf
Judge Douglas P. Woodlock
Judge Edward F. Harrington
Judge Nathaniel M. Gorton
Judge Richard G. Stearns
Judge Reginald C. Lindsay
Judge Patti B. Saris
Judge Nancy Gertner
Judge Michael A. Ponsor
Judge George A. O'Toole, Jr.
Senior Judge W. Arthur Garrity, Jr.
Senior Judge Walter Jay Skinner
Senior Judge Frank H. Freedman
Senior Judge A. David Mazzone
Senior Judge Morris E. Lasker

Chief Magistrate Judge Joyce L. Alexander
Magistrate Judge Lawrence P. Cohen
Magistrate Judge Robert B. Collings
Magistrate Judge Marianne B. Bowler
Magistrate Judge Zachary R. Karol
Magistrate Judge Charles B. Swartwood III
Magistrate Judge Kenneth P. Neiman

## ADR ADVISORY COMMITTEE

William F. Looney, Jr., Esq.  - Chair
Looney & Grossman

Samuel Adams, Esq.
Warner & Stackpole

Katharine F. Lewis, Esq.
Environmental Management

Margaret A. Burnham, Esq.
Burnham & Hines

Thomas M. Looney, Esq.
Bartlett, Hackett, Feinberg,
Gentilli, Liston, Brown, &
Phalen

Charles Donelan, Esq.
Day, Berry & Howard

John P. Driscoll, Esq.
Nutter, McClennen & Fish

David S. Mackey, Esq.
U.S. Attorney's Office

Karen F. Green, Esq.
Hale & Dorr

James J. Marcellino, Esq.
McDermott, Will & Emery

Henry L. Grossman, Esq.
Peabody & Brown

Francis S. Moran, Jr., Esq.
Boston Bar Association

Daniel J. Hourihan, Esq.
Spencer & Stone

Joseph G. Sandulli, Esq.
Sandulli, Grace, Shapiro,
Horwitz & Davidson

❖❖❖❖❖❖❖❖❖❖❖❖    ❖❖❖❖❖❖❖❖❖❖❖❖

Tony Anastas,
Clerk of Court
U.S. District Court

Helen M. Costello
Projects Manager
U.S. District Court

Judge A. David Mazzone
Liaison

