UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEGASHAW AYELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04CV12217-PBS |
| ) | |
| COGNISA SECURITY COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37 and Local Rules 26.2(C) and 37.1, Defendant Cognisa Security Inc. (hereinafter "Cognisa"), hereby files this Memorandum of Law in Support of its Motion to Compel Discovery. For the reasons discussed below, Cognisa respectfully requests that the Court issue an Order: (a) compelling Plaintiff to answer Interrogatories 1, 2, 3, and 4 in Cognisa's First Set of Interrogatories; (b) compelling Plaintiff to supplement his Initial Disclosures; (c) compelling Plaintiff to appear for the continuation of his deposition and to answer questions related to alleged comparators' identities and knowledge; and (d) awarding Cognisa the expenses and attorneys' fees reasonably incurred in the preparation of this Motion and its earlier efforts to obtain discovery responses from Plaintiff.

### STATEMENT OF FACTS

On October 18, 2004, Plaintiff filed a lawsuit against Cognisa in the United States District Court for the District of Massachusetts. Plaintiff filed an Amended Complaint on December 20, 2004. Plaintiff claims that Cognisa failed to hire him on account of his "race, color, national origin

and perceived disability in violation of ADEA and the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq. 'Title VII' and simioialr [sic] applicable State laws." (Amended Complaint p. 3) Cognisa timely filed its Answer on December 30, 2004. On February 1, 2005, Plaintiff *filed* his Rule 26 Initial Disclosures. (Attached hereto as Exhibit A) On March 1, 2005, Cognisa served Plaintiff with its First Set of Interrogatories ("Interrogatories") via United States mail. (Cognisa's Interrogatories are attached hereto as Exhibit B).

Plaintiff served his responses to Cognisa's Interrogatories on March 8, 2005. (Attached hereto as Exhibit C). In his responses, Plaintiff refused to provide the information requested in Interrogatories 1 and 4 and in response to Interrogatories 2 and 3, provided information that must be deemed incomplete in light of Plaintiff's April 25, 2005 deposition testimony.

During his deposition, for the first time, Plaintiff alleged the existence of two comparators he claims were hired by Defendant. Ayele Deposition at 151-153, 189 (Excerpts attached hereto as Exhibit D). Plaintiff also claimed he had interviewed these two individuals regarding this case. Id. at 189. However, when counsel for Cognisa questioned Plaintiff regarding the identities and knowledge of the alleged comparators, Plaintiff refused to divulge their names, claiming protection under the work product doctrine:

> Q. Are there any other witnesses that you can think of who have knowledge of facts of your claims in this lawsuit that you haven't already mentioned?
> A. Not, except the two guys who I interviewed.
> Q. Those people you are not revealing their identity?
> A. Yes. That's the law. You are a lawyer. You know that.

Id. at 189. Plaintiff threatened counsel when she inquired about these individuals, stating "I did my research. File the summary judgment and you will get the answer. That's how we can

conclude it," and "It will be a great mistake if you try to compel me. You will make this case very protracted. Really." Exhibit D, Ayele Deposition at 154, 172.

On May 18, 2005, in a final effort to obtain this information from Plaintiff without involvement from the Court, counsel for Cognisa conducted a discovery conference pursuant to Local Rule 26.2C, wherein Plaintiff continued to insist that the requested information was protected by the work product privilege.

## ARGUMENT AND CITATION OF AUTHORITY

The underlying purpose of discovery is to allow parties to obtain the fullest possible knowledge of the issues and facts before trial. To that end, Rules 30 and 33 permit a party to request information within the broad scope of Rule 26(b), which, in turn, provides for liberal examination that permits inquiry into matters in themselves inadmissible as evidence, but which will lead to the discovery of admissible evidence:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(b)(1). As the Advisory Committee Notes to the Federal Rules comment, "[t]he purpose of discovery is to allow a broad search for facts, *the names of witnesses*, or any other matters which may aid a party in the preparation or presentation of his case." (*emphasis added*). It is widely recognized that relevancy is similarly broadly and liberally construed. See Moore's Federal Practice 3d § 34.12, at 34-33 (citing, *inter alia*, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (relevance construed broadly to encompass any matter that bears on, or could reasonably lead to other matter that could bear on, any issue that is or may be in the case)).

3

This court has held that Rule 26 casts a "wide net," under which "information is discoverable if there is any possibility it might be relevant to the subject matter of the action." EEOC v. Electro-Term, 167 F.R.D. 344, 346 (D. Mass. 1996) (emphasis added). Material is discoverable where it is relevant to the claims, counterclaims, or affirmative defenses at issue in a case. Haseotes v. Abacab Int'l. Computers, Inc., 120 F.R.D. 12, 14 (D. Mass. 1988). Where, as here, a party fails to respond completely to a proper deposition question or Interrogatory, or tenders groundless objections in response thereto, Rule 37 permits the court to order full compliance with the deposition question or Interrogatory. See Fed. R. Civ. P. 37(c) ("[E]vasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."). Plaintiff's responses are incomplete, evasive, and improper.

      Here, Plaintiff incorrectly claims that his refusal to fully respond to Initial Disclosures, answer Interrogatories, and answer questions during his deposition is justified because the withheld information is protected by the work product doctrine. "The work product doctrine protects against disclosure of materials that a party, her attorney, or her representative prepares in anticipation of litigation. In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004). Generally, the party claiming protection under the work product doctrine bears the burden of showing that the doctrine applies. Id. at 140. The work product doctrine has been held to apply to "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible" means. Id. at 143. Indeed, "work product protection potentially extends to any such material prepared by an attorney, a party, or certain of the party's non-attorney representatives." Id. at 144.

4

While Plaintiff is a *pro se* party, he attempts to assert the work product doctrine as a means to shield from discovery and names of two individuals whom he interviewed in connection with his claims in this action. Exhibit D, Ayele Deposition at 171. Indeed, he claims that he will only reveal the names of these individuals in response to a Motion for Summary Judgment filed by Defendant. Id. at 154. This is precisely the type of ambush tactics that the Federal Rules of Civil Procedure seek to prevent. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984) (noting that "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). The Advisory Committee Note makes clear that disclosure of witness names is one of the goals of the discovery process.

A plain reading of Federal Rule of Civil Procedure 26 shows that the identities of the alleged comparators cannot be Plaintiff's work product. Pursuant to the Advisory Committee Note, it is the identities of witnesses that Rule 26 seeks to disclose. Indeed Fed. R. Civ. P. 26(b)(1) provides for disclosure of "the identity and location of persons having knowledge of any discoverable matter." There is simply no argument that their identities are protected under the work product doctrine.

I. **Plaintiff Should Be Compelled To Respond to Discovery**

    A. **Rule 26 Initial Disclosures**

In Part A of his February 1, 2005 Rule 26 Initial Disclosures, Plaintiff identified three individuals as being "likely to have discoverable information that the disclosing party may use to support its claims...." These three individuals were "Nichole Downes... Aweke Alemayehu... [and] Jennifer Rego...." However, during Plaintiff's deposition, Plaintiff indicated that he knew of other people with discoverable information and yet failed to disclose their identities:

5

> Q: ... What do you – so you have documented employees that were hired that you're not going to give to me, right? You are not going to tell me who they are?
> A. No.
> Q. That's pretty clear.
> A. Yes. You file that compelling information.

Ayele Deposition at 168 (Attached hereto as Exhibit D).

### B.   Interrogatory No. 1

Plaintiff refused to respond to Interrogatory No. 1 on the grounds that the information requested therein is protected by the work product doctrine.

> <u>Interrogatory No. 1</u>: Identify all persons you have interviewed and/or obtained any statements from concerning the facts or claims contained in your Complaint or Amended Complaint and state whether the statements were written or oral.
>
> <u>Plaintiff's Response</u>: Objection, plaintiff object to such interrogatory on the ground that the interrogatory seek privileged document under the work product rule of the federal rule of civil procedure.

However, during Plaintiff's deposition, Plaintiff clearly stated that he has interviewed persons concerning the facts or claims contained in his Amended Complaint:

> Q. You say you know. In your MCAD charge you say, "Respondent has hired many other nonblack individuals as security officers and also had job assignments that did not involve walking."
> A. Yes.
> Q. What information do you base that on?
> A. I checked my research. I did my job.
> Q. Who did they hire? What individuals were hired for --
> A. To name the individual?
> Q. I'm asking you what you are basing your complaint on.
> A. Yeah, I ask some people, some work site. I ask them what kind of jobs they do. Some people they say –
> .
> .
> .

6

BOS\131558.1

> Q. Who did you ask?
> A. I ask people in many places.
> Q. Which places?
> A. Many places. You are –
> Q. Specifics.
> A. Not specifics. You are asking me the research I make for this lawsuit.
>
> . . .
>
> Q. So you're saying you are refusing to tell me names of the individuals and the places that they work of people who were hired into jobs that did not involve walking?
> A. There are many people.
> Q. You're not going to tell me?
> A. I will not tell you.
> Q. You refuse?
> A. Yes.
> Q. Then I'm going to have to move to compel if that's what you're basing your lawsuit on.

Exhibit D, Ayele Deposition at 151-54. Plaintiff should be compelled to answer this Interrogatory, as it is clear from his deposition that he alleges he has interviewed two persons whom who he has not yet named in this case, and who he claims are comparators in his discrimination claim.

### C. Interrogatory No. 2

Similar to Plaintiff's Rule 26 Initial Disclosures, Interrogatory No. 2 requested Plaintiff to identify any and all potential fact witnesses:

> Interrogatory No. 2: Identify all persons you believe have knowledge of any of the facts or claims contained in your Complaint, Amended Complaint, or charge of discrimination you filed with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD").
>
> Plaintiff's Response: (1) Nicole Downes, Cognisa Human Resource Manager (2) Aaron Feo, Field Human Resources for

7

>Cognisa Security Co. Inc, (3) Dr. Aweke Alemayehu, (4) Jennifer Rego, Human Resource Administrator, as well as people interviewed by plaintiff as indicated in answer No. 2 above.

Plaintiff's response to Interrogatory No. 2 is inadequate in light of his testimony above wherein he alleges that he knows of, and has in fact spoken to, other individuals with knowledge to the allegations in Plaintiff's Amended Complaint, but has refused to name such individuals. These individuals were not named in response to Interrogatory No. 2. Accordingly, Plaintiff should be compelled to supplement his response.

**D.     Interrogatory No. 3**

Plaintiff has refused to answer Interrogatory No. 3 on the grounds that it is "repetitive:"

>Interrogatory No. 3: Identify any current or former employee of Defendant with whom you have discussed your claims or the conduct you allege gives rise to your claims.

>Plaintiff's Response: Objection, as the interrogatory is repetitive and calls the plaintiff's answer as provided in the preceding paragraph.

Any reading of Interrogatory No. 3 reveals that while some individuals named in response to Interrogatory No. 2 could potentially also be named in response to Interrogatory No. 3, Interrogatory No. 3 is broader in that these individuals requested are not necessarily ones who have knowledge of Plaintiff's claims. Plaintiff should be compelled to answer Interrogatory No. 3, given that at his deposition, as detailed above, Plaintiff admitted speaking to unnamed Cognisa employees.

8

  E. **Interrogatory No. 4**

Plaintiff refused to answer Interrogatory No. 4 without justification:

> Interrogatory No. 4: For each person identified in response to Interrogatory No. 2 above, state the basic facts or claims of which that person has knowledge.
>
> Plaintiff's Response: Objection, as plaintiff can not rephrase other people's word, interpret their understanding of fact or version, and therefore, I maintain a position to hold such information until they themselves testify or submits their understanding of facts in court.

Plaintiff's response to Interrogatory No. 4 is nonsensical. With Interrogatory No. 2, Cognisa asked Plaintiff to identify all persons with knowledge of the facts or claims contained in his Amended Complaint. Plaintiff responded to Interrogatory No. 2 by identifying three individuals. With Interrogatory No. 4, Cognisa asked Plaintiff to state the facts or claims about which these three individuals have knowledge. Instead of doing so, Plaintiff provided no substantive answer. Because Cognisa's Interrogatory No. 4 seeks relevant information which Plaintiff has thus far refused to provide, Cognisa requests an Order compelling Plaintiff to supplement this response.

**II.** **Cognisa Is Entitled To Recover The Attorneys' Fees Incurred In Securing Plaintiff's Discovery Responses and Deposition Testimony**

Expenses incurred by a party in connection with a motion to compel are recoverable under Rule 37(a)(4)(A) of the Federal Rules where the non-responding party lacks sufficient justification for its failure to properly respond. Here, in violation of the Federal Rules, Plaintiff has articulated an improper justification for his inadequate and incomplete responses to many Defendant's written discovery requests and deposition questions. As a result of Plaintiff's blatant disregard of the Federal Rules, which has forced Cognisa to file this Motion to Compel,

9

Cognisa is entitled to an award of fees and costs incurred in preparing this Motion and the supporting brief.

In a similar case, the Court in <u>Roger Edwards, LLC v. Fiddes & Son, Ltd.</u>, 216 F.R.D. 18 (D. Maine 2003), excluded certain of plaintiff's witnesses from trial because of plaintiff's failure to produce the witnesses names in response to defendant's interrogatories.  <u>See</u> <u>also</u> <u>Rivers v. American Express Centurion Servs. Corp.</u>, 184 F.R.D. 670 (M.D. Fla. 1998) (awarding sanctions under Rule 37(a)(4)(A) for party's discovery failures).  Indeed, "The great operative principle of Rule 37(a)(4) is that the loser pays."  <u>American Hanger, Inc. v. Basic Line, Inc.</u>, 105 F.R.D. 173, 176 (D. Mass. 1985) citing Wright & Miller, Federal Practice and Procedure: Civil § 2288, p. 787.

Here, in light of Plaintiff's failure to properly respond to Cognisa's discovery requests, it is clear that Plaintiff's actions have been interposed solely for the purpose of delaying and obstructing the discovery process.  As a result of Plaintiff's unwarranted delay, Cognisa's discovery efforts have thus far been impeded.  Moreover, despite Cognisa's good faith efforts to resolve this matter without judicial intervention, Cognisa has been required to unnecessarily expend time and resources to move this Court to compel Plaintiff to submit full and complete discovery responses.  Accordingly, Cognisa requests that the Court order Plaintiff to reimburse Cognisa for the expenses and attorneys' fees incurred in bringing this Motion and its earlier efforts to obtain complete discovery responses from Plaintiff.

**III.     Conclusion**

For all of the foregoing reasons, Cognisa requests that the Court issue an Order:  (a) compelling Plaintiff to answer Interrogatories 1, 2, 3, and 4 in Cognisa's First Set of

Interrogatories; (b) compelling Plaintiff to supplement his Initial Disclosures; (c) compelling Plaintiff to appear for the continuation of his deposition and to answer questions related to alleged comparators' identities and knowledge; and (d) awarding Cognisa the expenses and attorneys' fees reasonably incurred in the preparation of this Motion and its earlier efforts to obtain discovery responses from Plaintiff.

Respectfully submitted,

COGNISA SECURITY, INC.

By its attorneys

/s/Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

 Dated:  May 26, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, )<br>              Plaintiff, )<br>v. )<br>COGNISA SECURITY COMPANY, INC., )<br>              Defendant. ) | Civil Action No.: 04CV12217-PBS |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 26 day of May, 2005, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY with the Clerk of Court using the CM/ECF system.

     I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

        Begashaw Ayele
        261 O'Callaghan Way #816
        South Boston, MA  02127

                                              /s/Bronwyn L. Roberts
                                              Bronwyn L. Roberts, BBO# 638079