UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE ) | |
| ) | |
| Plaintiff ) | |
| Vs ) | |
| ) | CIV. Action No. 12217BPS |
| COGNSIA SECURITY INC ) | |
| ) | |
| Defendant ) | |

## MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER DEFENDANT'S MOTION FOR COMPELLING DISCOVERY AND TO TAKE DEPOSITION FROM DEFENDANT COGNSIA SECURITY, INC., ET AL.

Plaintiff for the above referenced captioned case respectfully request the court an extension of time within which to answer defendant's motion for compelling discovery and take defendant's deposition . The following are the grounds for the plaintiff's request for such extension of time.

On February 3, 2003, parties on this case submitted a joint discovery plan and were expecting approval by the court. According to the parties joint statement pursuant to F. R. Civ. P. 26(f) and Local Rule 16.1(d), the discovery plan was as follows:

  A. Deadline for completing Discovery, May 31, 2005
  B. Exchange of Initial expert Report;
       (1) Plaintiff – June 30, 2005
       (2) Defendant July 29, 2005
  C. Deadline for expert deposition: August 31, 2005
  D. Deadline for dispositive motions: September 30, 2005

1

In an effort to resolve the parties dispute or to expedite the resolution of the case, the court in its own motion had shorten the discovery plan as follows:

    Fact discovery deadline 5/31/2005
    Summary Judgement Motion filing deadline 6/15/2005
    Opposition for Summary Judgement Motion 7/15/2005
    Hearing on Summary Judgement motion or pretrial Conference 7/27/2005

Subsequently the court had assigned the case for a ADR program. The discussion by the magistrate Judge (Joyce London Alexander) ended *without addressing* the purpose of the program but questioning plaintiff other issues that even defendant had never mentioned in its memorandum argument. Such type of time consuming process and the defendant's recent filing of motion to compel discovery, will not be able the parties to complete the discovery process on the time frame that the court set outside the parties' joint discovery plan that is not sufficient by any imagination.

In addition, plaintiff to this day has not taken deposition from defendants nor received appropriate response to my request for production of documents and/or interrogatory and, therefore, **plaintiff request additional time to complete all discovery until September 30, 2005.** This time is **NOT** unreasonable in view of plaintiff's plan to depose four people (two party and other two non-party Individuals.) *It is worthy to note that Defendant had served its motion to compel discovery on May 26, 2005 (four(4) days before the court scheduled deadline of discovery of of May 31, 2005)* and, therefore, plaintiff's request an extension of time is not unreasonable. In a nutshell, the time frame set out by the court is not workable for the plaintiff specially as I am in the process answering to defendant's motion compelling discovery, my plan to file counter motion for compelling discovery including inspecting defendant's client companies. The request for time enlargement should be granted no matter how ( in the eyes of defendant) the plaintiff's case seems unworthy of trial.

2

Furthermore, plaintiff am in the process to respond to defendant's motion for compelling discovery and I will keep all process to be free of protracted litigation and, if so, I may not need to file a Rule 56 (f) motion of the fed. R. Civ. Procedure to defend defendant's summary judgement motion..

Respectfully Submitted

Dated May 31, 2005

Begashaw Ayele, pro se

## CERTIFICATE OF SERVICES

This certify that plaintiff had served the foregoing documents titled "MOTION FOR EXTENTION OF TIME WITHIN WHICH TO ANSWER DEFENDANT'S MOTION FOR COMPELLING DISCOVERY AND TO TAKE DEPOSITION FROM DEFENDANT COGNSIA SECURITY, INC. ET AL. to the following:

Bronwyn L. Roberts
Duane Morris LLP
470 Atlantic Avenue Suite 500
Boston, MA 02210

Sincerely,

Begashaw Ayele

3