UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BEGASHAW AYELE,                     )
                                    )
          Plaintiff,                )
                                    )
v.                                  )   Civil Action No.: 04CV12217-PBS
                                    )
COGNISA SECURITY COMPANY, INC.,     )
                                    )
          Defendant.                )
_____)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER DEFENDANT'S MOTION FOR COMPELLING DISCOVERY AND TO TAKE DEPOSITION FROM DEFENDANT COGNISA SECURITY, INC., ET AL.**

COMES NOW Defendant Cognisa Security Inc. (hereinafter "Cognisa") and hereby files this Response to Plaintiff's Motion for Extension of Time Within Which to Answer Defendant's Motion for Compelling Discovery and to Take Deposition From Defendant Cognisa Security, Inc., et al., and shows this Court as follows:

**I.    Plaintiff's Motion For Extension of Time is Wholly Without Merit**

A.    Time to Respond to Defendant's Motion to Compel Discovery

Plaintiff offers no basis as to why he cannot respond to Defendant's Motion to Compel Discovery within the fourteen (14) days provided by this Court's Local Rule 7.1(b)(2). In this employment discrimination action, Plaintiff alleges that he was discriminated against on the basis of his race (African-American), color (Black), national origin (Ethiopian), and perceived disability (difficulty walking). He contends that other individuals were hired while he was not. Defendant's Motion to Compel made a simple request from Plaintiff: provide the names of two

ATL\60279.1

alleged comparators Plaintiff claims Defendant hired. Plaintiff referenced these two individuals for the first time in his April 25, 2005 deposition, but refused to disclose their names - despite numerous requests. Indeed, Plaintiff should have disclosed these individuals' names and contact information in his Rule 26 disclosures, his responses to Defendant's interrogatories, his deposition, and in the Local Rule 26.2(C) and 37.1(b) conference Defendant's counsel Bronwyn L. Roberts conducted with Plaintiff prior to filing a Motion to Compel.

Plaintiff chose to initiate this action by filing his Complaint on October 22, 2004. At any time between that date and the present, Plaintiff should have provided Defendant with the names of the alleged comparators. Plaintiff has repeatedly failed to do so, and has threatened frivolous and "protracted" litigation if Defendant filed a motion to compel such information. Plaintiff's Deposition at 172 ("It will be a great mistake if you try to compel me. You will make this case very protracted. Really.") (Attached as Exhibit A). For Plaintiff now to claim, at the eleventh hour, that fourteen (14) days to respond to Defendant's Motion to Compel is insufficient smacks of bad faith. Plaintiff has had over seven (7) months to disclose this information and has failed to do so. Accordingly, this Court should deny Plaintiff's Motion for Extension of Time as to his Response to Defendant's Motion to Compel Discovery.

B.    Time to Take Depositions

Defendant does not object to Plaintiff's Motion for Extension of time as to his intent to depose Ms. Nicole Downes and Mr. Aaron Feo. Plaintiff noticed the depositions of Ms. Downes and Mr. Feo on May 20, 2005 – only eleven (11) days before the close of discovery. By way of letter (Attached to Plaintiff's Motion to Use One of the Court's Conference Room as Exhibit B), Defendant's counsel, Ms. Roberts, informed Plaintiff that she could not produce Ms. Downes

because Ms. Roberts had recently learned that Ms. Downes is no longer employed by Defendant. To the extent that Plaintiff properly compels Ms. Downes attendance for a deposition, Defendant does not object to Plaintiff taking her deposition outside of the discovery period.

In the same letter, Ms. Roberts informed Plaintiff that Defendant would produce Mr. Feo for deposition "at the offices of Duane Morris LLP, 380 Lexington Avenue, New York." Mr. Feo is a resident of New York, and under FED. R. CIV. P. 45(c)(3)(A)(ii), cannot be compelled to travel more than 100 miles from his residence for a deposition. Another district court, confronted with this same issue stated:

> Except where the employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an employee is treated in the same way as any other witness," and "his or her presence must be obtained by subpoena rather than notice. ***." Wright, Miller & Marcus, 8A Federal Practice & Procedure: Civil 2d § 2103, pp. 36-37. Thus, ordinary employees are subject to the general rule that a deponent should be deposed near his or her residence, or principal place of work.

Archer Daniels Midland Co. v. Aon Risk Servs., 187 F.R.D. 578, 588 (D. Minn. 1999). Indeed, despite Plaintiff's failure to subpoena Mr. Feo, Defendant has agreed to produce him for deposition in New York on either June 9, 13, 14, or 21, 2005. Accordingly, Defendant has no objection to Plaintiff taking Mr. Feo's deposition outside the discovery period in New York on one of these dates.

In his Motion, Plaintiff references his intent to depose four (4) individuals. Plaintiff did not name these two other individuals in his Motion and has not noticed or subpoenaed their depositions. Accordingly, because Plaintiff has made no effort to depose these two unnamed individuals during the discovery period, this Court should not allow Plaintiff to do so outside of the discovery period.

**II.     Plaintiff's Motion is Procedurally Improper Under Local Rule 7.1(b)(1)**

Notwithstanding the substantive deficiencies of Plaintiff's Motion detailed above, Plaintiff's Motion is not properly before this Court.  Local Rule 7.1(b)(1) specifically requires a movant to "at the same time file [as a motion is filed,] a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.  As evidenced by Plaintiff's "Motion," no such memorandum was filed, and the alleged bases of Plaintiff's Motion are contained in the Motion itself.  Defendant does not necessarily object to Plaintiff, a *pro se* litigant, filing such a Motion, but only illustrates the point as evidence of Plaintiff's continued failure to abide by the Federal Rules of Civil Procedure and the Local Rules established by the United States District Court for the District of Massachusetts.

**III.     Conclusion**

For the foregoing reasons, and because Plaintiff can only demonstrate any legitimate grounds to extend discovery as to Ms. Downes and Mr. Feo, Defendant respectfully requests that this Court extend discovery until June 30, 2005, for the limited purpose of deposing Ms. Downes (pursuant to FED. R. CIV. P. 45) and Mr. Feo (in New York, New York), extend the parties' deadline to file dispositive motions[1] until July 29, 2005, and deny all other relief requested in Plaintiff's Motion.

---

[1] It is noteworthy that at this time, Cognisa is precluded from fully developing its summary judgment arguments because Plaintiff has failed to disclose the identities of his alleged comparators, if any.  Accordingly, dispositive motions should be submitted to the Court after resolution of Cognisa's Motion to Compel Discovery.

4

        Respectfully submitted,

        COGNISA SECURITY, INC.

        By its attorneys


        <u>/s/Bronwyn L. Roberts</u>
        Bronwyn L. Roberts, BBO# 638079
        DUANE MORRIS LLP
        470 Atlantic Avenue, Suite 500
        Boston, MA  02210
        (617) 289-9200


and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

 Dated:  June 8, 2005

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BEGASHAW AYELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 04CV12217-PBS |
| | ) | |
| COGNISA SECURITY COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8 day of June, 2005, I electronically filed the foregoing RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO ANSWER DEFENDANT'S MOTION FOR COMPELLING DISCOVERY AND TO TAKE DEPOSITION FROM DEFENDANT COGNISA SECURITY, INC., ET AL. with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127

    /s/Bronwyn L. Roberts
    Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com

6

ATL\60279.1