UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE,           )<br>                                          )<br>            Plaintiff,              )<br>                                          )<br>v.                                       )<br>                                          )<br>COGNISA SECURITY COMPANY, INC.,  )<br>                                          )<br>            Defendant.          )<br>                                          ) | Civil Action No.: 04CV12217-PBS |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PERMISSION TO USE ONE OF THE COURT'S CONFERENCE ROOM FOR TAKING DEPOSITION FROM DEFENDANT COGNISA SECURITY, INC., ET AL.**

COMES NOW Defendant Cognisa Security Inc. (hereinafter "Cognisa") and hereby files this Response to Plaintiff's Motion for Permission to Use One of the Court's Conference Room for Taking Deposition From Defendant Cognisa Security, Inc., et al., and shows this Court as follows:

**I.   Introduction**

Despite discovery closing in this case on May 31, 2005[1], Plaintiff seeks to depose four individuals in one of the Court's conference rooms, a practice Plaintiff used in one of his previous employment discrimination cases.[2]  As stated in Defendant's Response to Plaintiff's

---

[1] On May 31, 2005, Plaintiff filed a Motion to extend discovery until September 30, 2005.

[2] While Defendant acknowledges that Plaintiff has extensive *pro se* employment discrimination litigation experience, the docket report from his 1996 case in front of Judge Keeton (Attached as Exhibit A), reveals that a Court conference room was used for *Plaintiff's deposition* – ostensibly because he refused to appear for his deposition at the offices of defense counsel in that case.  See Exhibit A at Docket No. 23.  It is also noteworthy that,

(Continued…)

Motion for Extension of Time Within Which to Answer Defendant's Motion for Compelling Discovery and to Take Deposition from Defendant Cognisa Security, Inc., et al. (hereinafter "Motion to Extend Discovery"), during the discovery period Plaintiff only noticed the depositions of two individuals: Nicole Downes and Aaron Feo.  See Notice of Depositions (Attached as Exhibit B).  In the instant Motion, Plaintiff assumes that Defendant could make these individuals available for deposition at the United States District Court for the District of Massachusetts.  In fact, Ms. Downes is no longer employed by Defendant and Mr. Feo resides in New York.

**II.    Deposition of Nicole Downes**

Plaintiff, by virtue of initiating this lawsuit and seeking to conduct depositions in connection therewith, is responsible for providing appropriate locations at which he may depose non-parties.  In Defendant's counsel, Bronwyn Roberts', April 20, 2005 letter to Plaintiff (Attached to Plaintiff's Motion as Exhibit A), Ms. Roberts stated that Defendant would produce Ms. Downes at the Boston office of Duane Morris LLP.  However, when Plaintiff noticed Ms. Downes' deposition on May 20, 2005, Ms. Roberts learned that Ms. Downes was no longer employed by Defendant.  Accordingly, in Ms. Roberts' May 24, 2005 letter to Plaintiff, she stated that Defendant could not produce Ms. Downes at Duane Morris LLP's Boston office.

However, Defendant acknowledges that Plaintiff *attempted* to depose Ms. Downes during the discovery period – albeit with only eleven (11) days remaining.  Accordingly, to the extent

---

(Continued…)

>similar to this case, Plaintiff failed to fully answer defense counsel's deposition questions in that case.  Id. at Docket No. 46.

that Plaintiff can compel Ms. Downes' presence for a deposition, and to the extent that this Court extends discovery for the purpose of allowing Plaintiff to do so, Defendant continues to offer the use of one of its conference rooms in Duane Morris LLP's Boston office for Ms. Downes' deposition, obviating the need for Plaintiff to use one of the Court's conference rooms for this purpose.[3]

### III.  Deposition of Aaron Feo

Mr. Feo is a resident of New York, and is entitled to be deposed within 100 miles of his residence. FED. R. CIV. P. 45(c)(3)(A)(ii). Obviously, a conference room at the United States District Court in Boston will not satisfy this requirement.

Plaintiff insinuates in his Motion that Ms. Roberts offered to produce Mr. Feo at Duane Morris' Boston office in her April 20, 2005 letter. Plaintiff misrepresents this letter. Any reading of the letter shows that it makes no mention of Mr. Feo. Because Mr. Feo is a New York resident, and is entitled to be deposed there, this Court's conference room is not necessary or appropriate for his deposition.

By way of Ms. Roberts' May 24 letter to Plaintiff (Attached to Plaintiff's Motion as Exhibit B), Defendant made available an appropriate location – Duane Morris LLP's New York office – for Plaintiff to depose Mr. Feo. Simply because this location is not as convenient for Plaintiff does not absolve him of the requirements of the Federal Rules of Civil Procedure.[4]

---

[3] It is noteworthy that Plaintiff did not ask if he could use a Duane Morris conference room for this purpose prior to filing his Motion.

[4] See Archer Daniels Midland Co. v. Aon Risk Servs., 187 F.R.D. 578, 588 (D. Minn. 1999) ("Except where the employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an employee is treated in the
(Continued…)

### IV. Plaintiff's Remaining Depositions

In his Motion, Plaintiff did not name the other two other individuals he claims he intends to depose, and has not noticed or subpoenaed their depositions during the discovery period. Because Plaintiff has not named these individuals, he provides no basis as to why the Court's conference room would be an appropriate location for their depositions. Additionally, because Plaintiff has made no effort to depose these two unnamed individuals during the discovery period, this Court should not facilitate Plaintiff doing so outside of the discovery period.

### V. Plaintiff's Alternative Motion to Compel Defendant to Attend the Deposition at Plaintiff's Apartment.

Notwithstanding the fact that Plaintiff has not sought to depose "Defendant" in this action, this Court should not compel any witness in this action to appear for a deposition at Plaintiff's residence. It is clear from Plaintiff's statement that "there is no chair, drinking water or coffee that plaintiff can extend," that he is only offering this option as a threat towards Defendant. However, Plaintiff's offer is moot given that Defendant has offered offices of Duane Morris LLP for both Ms. Downes' (Boston) and Mr. Feo's (New York) depositions.

### VI. Conclusion

For the forgoing reasons this Court should deny Plaintiff's Motion for Permission to Use One of the Court's Conference Room for Taking Deposition From Defendant Cognisa Security,

---

(Continued…)

    same way as any other witness," and "his or her presence must be obtained by subpoena rather than notice. \*\*\*." Wright, Miller & Marcus, 8A Federal Practice & Procedure: Civil 2d § 2103, pp. 36-37. Thus, ordinary employees are subject to the general rule that a deponent should be deposed near his or her residence, or principal place of work.").

Inc., et al., and assess against Plaintiff all costs Defendant has incurred in preparing and filing this Response.

                        Respectfully submitted,

                        COGNISA SECURITY, INC.

                        By its attorneys

                        <u>/s/Bronwyn L. Roberts</u>
                        Bronwyn L. Roberts, BBO# 638079
                        DUANE MORRIS LLP
                        470 Atlantic Avenue, Suite 500
                        Boston, MA  02210
                        (617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

 Dated:  June 8, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| BEGASHAW AYELE,<br><br>      Plaintiff,<br><br>v.<br><br>COGNISA SECURITY COMPANY, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 04CV12217-PBS<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2005, I electronically filed the foregoing RESPONSE TO PLAINTIFF'S MOTION FOR PERMISSION TO USE ON OF THE COURT'S CONFERENCE ROOM FOR TAKING DEPOSITION FROM DEFENDANT COGNISA SECURITY, INC., ET AL. with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127

                                              /s/Bronwyn L. Roberts
                                              Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com