UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE,<br><br>       Plaintiff,<br><br>v.<br><br>COGNISA SECURITY COMPANY, INC.,<br><br>       Defendant. | Civil Action No.: 04CV12217-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COGNISA SECURITY, INC.'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Cognisa Security, Inc. (hereinafter "Defendant" or "Cognisa"), and pursuant to Federal Rule of Civil Procedure 56 and the Local Rules of this Court, hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment.

**INTRODUCTION**

This is a failure-to-hire discrimination case, which is atypical given that Begashaw Ayele (hereinafter "Plaintiff") has not suffered an adverse employment action. It is undisputed that Cognisa offered two jobs to Plaintiff and that he declined to accept either offer. On October 18, 2004, Plaintiff (who is African-American and of Ethiopian decent) filed a lawsuit against Cognisa alleging that Cognisa refused to hire him as a security officer based on his race, color and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff also alleges that Cognisa refused to hire him because it regarded him as disabled in violation of the Americans with Disabilities Act of 1990,

42 U.S.C. § 12101, et seq. ("ADA").  Plaintiff further alleges race, color, national origin and disability discrimination under Massachusetts law.

As demonstrated below, the undisputed record evidence demonstrates that Plaintiff was not discriminated against and that his claims fail as a mater of law.  Rather than offering probative record evidence that he was subjected to discrimination, Plaintiff bases his claims solely on his personal beliefs.  Plaintiff has not alleged that he was subjected to any discriminatory remarks, and he has failed to properly identify any similarly situated applicants outside of his protected classes who were hired.  Plaintiff's personal beliefs about discrimination are not sufficient to withstand summary judgment.

More importantly, the record evidence reveals that Cognisa offered Plaintiff two guarding assignments and that Plaintiff declined both offers.  Thus, Plaintiff has not suffered an adverse employment action.  Demonstrating that Cognisa did not regard Plaintiff as disabled, these two assignments were offered to Plaintiff after he told Cognisa about his purported perceived disability (an injured leg).  Plaintiff informed Cognisa that he would only consider a guarding assignment that required no walking, that was located near a public transportation depot, that required no work on Sundays, and that involved a shift schedule of 3:00 p.m. to 11:00 p.m.  Despite its good faith efforts, other than the two positions offered to Plaintiff, Cognisa was unable to find an assignment for Plaintiff within these restricted parameters.  Cognisa's actions cannot be considered discrimination under any reading of Title VII, the ADA, or Massachusetts law.  For these reasons, Cognisa respectfully submits that it is entitled to summary judgment because no genuine issue of material fact exists with respect to any of Plaintiff's claims.

**STATEMENT OF FACTS**

I.   **COGNISA'S OPERATIONS**

Cognisa is an Atlanta-based corporation that provides commercial security services to customers on a nationwide basis.  (Declaration of Aaron Feo (hereinafter "Feo Decl.") at ¶ 3, attached hereto as Exhibit A).  Cognisa employs security officers who are placed on assignments at customers' premises.  (Feo Decl. at ¶ 3).  Cognisa maintains an office in Boston, Massachusetts to support its commercial security services in the greater Boston area.  (Id.).  Nicole Downes was formerly employed with Cognisa as the Human Resources Manager in the Boston office.[1]  (Declaration of Nicole Downes (hereinafter "Dow. Decl.") at ¶ 2, attached hereto as Exhibit B).  As the Human Resources Manager, Ms. Downes was responsible for interviewing prospective candidates for security officer positions.  (Dow. Decl. at ¶ 2).  Ms. Downes occasionally conducted job fairs to attract candidates for available positions.  (Id.).

Before being hired, an applicant must undergo and pass a drug screening, complete an employment application and other pre-employment paperwork, and authorize Cognisa to conduct a criminal background check.  (Feo Decl. at ¶ 4).  Once hired, security officers have numerous job duties (which vary by assignment), including patrolling the customer job sites, reporting security breaches, and communicating with emergency services when necessary, among others.  (Id.).  For the vast majority of assignments, security officers must be able to walk to perform their regular duties.  (Id.).  Patrolling the customer's job site is an essential job function whenever the assignment requires the officer to periodically check the security of multiple areas

---

[1] In July 2004, Ms. Downes voluntarily resigned from Cognisa to pursue other career opportunities.  (Dow. Decl. at ¶ 2).

within a job site or to verify that multiple entrances and exits are locked. (Id.). In fact, the security officer job description specifically confirms this and provides that "[w]hile performing the duties of this position, the employee is frequently required to stand, walk, sit . . . ." (Id. at Exh. 1).

## II.   PLAINTIFF'S INTERVIEW WITH COGNISA

On November 20, 2003, Cognisa conducted a job fair at the Massachusetts Division of Career Services ("DCS") in Boston, seeking qualified candidates for a security officer position. (Deposition of Begashaw Ayele (hereinafter "Pl. Dep.") at 117-118, deposition excerpts filed herewith as Exhibit C; Dow. Decl. at ¶ 3). Ms. Downes conducted the interviews for Cognisa. (Pl. Dep. at 118; Dow. Decl. at ¶ 3). Four applicants (including Plaintiff) attended the job fair, and one of the applicants was white and three were black. (Feo Decl. at ¶ 7; Feo Decl. at Exh. 2). None of the applicants were hired as a result of the fair. (Id. at ¶ 7).

On November 20, 2003, Plaintiff happened to be at the DCS researching job opportunities when he learned of Cognisa's job fair. (Pl. Dep. at 118). After hearing about the fair, Plaintiff approached Ms. Downes and asked if he could interview with Cognisa. (Id.). Ms. Downes agreed to interview Plaintiff and gave him a Cognisa employment application to complete. (Id.). During the interview, Plaintiff informed Ms. Downes that he was seeking a position that was located near a public transportation depot, that required no work on Sundays, and that involved a shift schedule of 3:00 p.m. to 11:00 p.m. (Dow. Decl. at ¶ 4; Pl. Dep. at 127). Plaintiff contends that during the interview, he informed Ms. Downes that he had an injured leg which bothers him when he walks long distances. (Pl. Dep. at 123-124; Pl. Dep. at Exh. 3). At the conclusion of the interview, Ms. Downes informed Plaintiff that Cognisa would

4

contact him if any guarding positions were available within the parameters that he established. (Dow. Decl. at ¶ 4).

Ms. Downes thereafter learned of an open guarding assignment at R&D Associates ("R&D"), a Cognisa customer. The assignment was for the 3:00 p.m. to 11:00 p.m. shift. (Id. at ¶ 5). Believing that Plaintiff was a viable candidate for the position, on December 4, 2003, Ms. Downes contacted Plaintiff to offer him the assignment. (Id. at ¶ 5; Pl. Dep. at 165-166). Although the job appeared to be within the guidelines that he established, Plaintiff declined the offer, claiming that the geographic area in which the assignment was located had inadequate public transportation after 11:00 p.m. (Dow. Decl. at ¶ 5; Pl. Dep. at 165-166). In response, Ms. Downes informed Plaintiff that she would continue searching for assignments for him. (Dow. Decl. at ¶ 5).

On December 9, 2003, Ms. Downes again contacted Plaintiff regarding another position at R&D, which was for the 8:00 a.m. to 3:00 p.m. shift. (Id. at ¶ 6). Because Plaintiff was interested in this position, Ms. Downes informed him that he needed to come to Cognisa's office to complete some additional pre-employment paperwork. (Id.). On December 10, 2003, Plaintiff went to Cognisa's office, completed the requisite paperwork, and accepted the R&D assignment. (Id.).

On December 12, 2003, Ms. Downes contacted Plaintiff to discuss the details and job duties of his assignment at R&D, including the job duty of patrolling the R&D job site on foot. (Id. at ¶ 7). Plaintiff then stated, for the first time, that he did not want to work in any guarding position that required walking as a job duty, and he informed Ms. Downes that he was no longer interested in the R&D position. (Id.). In response, Ms. Downes informed Plaintiff that she

5

would continue searching for assignments for him but that jobs that did not require patrolling are very rare. (Id.).

Despite its good faith efforts, Cognisa was unable to find an alternative assignment for Plaintiff within the parameters that he established. (Id. at ¶ 8). Ms. Downes did not perceive Plaintiff as disabled. (Id.).

**ARGUMENT AND CITATION OF AUTHORITY**

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party must show, by specific factual allegations, the existence of a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986). Application of these standards to the instant case demonstrates that summary judgment is appropriate on Plaintiff's claims against Cognisa.

**II.   COGNISA IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE-TO-HIRE CLAIMS**

In his Complaint, Plaintiff contends that Cognisa refused to hire him based on his race, color, national origin, and perceived disability. As discussed below, Plaintiff's claims that Cognisa failed to hire him based on any of these protected categories fail as a matter of law. In failure-to-hire cases such as this, courts follow the burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, a plaintiff

must first establish, by a preponderance of the evidence, a prima facie case of discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). If the plaintiff succeeds, the burden then shifts to the employer to articulate one or more legitimate, non-discriminatory reasons for its employment decision. See Gadson v. Concord Hosp., 966 F.2d 32, 34 (1st Cir. 1992). Once the defendant satisfies this exceedingly light burden, any presumption of discrimination arising out of the prima facie case "simply drops out of the picture." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-511 (1993). The plaintiff then must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).[2]

In the instant action, Plaintiff cannot satisfy his burden under the McDonnell Douglas burden-shifting framework because he cannot establish a prima facie case of discrimination and because he cannot demonstrate that Cognisa's actions were a pretext for discrimination. Rather, the undisputed evidence shows that Cognisa offered Plaintiff two guarding assignments, both of which he declined. Plaintiff thus has not suffered an adverse action. Cognisa has not offered other guarding assignments to Plaintiff because it has not had any openings for assignments that satisfy the multiple restrictions demanded by Plaintiff.

---

[2] Courts also apply this burden-shifting analysis when evaluating claims under the Massachusetts Anti-Discrimination Act, Mass. Gen. Laws ch. 151B. See Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003). Accordingly, Cognisa relies upon identical arguments in seeking the dismissal of both Plaintiff's federal and state law claims.

BOS\132760.1

A.     Plaintiff Cannot Establish A Prima Facie Case Of Disability Discrimination

The Court should grant Cognisa's Motion for Summary Judgment because Plaintiff cannot satisfy his burden of demonstrating a prima facie case of disability discrimination.[3] Plaintiff does not contend that he is disabled under the ADA or Massachusetts law, as evidenced by his comments that he is "not handicapped" and "not disabled." (Pl. Dep. at 174). Instead, Plaintiff alleges that Cognisa refused to hire him because it regarded him as disabled. (Pl. Dep. at 172). To establish his "regarded as" disability claim, Plaintiff must first demonstrate that he: (1) was regarded as disabled by Cognisa; (2) was a "qualified" individual who was able to perform the essential functions of the sought-after job either with or without a reasonable accommodation; and (3) has suffered an adverse employment action because of his disability. Lessard v. Osram Sylvania, Inc., 175 F.3d 193, 197 (1st Cir. 1999). As discussed below, Plaintiff cannot make any of the required prima facie showings.

   **1.     Cognisa did not regard Plaintiff as disabled.**

To establish a "regarded as" claim, a plaintiff must demonstrate that the defendant-employer thought that he was impaired in his ability to perform the sought-after job and that the employer regarded him as substantially impaired in either a class of jobs or a broad range of jobs in various classes as compared to the average person with similar skills and training. See Sullivan v. Neiman Marcus Group, Inc., 358 F.3d 110, 117 (1st Cir. 2004). Moreover, "a plaintiff claiming that he is 'regarded as' disabled cannot merely show that his employer

---

[3] Because the prima facie elements for a disability discrimination claim differ from the prima facie elements for race, color and national origin discrimination claims, Cognisa discusses Plaintiff's inability to establish a prima facie case for these claims in two different sections, but then discusses Plaintiff's inability to establish pretext in one section.

perceived him as somehow disabled; rather, he must prove that the employer regarded him as disabled within the meaning of the ADA." Benoit, 331 F.3d at 176.

Here, the undisputed evidence demonstrates that Cognisa did not regard Plaintiff as impaired in his ability to perform any job. Plaintiff contends that during his November 20, 2003 interview, he informed Ms. Downes that he had an injured leg. (Pl. Dep. at 123-124; Pl. Dep. at Exh. 3). After conducting her interview with Plaintiff, Ms. Downes contacted him twice to offer him two different guarding assignments, but Plaintiff declined both offers. (Dow. Decl. at ¶¶ 5, 6). The fact that Ms. Downes offered Plaintiff the positions after being made aware of his injury indicates that she did not perceive him to be unable to perform the duties of the job and that she did not intend to discriminate against him based on the injury. See Sullivan, 358 F.3d at 118 (affirming dismissal of "regarded as" disability claim because plaintiff failed to demonstrate that the defendant-employer believed that he could not perform the essential functions of a class of jobs).

Similarly, Cognisa did not regard Plaintiff as disabled within the meaning of the ADA. Plaintiff never provided Cognisa with any indication that he was disabled under the ADA; instead, he simply informed Cognisa that his leg hurts when he walks long distances. (Pl. Dep. at 123-124; Pl. Dep. at Exh. 3). Moreover, Ms. Downes has unequivocally testified that she did not regard Plaintiff as disabled. (Dow. Decl. at ¶ 8). Given these facts, Plaintiff has failed to offer any evidence that Cognisa regarded him as disabled, and his disability claim should be dismissed. See Benoit, 331 F.3d at 176-177 (affirming dismissal of "regarded as" disability claim because plaintiff failed to prove that defendant thought he was disabled within the meaning of the ADA).

9

## 2.  Plaintiff is not a "qualified" individual with a disability.

Even if Plaintiff could establish that Cognisa regarded him as disabled, he cannot demonstrate that he is a "qualified" individual with a disability. To establish that he is "qualified" within the meaning of the ADA, Plaintiff must show that he can perform the "essential functions" of the job that he sought with or without a reasonable accommodation. See Calef v. Gillette, Co., 322 F.3d 75, 83 (1st Cir. 2003). Importantly, "[a]n employer has no duty to modify an essential function of a job. If the plaintiff, with or without reasonable accommodation, cannot perform an essential function of the job, then he is not a qualified individual and there is no duty to accommodate." Calef, 322 F.3d at 83 (affirming dismissal of ADA claim because plaintiff failed to demonstrate that he was a "qualified" individual with a disability).

Here, it is undisputed that one of the essential job functions for Cognisa's security officers is patrolling commercial job sites. (Feo Decl. at ¶ 4; Feo Decl. at Exh. 1). For the vast majority of assignments, security officers must be able to walk to perform their regular duties. (Id. at ¶ 4). They regularly walk through multiple areas of a job site to ensure that every area is secure, and they are normally required to verify that multiple entrances and exits are locked and secure. (Id.). In fact, he job description specifically confirms this and provides that "[w]hile performing the duties of this position, the employee is frequently required to stand, walk, sit . . ." (Id. at Exh. 1). Despite this, in declining the second position offered by Cognisa, Plaintiff informed Ms. Downes that he would not work in any guarding position that required walking. (Dow. Decl. at ¶ 7). For this reason alone, Plaintiff cannot establish that he is a "qualified" individual with a disability because he has admitted that he cannot perform the essential

functions of the security officer position.  In addition, Plaintiff never asked Cognisa to provide him with a reasonable accommodation for a guarding assignment.  Even if reasonable accommodations were somehow at issue, there was no accommodation which would have enabled him to perform the essential functions of a guarding assignment given that patrolling on foot is an essential job duty.  (Feo Decl. at ¶ 4; Feo Decl. at Exh. 1).

### 3. Cognisa did not refuse to hire Plaintiff based on a perceived disability.

Plaintiff likewise cannot establish the third element of his prima facie case – that he was not hired because of his perceived disability.  Indeed, the undisputed facts show that Plaintiff was not hired because he rejected the two guarding assignments offered to him.  (Dow. Decl. at ¶¶ 5, 6; Pl. Dep. at 165-166).  Plaintiff is logically precluded from rejecting these assignments and later contending that Cognisa caused him to suffer an adverse employment action.  Moreover, the record is completely devoid of any evidence to suggest that Plaintiff's perceived disability was ever even considered by Cognisa.  Because he has not suffered any adverse employment action as a result of Cognisa's actions, Plaintiff cannot establish the third prima facie element for his disability discrimination claim, dooming this claim as a matter of law.  See LaValley v. Quebecor World Book Servs., 315 F. Supp.2d 136, 147 (D. Mass. 2004) (dismissing discrimination claim because plaintiff failed to prove that she suffered an adverse employment action); see also McKenzie v. Potter, Civil Action No. 02-10727-DPW, 2004 U.S. Dist. LEXIS 17356 (D. Mass. August 20, 2004) (plaintiff failed to establish prima facie case of discrimination given that she did not suffer an adverse action).[4]

---

[4] Cognisa attaches hereto as Exhibit D the unreported LEXIS cases cited herein.

B.  Plaintiff Cannot Establish A Prima Facie Case Of Race, Color, And National Origin Discrimination

Similar to the disability discrimination claim, Plaintiff's race, color, and national origin discrimination claims under Title VII should be dismissed because Plaintiff cannot demonstrate a prima facie case.[5]  To establish a prima facie case for a failure-to-hire claim, a plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for the position sought; (3) he was not hired despite his qualifications; and (4) the position was given to someone outside of his protected class.  See Keyes v. Secretary of the Navy, 853 F.2d 1016, 1023 (1st Cir. 1988); see also Rossy v. Roche Products, Inc., 880 F.2d 621, 624 (1st Cir. 1989) (applying these prima facie elements in a failure-to-promote case).  Applying this standard, Plaintiff satisfies the first prima facie element because he is African-American and of Ethiopian decent.  Cognisa also acknowledges that Plaintiff can satisfy the second prong of the prima facie case because Cognisa offered him two different guarding assignments.  However, Plaintiff cannot prove that he suffered an adverse employment action (the third prong) or that the position was given to someone outside of his protected classes.

### 1. Plaintiff did not suffer an adverse employment action.

Plaintiff cannot establish the third prima facie element for his Title VII claims because he did not suffer an adverse employment action at the hands of Cognisa.  As noted above, Plaintiff was not hired because he declined the two guarding assignments offered to him.  (Dow. Decl. at ¶¶ 5, 6; Pl. Dep. at 165-166).  Plaintiff cannot reject the assignments offered to him and

---

[5] Courts analyze race, color, and national origin discrimination claims under the same prima facie standard.  See Villanueva v. Wellesley College, 930 F.2d 124, 126-127 (1st Cir. 1991).

thereafter claim that Cognisa caused him to suffer an adverse employment action. Based on these facts, Plaintiff's Title VII claims fail as matter of law. See LaValley, 315 F. Supp.2d at 147 (dismissing discrimination claim because plaintiff failed to prove that she suffered an adverse employment action); see also McKenzie, 2004 U.S. Dist. LEXIS 17356 at * 15-20 (granting defendant's summary judgment motion; plaintiff failed to prove that she suffered an adverse action).

### 2. Plaintiff cannot demonstrate that the security officer position was given to someone outside of his protected classes.

Plaintiff also cannot establish the fourth prima facie element for his Title VII claims because he cannot show that a similarly-situated applicant not belonging to his protected classes was placed in a job that he sought. Indeed, Plaintiff has admitted that he does not know who else participated in Cognisa's November 20, 2003 job fair, much less the race, color or national origin of the other applicants. (Pl. Dep. at 143-144). Plaintiff conducted no discovery on these issues. With respect to the hiring of potential comparators, Plaintiff testified:

> Q: *So you don't know the names of any of the individuals who applied that day at the job fair, correct?*
> A: *I don't know.*
> Q: *Do you know the ethnicity of any of the individuals who applied?*
> A: *I don't know.*
> Q: *Do you know the race?*
> A: *I don't know.*
> \*\*\*
> Q: *National origin?*
> A: *I don't know.*

(Pl. Dep. at 144). Based on Plaintiff's testimony, it is undisputed that Plaintiff cannot identify any comparator outside of his protected classes who was hired, and thus, he cannot establish a prima facie case for his race, color, and national origin discrimination claims. See Galvao v.

Gillette Co., No. 96-2062, 1997 U.S. App. LEXIS 21255 (1st Cir. August 12, 1997) (affirming dismissal of Title VII claim because plaintiff failed to show that a similarly-situated applicant received the promotion that he sought); see also Conward v. Cambridge Sch. Comm., Civil Action No. 96-11087-GAO, 1998 U.S. Dist. LEXIS 4090 (D. Mass. March 24, 1998) (plaintiff failed to establish prima facie case because he could not identify a comparator who was treated more favorably than him), aff'd 171 F.3d 12 (1st Cir. 1999).  For this reason alone, Plaintiff's Title VII claims should be summarily dismissed.

Equally as important, none of the four applicants (including a white applicant) from the November 20, 2003 job fair were hired.  (Feo Decl. at ¶ 7; Feo Decl. at Exh. 2).  Thus, the undisputed record evidence reveals that the four applicants were treated in an identical manner.  Accordingly, Plaintiff's failure-to-hire claims should be dismissed.

  C. Cognisa Has Articulated A Legitimate, Non-discriminatory Reason For The Employment Decision At Issue

Assuming arguendo that Plaintiff had satisfied his burden of establishing a prima facie case for his failure-to-hire claims, the McDonnell Douglas burden-shifting framework normally would shift the burden to Cognisa to articulate some legitimate, non-discriminatory reason for the adverse employment action that it took.  Here, however, Plaintiff has not suffered an adverse employment action, and thus, Cognisa has no obligation to assert a legitimate, non-discriminatory reason to support a challenged employment decision.  If it is determined that Cognisa does have a duty to comply with the technicalities of the burden-shifting analysis, Cognisa's reason for not hiring Plaintiff is simple:  Plaintiff declined both job assignments offered to him.  (Dow. Decl. at ¶¶ 5, 6; Pl. Dep. at 165-166).  Based on the undisputed evidence,

Cognisa has more than satisfied its requirement of articulating a legitimate, non-discriminatory reason for its actions.

D.    Plaintiff Cannot Point To Any Evidence Of Pretext

Plaintiff cannot overcome Cognisa's legitimate, non-discriminatory reason for its employment decision (assuming arguendo that Cognisa made an employment decision that adversely effected him), and thus, his disability, race, color, and national origin discrimination claims fail as a matter of law.  To rebut Cognisa's explanation, Plaintiff must offer probative evidence that the reason articulated by Cognisa for its employment decision is pretextual and that the real reason is discrimination.  See Villanueva, 930 F.2d at 131 (noting that "merely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent").  However, Plaintiff cannot demonstrate pretext because it is undisputed that Cognisa offered him two guarding assignments and that he declined both offers.  (Dow. Decl. at ¶¶ 5, 6; Pl. Dep. at 165-166).  Plaintiff was never hired because he rejected Cognisa's offers.  Plaintiff himself testified that he declined the first offer because of his belief that the assignment ended at a time when suitable public transportation was not available.  (Pl. Dep. at 165-166).  Ms. Downes testified that despite its good faith efforts, Cognisa was unable to find an alternative position for Plaintiff within the limited parameters that he established.  (Dow. Decl. at ¶ 8).[6]

---

[6] Apparently regarding every adverse employment determination as motivated by an unlawful discriminatory intent, Plaintiff has filed the instant action as part of a questionable pattern of litigiousness.  Indeed, Plaintiff acknowledges that he has filed no less than six discrimination lawsuits in recent years against the following businesses:  Standard Parking Company, Allright Parking Company, Boston University, Barton Security Company, Allied Security Company, and Simkins Industries.  (Pl. Dep. at 13-14, 27-28).  As further evidence of Plaintiff's litigious

(Continued…)

Moreover, assuming <u>arguendo</u> that Cognisa had refused to hire him, Plaintiff has admitted that he does not know what factors were considered in that process. (Pl. Dep. at 156-157). Because Plaintiff admits that he does not know what factors Cognisa considered during the hiring process, Cognisa's evidence is undisputed. Consequently, Plaintiff cannot demonstrate pretext and Cognisa is entitled to judgment as a matter of law.

Not only has Plaintiff admitted that he cannot show pretext, but the evidence also demonstrates that Cognisa's actions were non-discriminatory. First, Plaintiff has not alleged that any Cognisa employees made any discriminatory comments to him. Second, Plaintiff has not identified any applicants outside of his protected classes who were hired. (Pl. Dep. at 143-144). Third, the record reflects that <u>none</u> of the applicants were hired from the job fair that Plaintiff attended, thus confirming that no comparators received more favorable treatment than Plaintiff. (Feo Decl. at ¶ 7). <u>See</u> <u>Williams v. Frank</u>, 757 F. Supp. 112, 118 (D. Mass. 1991) (noting that "it is boilerplate, in disparate treatment cases, that the absence of any showing that the plaintiff was treated differently from similarly situated employees *requires a finding for the defendant*") (emphasis added). Finally, with respect to Plaintiff's "regarded as" disability claim, it is undisputed that after Plaintiff informed Ms. Downes of his purported leg injury, she made two job offers to him, thus demonstrating that she did not perceive him as disabled. (Dow. Decl. at ¶¶ 5, 6; Pl. Dep. at 123-124, 165-166).

---

(Continued…)

nature, Plaintiff testified that at the age of 11, he sued his own father for decreasing his allowance. (Pl. Dep. at 65). Cognisa, unfortunately, has fallen victim to yet another of Plaintiff's frivolous filings.

16

Given these facts, Plaintiff simply has no basis for challenging Cognisa's actions aside from his own subjective beliefs about discrimination. Plaintiff's subjective beliefs, however, are irrelevant and do not establish pretext. See Oliver v. Digital Equip. Corp., 846 F.2d 103, 109-110 (1st Cir. 1988) (holding that a plaintiff's speculation and personal beliefs were not sufficient to withstand summary judgment); see also Dodi v. Putnam Cos., No. 95-2266, 1996 U.S. Dist. LEXIS 22177 (1st Cir. August 28, 1996) (noting that plaintiff's unsubstantiated opinion that he was qualified for the position sought was not enough to create a genuine issue of material fact and avoid summary judgment). Accordingly, the Court should reject Plaintiff's attempt to substitute his business judgment for Cognisa's and should find that Plaintiff cannot meet his burden of demonstrating pretext. See Feliciano De La Cruz v. El Conquistador Resort and Country Club, 218 F.3d 1, 8 (1st Cir. 2000) (noting that "Title VII was not designed to transform courts into super-personnel departments, assessing the merits – or even the rationality – of employers' nondiscriminatory business decisions.").

## CONCLUSION

For all of the forgoing reasons, Cognisa Security, Inc. respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

COGNISA SECURITY, INC.

By its attorneys

/s/Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

Dated:  June 15, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____<br>  )<br>BEGASHAW AYELE,   )<br>  )<br>       Plaintiff,   )<br>  )<br>v.   )<br>  )<br>COGNISA SECURITY COMPANY, INC.,   )<br>  )<br>       Defendant.   )<br>_____)  | Civil Action No.:  04CV12217-PBS |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2005, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COGNISA SECURITY, INC.'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed, by United States Postal Service, the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127

                                             /s/Bronwyn L. Roberts
                                             Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com

19