UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04CV12217-PBS |
| ) | |
| COGNISA SECURITY COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT COGNISA SECURITY, INC.'S STATEMENT
OF UNDISPUTED MATERIAL FACTS</u>**

Pursuant to Local Rule 56.1, Defendant Cognisa Security, Inc. (hereinafter "Defendant" or "Cognisa") submits its Statement of Undisputed Material Facts as follows:

**I.   COGNISA'S OPERATIONS**

1.   Cognisa is an Atlanta-based corporation that provides commercial security services to customers on a nationwide basis. (Declaration of Aaron Feo (hereinafter "Feo Decl.") at ¶ 3, attached to Memorandum of Law in Support of Cognisa's Motion for Summary Judgment as Exhibit A). Cognisa employs security officers who are placed on assignments at customers' premises. (Feo Decl. at ¶ 3).

2.   Cognisa maintains an office in Boston, Massachusetts to support its commercial security services in the greater Boston area. (<u>Id.</u>).

3.   Nicole Downes was formerly employed with Cognisa as the Human Resources Manager in the Boston office. (Declaration of Nicole Downes (hereinafter "Dow. Decl.") at ¶ 2, attached to Memorandum of Law in Support of Cognisa's Motion for Summary Judgment as

Exhibit B).  As the Human Resources Manager, Ms. Downes was responsible for interviewing prospective candidates for security officer positions.  (Dow. Decl. at ¶ 2).  Ms. Downes occasionally conducted job fairs to attract candidates for available positions.  (Id.).

4. Before being hired, an applicant must undergo and pass a drug screening, complete an employment application and other pre-employment paperwork, and authorize Cognisa to conduct a criminal background check.  (Feo Decl. at ¶ 4).

5. Once hired, security officers have numerous job duties (which vary by assignment), including patrolling the customer job sites, reporting security breaches, and communicating with emergency services when necessary, among others.  (Id. at ¶ 4; Id. at Exh. 1).

6. For the vast majority of assignments, security officers must be able to walk to perform their regular duties.  (Id. at ¶ 4).  Patrolling the customer's job site is an essential job function whenever the assignment requires the officer to periodically check the security of multiple areas within a job site or to verify that multiple entrances and exits are locked.  (Id.). The job description specifically confirms this and provides that "[w]hile performing the duties of this position, the employee is frequently required to stand, walk, sit . . . ."  (Id. at Exh. 1).

**II.    PLAINTIFF'S INTERVIEW WITH COGNISA**

7. On November 20, 2003, Cognisa conducted a job fair at the Massachusetts Division of Career Services ("DCS") in Boston, seeking qualified candidates for a security officer position.  (Deposition of Begashaw Ayele (hereinafter "Pl. Dep.") at 117-118, deposition excerpts attached to Memorandum of Law in Support of Cognisa's Motion for Summary Judgment as Exhibit C; Dow. Decl. at ¶ 3).

8.      Nicole Downes conducted the interviews for Cognisa. (Pl. Dep. at 118; Dow. Decl. at ¶ 3). Four applicants (including Plaintiff) attended the job fair, and one of the applicants was white and three were black. (Feo Decl. at ¶ 7). None of the applicants were hired as a result of the fair. (Id.).

9.      On November 20, 2003, Plaintiff was at the DCS researching job opportunities when he learned of Cognisa's job fair. (Pl. Dep. at 118). After hearing about the fair, Plaintiff approached Ms. Downes and asked if he could interview with Cognisa. (Id.). Ms. Downes agreed to interview Plaintiff and gave him a Cognisa employment application to complete. (Id.).

10.     During the interview, Plaintiff informed Ms. Downes that he was seeking a position that was located near a public transportation depot, that required no work on Sundays, and that involved a shift schedule of 3:00 p.m. to 11:00 p.m. (Dow. Decl. at ¶ 4; Pl. Dep. at 127). Plaintiff contends that during the interview, he informed Ms. Downes that he had an injured leg which bothers him when he walks long distances. (Pl. Dep. at 123-124; Pl. Dep. at Exh. 3).

11.     At the conclusion of the interview, Ms. Downes informed Plaintiff that Cognisa would contact him if any guarding positions were available within the parameters that he established. (Dow. Decl. at ¶ 4).

12.     Ms. Downes thereafter learned of an open guarding assignment at R&D Associates ("R&D"), a Cognisa customer. The assignment was for the 3:00 p.m. to 11:00 p.m. shift. (Id. at ¶ 5).

BOS\132763.1

13.     Believing that Plaintiff was a viable candidate for the position, on December 4, 2003, Ms. Downes contacted Plaintiff to offer him the assignment at R&D. (Id. at ¶ 5; Pl. Dep. at 165-166).

14.     Plaintiff declined the offer at R&D, claiming that the geographic area in which the assignment was located had inadequate public transportation after 11:00 p.m. (Dow. Decl. at ¶ 5; Pl. Dep. at 165-166).

15.     In response, Ms. Downes informed Plaintiff that she would continue searching for assignments for him. (Dow. Decl. at ¶ 5).

16.     On December 9, 2003, Ms. Downes again contacted Plaintiff regarding another position at R&D, which was for the 8:00 a.m. to 3:00 p.m. shift. (Id. at ¶ 6). Because Plaintiff was interested in this position, Ms. Downes informed him that he needed to come to Cognisa's office to complete some additional pre-employment paperwork. (Id.).

17.     On December 10, 2003, Plaintiff went to Cognisa's office, completed the requisite paperwork, and accepted the R&D assignment. (Id.).

18.     On December 12, 2003, Ms. Downes contacted Plaintiff to discuss the details and job duties of his assignment at R&D, including the job duty of patrolling the R&D job site on foot. (Id. at ¶ 7). Plaintiff then stated, for the first time, that he did not want to work in any guarding position that required walking as a job duty, and he informed Ms. Downes that he was no longer interested in the R&D position. (Id.).

19.     In response, Ms. Downes informed Plaintiff that she would continue searching for assignments for him but that jobs that did not require patrolling are very rare. (Id.).

20. Despite its good faith efforts, Cognisa was unable to find an alternative position for Plaintiff within the parameters that he established. (Id. at ¶ 8).

21. Ms. Downes did not perceive Plaintiff as disabled. (Id. at ¶ 8).

Respectfully submitted,

COGNISA SECURITY, INC.

By its attorneys

/s/Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

Dated:  June 15, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04CV12217-PBS |
| ) | |
| COGNISA SECURITY COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2005, I electronically filed the foregoing DEFENDANT COGNISA SECURITY, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed, by United States Postal Service, the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127


    /s/Bronwyn L. Roberts
    Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com