UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs ) | Civ. Action No. 12217BPS |
| ) | |
| COGNSIA SECURITY CO. INC. ) | |
| ) | |
| Defendant ) | |

## MOTION IN OPPOSITION TO DEFENDANT'S
## MOTION FOR COMPELLING DISCOVERY

Defendant Cognsia Security company moved this court seeking judicial Order on the plaintiff's answer to the deposition and answer to interrogatories. The summary of plaintiff's position and defendant's motion is set forth here below

(A)  INTERROGATORY

Defendant's motion to compel plaintiff to answer interrogatory Nos. 1, 2, 3 and 4 are one in *content* because such interrogatories only seek ONE common answer as to whom plaintiff had gathered information on the employer's hiring policy or practice. Similarly, defendant's claim on the plaintiff's alleged undisclosed individual(s) in my Initial Rule 26 disclosure is not different than what was sought on the interrogatories. It also sought judical order for cost recovery from the plaintiff who even was not able to pay the docketing fee of $150 but was permitted by court under Fed. Rule of Civil Procedure to proceed without pre-payment

of fee. In addition to the defense claim that plaintiff had allegedly failed to answer its Interrogatory answer, it added that plaintiff as a pro se can not claim such privilege because such privileges are enjoyed by lawyers only. Having put the defendant's argument in a nutshell, therefore, plaintiff will argue the issue as follows:

The plaintiff's information gathered in anticipation of the instant lawsuit is still a privileged document under Federal Rule of Civil procedure because plaintiff as both a pro se party who act on my behalf as a lawyer. Defendant argued that as a pro se litigant, *"I can not enjoyed such privilege because "you are not a lawyer"*. see at Defense counsel's question and plaintiff's answer at Plaintiff's Deposition pp. 152-153. However, counsel has not cited which court decided that a pro se litigant can not invoke privileged information. In fact such is the case what the U,S. Supreme Court has **not** decided since the UpJohn Vs. United States case (449 U.S. 383, (1981). The High Court after rejected the control group test as a matter of federal common law evidence, had rather decided that *"the claim of privileges can extend to any employee"* the case of which precisely that plaintiff is asserting here.

Furthermore, because privileged information had a confidential nature, plaintiff has not recorded all information in front of those who provide me such information except memorizing each and every information I heard of through our discussion.

In a nutshell, plaintiff can not know, even to this day, the name of the individual whom I have briefly interviewed and may have some information from one of the candidate that the defendant send him for a drug test as part of pre-employment step. The burden is, therefore, on the defendant to reveal the Spanish candidate so that the defendant knew the answer that it advanced as a major point of compelling its discovery request. Regarding the other witness's identity who knows more as to the defendant's hiring process, (not compatriot as falsely asserted

by defendant) is impossible to reveal him as there would be high probability that this witness may lose his employment as a result of employer's retaliation.

### (B) ON PLAINTIFF'S DEPOSITION

In addition, if defendant is seeking only the name of individuals who were indirectly referred at plaintiff's Rule 26 Initial Discovery or deposition is impossible to reveal because One individual was identified by his **color only** but not by name, national origin or other characteristics and this individual was hired by Cognsia Security after he went through several pre-employment screening process including drug test. Therefore, this individual is known by the defendant, not by plaintiff, and his name must be revealed to plaintiff by defendant rather than asking from plaintiff.

The other individual from whom plaintiff received some information to this case is according to knowledge and belief is a former employee of Cognsia Security Co. Inc. and the information plaintiff received from this individual is most likely can be used for impeachment purpose and, therefore, no law mandate a party to reveal the identity of the individual or the content of what his/her testimony would be until after that individual him/herself testify in court. Moreover, even if there is any reason to reveal this individual he/she would be in danger to lose his/her job where he/she presently is working because plaintiff (in the past) had sued that company and the employee (in the employer's mind) is not expected to testify in favor of their former adversary. For all the reasons stated above, therefore, the defendant's motion for compelling discovery should be denied. Rather Defendant should be ordere to answer the separately prepared Cross Motion for Discovery of the plaintiff's Interrogatory and supplement production of documents in which they answered the interrogatory in an evasive manner all –

because of my pro se status and limited knowledge of the law.

                                        Respectfully submitted

Dated 6/16/2005                         *[signature]*
                                        Begashaw Ayele

## CERTIFICATE OF SERVICE

This certify that the forgoing document titled <u>MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPELLING DISCOVERY</u>" has been served on defendant Cognsia Security Co. or its counsel by placing in the U.S mail postage prepaid to defense cousel Bronwyn L. Roberts, Duane Morris LLP, 470 Atlantic Ave. Suite 500 Boston, MA 02210

                                        Sincerely

                                        *[signature]*
                                        Begashaw Ayele

4