UNITED STATES DISTRICT COURT
DISTRICY OF MASSACHUSETTS

BEGASHAW AYELE PRO SE                )
                                     )
                  Plaintiff          )
          vs                         )
                                     )       Civ. Action No. 04-12217PBS
                                     )
COGNISA SECURITY. INC.               )
                                     )
                  Defendant          )
                                     )

## MOTION FOR COMPELLING DISCOVERY ON THIRD PARTY

Plaintiff for the above referenced civil action has been allowed by Chief Magistrate Judge Marianne B. Bowler to complete discovery until August 5, 2005. As deposition is one element of the discovery process, plaintiff had subpoenaed a third party, Compliance Network, Inc. to produce the Drug Test Forms that potential applicant took from defendant company and submitted to Compliance Network. Before issuing such subpoena on behalf of this court, plaintiff visited the office of Compliance Network Inc. and ask an associate (name not remembered at this time, but she is a Spanish women) and ask her what alternative be best for the company, i.e. to subpoena people in the department to appear in court to testify on the information they know or simply ask to make the copy of the document that I needed at a mutually agreed place. The woman suggested to me that the employer may not like to go to court "for this" and I agree that simply asking to make the copy of the document is better alternative since it is less time consuming and does not constitute undo hardship for both parties.

Accordingly on behalf of the court plaintiff issued the subpoena to get the copy in a very short time because I was informed from the Boston office and in my telephone conversation with (Terry?- in Bedford, NH ) and was asked to send her the copy of the subpoena by Fax No. 603-218-7779 with hope and expectation to receive such document. However, as I was waiting the reply from Compliance Network, I make a phone call and ask when the document would be available but was informed by a person called John Quintal that the company will *not* produce as requested. When I ask the reason, he informed me that "you will receive a letter from the company's lawyer or from us."

That afternoon, too, I received a phone call from defendant's counsel to file a paper with court to quash my request and the reason she stated was that I did not make her aware about such subpoena issued to the third party and also assumed that the subpoena was for *deposition* and not for production of documents.

On June 30, 2005, plaintiff received a "Motion to Quash Subpoena" from Compliance Network, Inc's president John Quintal and but did not receive the same motion from defendant to quash to quash plaintiff's request for production of documents. Whether or not defense counsel file same motion, ( which she may not as the conspiracy already took effect) plaintiff should not be the victim of double jeopardy and the court should deny their motion so as not to deprive plaintiff the information sought through subpoena. Instead plaintiff request the court to allow the enclosed amended subpoena to be enforced.

Respectfully submitted,

/Begashaw Ayele, Pro se

encl. Subpoena and amended subpoena (2)

CC: John Quintal
    Cognisa Security Co. Inc.