UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, PRO SE )
)
Plaintiff )
Vs. ) Civ. Action No. 04-12217PBS
)
COGNISA SECURITY CO. INC. )
)
Defendant )

**PLAINTIFF'S OBJECTION TO THE "DEFENDANT'S EMERGENCY MOTION TO QUASH THE SUBPOENA SERVED ON COMPLIANCE NETWOR AND AN ORDER REQUIRING PLAINTIFF TO SERVE ALL DISCOVERY REQUEST ON DEFENDANT"**

On June 24, 2005 plaintiff subpoenaed Compliance Network, Inc. an independent, pre-employment drug testing company for Cognisa and other companies in Massachusetts. I have not served that document to Cognisa because it is not a party and no law require a party to serve such documents that was served on third party. Defendant's counsel in her motion to this court requested the court NOT only to *quash* the subpoena for reason of plaintiff's alleged failure to serve on the defendant's but also seek the service of such discovery on defendant. Counsel also sought recovery of cost for writing three pages of argument. Defendant, however, was silent as to the plaintiff's Amended Subpoena and Plaintiff's Motion for Compelling discovery on Third Party filed contemporaneously with this court on July 8, 2005.

Defendant's counsel cited [and believed] that Fed. Rule of Civ. P.5. (in general term) entitled her to such right and, therefore, comfortably advanced such a motion without citing any precedent

from other source of competent court. Plaintiff, likewise may not cite any case law but the practical experience I have gained from other proceeding convinced me not to serve any document that only a third party is entitled. Plaintiff is not the only one in this case who faced such type of case but also Boston University Legal Department as well.

In a similar case of subpoena matter in this district, Begashaw Ayele vs. Boston University, Civ. Action No. 01-12175MLW, plaintiff had subpoenaed the Department of Motor vehicle and defendant Boston University subpoenaed my former employer, Pilgrim Parking Co. Inc. and neither of the parties had served on each other such subpoenas that was served on a third party only.1/

Defendant counsel further stated that because plaintiff was only permitted to take deposition only from four witnesses, it assumed that such permission by (M.J. Bowler) will not entitled the plaintiff to discover information supported by documentary proof. Counsel Roberts is "*more than wrong*" (whatever that means) when she expect plaintiff to depose all identified witnesses without documents whether from previously exchanged or newly discovered documents under subpoena. For the reason explained above, therefore, defendant's motion to quash plaintiff's subpoena should be denied with prejudice since the defendant's motion was not presented on legal ground but purely on political and conspiratorial effort with the third party.

Respectfully Submitted

Dated July 12, 2005

Begashaw Ayele 7/13/05
Begashaw Ayele, pro se

---

1/ Boston University was represented by Erika Geetter,(617-353-2326) and Cognisa's counsel, Ms. Roberts knows very well Ms. Geetter and can learn such legal practice than to seek such sanction against a pro se plaintiff.

## CERTIFICATE OF SERVICES

The forgoing document titled "Plaintiff's Opposition to Defendant's Emergency Motion to Quash the Subpoena Served on Compliance Network and for an Order Requiring Plaintiff to Serve all Discovery Requests On Defendant" has been served to Defendant Cognisa Security Inc.'s counsel by placing in the United States Mail Postage Prepaid to the following addresses:

Bronwyn L. Roberts
DUANE MORRIS LLP.
470 Atlantic Avenue Suite 500
Boston, MA 02210

Truly

*Begashaw Ayele*  7/13/05
Begashaw Ayele