UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 04CV12217-PBS |
| COGNISA SECURITY COMPANY, INC., ) | |
| Defendant. ) | |

### REPLY BRIEF IN SUPPORT OF DEFENDANT COGNISA SECURITY, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to the leave granted to Cognisa Security, Inc. ("Cognisa") by this Court in open court on July 20, 2005, Cognisa submits this reply brief to address issues raised by Plaintiff in Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition Brief"). The Opposition Brief is substantively and procedurally defective. Plaintiff fails to make any valid arguments on a substantive basis. He rarely cites to the record and provides no applicable authority that responds to Cognisa's arguments or supports his conclusory statements. Plaintiff does nothing more than state his own personal opinion that he has been treated in a discriminatory manner. He attempts to argue that he can satisfy his burdens under the McDonnell Douglas test, but he fails to establish a prima facie case of discrimination and fails to offer any credible evidence of pretext.

Procedurally, in blatant disregard of Federal Rule 56(e), Plaintiff attaches numerous unauthenticated exhibits to his Opposition Brief which should be disregarded by the Court. For example, Plaintiff attaches letters and personnel records without even attempting to authenticate the exhibits, as required by Rule 56(e). Because the exhibits do not meet the requirements of the Federal Rules, they should be disregarded by the Court in ruling on Cognisa's dispositive motion.

BOS\135146.1

This case has been manufactured from whole cloth since the beginning. Nothing happened to Plaintiff. Cognisa offered him two guarding assignments, but he declined both offers. Thus, the only adverse actions in this case were taken by Plaintiff. Plaintiff's Opposition Brief is comprised of speculation and conjecture, wishful thinking, numerous misrepresentations of the record evidence, and unsupported accusations of a conspiracy against him. Plaintiff's inability to identify <u>any</u> supporting evidence simply dooms his claims.

I.  **PLAINTIFF HAS FAILED TO ESTABLISH A <u>PRIMA FACIE</u> CASE OF DISABILITY DISCRIMINATION**

Plaintiff's claim that Cognisa refused to hire him because it regarded him as disabled fails as a matter of law because Plaintiff has not made any of the required <u>prima facie</u> showings. Plaintiff has failed to offer any meaningful response to Cognisa's evidence showing that it did not regard him as disabled. Instead, Plaintiff argues that "If defendant had doubt as to Plaintiff's disability, then they should have requested plaintiff [sic] medical proof as the plaintiff's recent proof of examination submitted to my current employed indicated." (Opposition Brief at 11). Plaintiff's argument makes no sense. The record evidence establishes that Cognisa offered Plaintiff two different positions that he declined. (Dow. Decl. at ¶¶ 5, 6). Ironically, Plaintiff's own testimony that Cognisa offered him these positions after learning of his purported injury indicates that Cognisa did not perceive him as unable to perform security officer duties. <u>See</u> <u>Sullivan v. Neiman Marcus Group</u>, 358 F.3d 110, 118 (1st Cir. 2004) (affirming dismissal of "regarded as" disability claim where plaintiff did not show that defendant believed that he could not perform the essential functions of a class of jobs). This result is not altered by Plaintiff's additional argument that Cognisa made these two offers to him knowing that he would decline them. (Opposition Brief at 14). Again, Plaintiff offers no supporting evidence for this assertion, and summary judgment is thus proper.

In response to Cognisa's argument that he cannot satisfy the third prima facie prong – that Cognisa refused to hire him based on a perceived disability – Plaintiff contends that "It is undisputed that plaintiff was offered a security guard position that substantially affect [sic] my health and by offering such position defendant can not say that the position offered was a non-pain-causing position." (Opposition Brief at 11-12). Plaintiff concedes that Cognisa offered to hire him and that he rejected Cognisa's offer. Plaintiff is logically precluded from rejecting these assignments and later contending that Cognisa caused him to suffer an adverse action. Plaintiff likewise has failed to offer any evidence to suggest that his perceived disability was ever even considered by Cognisa. Because he has not suffered any adverse action as a result of Cognisa's actions, Plaintiff cannot establish the third prima facie element for his disability claims, causing them to fail as a matter of law. See LaValley v. Quebecor World Book Servs., 315 F. Supp.2d 136, 147 (D. Mass. 2004) (dismissing discrimination claim; plaintiff failed to prove that she suffered an adverse action).

## II.  PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF RACE, COLOR, AND NATIONAL ORIGIN DISCRIMINATION

Plaintiff's race, color, and national origin discrimination claims under Title VII and Massachusetts law should be dismissed because Plaintiff cannot demonstrate a prima facie case. Other than his one-sentence response, Plaintiff did not even attempt to rebut the undisputed evidence that he did not suffer an adverse employment action (the third prima facie prong) at the hands of Cognisa. Plaintiff was not hired because he declined the two assignments offered to him. Plaintiff cannot reject these assignments and then claim that Cognisa caused him to suffer an adverse action.

Plaintiff also cannot establish the fourth prima facie element because he cannot show that a similarly-situated applicant outside of his protected classes was placed in a job that he sought. Recognizing that his admission that he does not know who else applied for the positions he sought (much less the race, color or national origin of the other applicants) precludes him from satisfying

this prima facie prong, Plaintiff attempts to save his claims from dismissal by contending that his "further investigation proved that all applicant(s) hired were not from plaintiff's national origin (Ethiopia) color or race." (Opposition Brief at 13). Plaintiff, however, fails to elaborate on the results of his "further investigation," and his skeletal assertion that comparators received more favorable treatment – without citation to record evidence – is not enough to create a triable issue of fact. Rule 56(e) mandates that a plaintiff cannot rely solely on conclusory allegations; rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Because Plaintiff has not set forth specific facts proving a genuine triable issue, his discrimination claims fail.

Plaintiff appears to rely on Cognisa's response to his Interrogatory Number 11 (attached to his Opposition Brief as Exhibit H) as evidence that white comparators received more favorable treatment than him. To establish that another employee is a comparator, a plaintiff must show that he and the purported comparator are similarly situated in all relevant respects. See Rathbun v. Autozone, Inc., 361 F.3d 62, 76 (1st Cir. 2004). Here, Plaintiff has failed to offer any evidence demonstrating that the unnamed applicants identified in Cognisa's discovery responses are similarly situated to him in all relevant respects. Plaintiff admits that he placed severe restrictions on the types of positions that he would accept, namely positions that required no walking, were located near a public transportation depot, required no work on Sundays, and involved a shift schedule of 3:00 p.m. to 11:00 p.m. (Pl. Dep. at 127; Opposition Brief at 6). The individuals listed in Cognisa's discovery responses can be classified as similarly situated only if they placed similar restrictions on the positions they would accept. With his lackluster comparator analysis, Plaintiff fails to offer any evidence regarding the restrictions that the purported comparators placed on their potential assignments. Because he has not shown that the purported comparators are similarly situated to him, Plaintiff cannot establish a prima

4

facie case of discrimination.  See Rathbun, 361 F.3d at 76-77 (dismissing discrimination claim because plaintiff could not prove the existence of any comparators).[1]

### III. THE UNAUTHENTICATED EXHIBITS ATTACHED TO PLAINTIFF'S OPPOSITION BRIEF SHOULD BE DISREGARDED.

With his Opposition Brief, Plaintiff attempts to submit several exhibits in violation of Rule 56(e) of the Federal Rules of Civil Procedure.  Because Plaintiff has failed to authenticate any of these exhibits, the Court should disregard them in ruling on Cognisa's Motion for Summary Judgment.  For a document to be considered in support of or in opposition to a dispositive motion, it must be "authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e), and the affiant must be a person through whom the exhibit could be admitted into evidence." Countryside Oil Co. v. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995) (refusing to consider unauthenticated documents at summary judgment stage); Palomba v. Barish, 626 F. Supp. 722, 726 (E.D. Pa. 1985) (court refused to consider unauthenticated letter at summary judgment stage).

Here, Plaintiff has failed to authenticate the following exhibits:  Exhibit B (his employment application), Exhibit C (letters dated November 18, 2002 and October 21, 2002), Exhibit G (a list of Cognisa employees), Exhibit I (a letter dated April 7, 2005), Exhibit J (a letter dated June 14, 2005), and Exhibit K (undated correspondence).  Plaintiff has offered no evidence that he is competent to testify about these exhibits or to introduce them at trial.  Thus, the exhibits do not meet Rule 56(e)'s requirements because they are not authenticated by someone having personal knowledge of them. See Countryside Oil Co., 928 F. Supp. at 482 (holding that unauthenticated documents cannot be considered at summary judgment stage).  Because these exhibits do not comply with Rule 56(e), they should not be considered by the Court in ruling on Cognisa's Motion for Summary Judgment.

---

[1] With his Opposition Brief, Plaintiff failed to offer any meaningful response to Cognisa's pretext arguments.  Accordingly, Cognisa will not burden the Court by restating its position on this issue.

5

Respectfully submitted,

COGNISA SECURITY, INC.

By its attorneys

/s/Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

Dated:  July 29, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BEGASHAW AYELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  04CV12217-PBS |
| | ) | |
| COGNISA SECURITY COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2005, I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT COGNISA SECURITY, INC.'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed, by United States Postal Service, the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127

    /s/Bronwyn L. Roberts
    Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com

BOS\135146.1