UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BEGASHAW AYELE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 04CV12217-PBS |
| COGNISA SECURITY COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S EMERGENCY MOTION
### TO (i) QUASH THE SUBPOENAS SERVED ON
### JORGE L. CINTRON, NICOLE DOWNES, AND GARY
### FELDMAN, AND (ii) FOR A PROTECTIVE ORDER FOR THE
### NOTICE OF WRITTEN DEPOSITION OF AARON FEO SERVED ON DEFENDANT

Defendant Cognisa Security Company, Inc. ("Cognisa") hereby moves to quash the Subpoenas served on "Cintron L. Jorge" [Jorge Cintron], Nicole Downes, and Gary Feldman by Plaintiff, subpoenaing these individuals for written deposition. Cognisa further moves for a protective order of the notice of written deposition of Cognisa's Field Human Resources Manager, Aaron Feo served on Cognisa by Plaintiff. As reasons therefor, Cognisa states as follows:

1.  The period for taking discovery in this case closed on May 31, 2005. On July 1, 2005, the Court (Bowler, M.J.) did extend discovery on a limited basis "until August 5, 2005, for the sole purpose of taking the depositions of Nicole Downs, Aaron Field, Gary Feldman and George Cintrol." The Court never permitted Plaintiff to take these depositions by written deposition. Indeed, on July 20, 2005, at a hearing on a discovery motion the Court (Bowler, M.J.) advised Plaintiff in open court that the Order of July 1, 2005 only permitted Plaintiff to

ATL\62172.1

take the depositions by oral examination and did not permit Plaintiff to take the depositions by written examination. The Court also advised Plaintiff that these four depositions, permitted by the Court to be taken outside the discovery deadline, needed to be taken before a stenographer. Plaintiff has disregarded the Court's instructions. Plaintiff's Notice of Deposition and Subpoenas, in essence, seek additional written discovery from Cognisa and third parties; additional discovery that Plaintiff has not been permitted to take.

2. Attached hereto as Exhibit "A" is a copy of a Subpoena served on "Cintron L. Jorge." It appears from the face of the Subpoena that it was issued by the Plaintiff on July 26, 2005. By this Subpoena, Plaintiff seeks to command Mr. Cintron to answer written deposition questions and return answers to Plaintiff "before 8/5/05." This Subpoena is improper under Rules 31 and 45 of the Federal Rules of Civil Procedure because it does not state (1) the place Mr. Cintron is required to appear for a Deposition Upon Written Questions; (2) the date on which Mr. Cintron is required to appear for a Deposition Upon Written Questions; (3) the time at which Mr. Cintron is required to appear for a Deposition Upon Written Questions ; or (4) the name of the court reporter before whom Mr. Cintron is required to appear for a Deposition Upon Written Questions, as required by FED. R. CIV. P. 31. Additionally, the Subpoena was improperly served upon Mr. Cintron, as Plaintiff mailed it to his place of residence via certified mail. Pursuant to FED. R. CIV. P. 45(b), a party to a civil action may not personally serve a Rule 45 Subpoena. Because the Subpoena did not state the place, date, time or court reporter, and because it was improperly served, Plaintiff's Subpoena is in violation of Rules 31 and 45 of the Federal Rules of Civil Procedure, is of no legal effect, and should be quashed.

3.      Attached hereto as Exhibit "B" is a copy of a Subpoena served on Nicole Downes.  It appears from the face of the Subpoena that it was issued by the Plaintiff on July 26, 2005.  By this Subpoena, Plaintiff seeks to command Ms. Downes to answer written deposition questions and return answers to Plaintiff "before 8/5/05."  This Subpoena is improper under Rules 31 and 45 of the Federal Rules of Civil Procedure because it does not state (1) the place Ms. Downes is required to appear for a Deposition Upon Written Questions; (2) the date on which Ms. Downes is required to appear for a Deposition Upon Written Questions; (3) the time at which Ms. Downes is required to appear for a Deposition Upon Written Questions ; or (4) the name of the court reporter before whom Ms. Downes is required to appear for a Deposition Upon Written Questions, as required by FED. R. CIV. P. 31.  Additionally, the Subpoena was improperly served upon Ms. Downes.  Although it does not indicate the manner of service, the Subpoena indicates that it was served by Plaintiff.  Pursuant to FED. R. CIV. P. 45(b), a party to a civil action may not personally serve a Rule 45 Subpoena.  Because the Subpoena did not state the place, date, time or court reporter, and because it was improperly served, Plaintiff's Subpoena is in violation of Rules 31 and 45 of the Federal Rules of Civil Procedure, is of no legal effect, and should be quashed.

3.      Attached hereto as Exhibit "C" is a copy of a Subpoena served on Gary Feldman. It appears from the face of the Subpoena that it was issued by the Plaintiff on July 26, 2005.  By this Subpoena, Plaintiff seeks to command Mr. Feldman to answer written deposition questions and return answers to Plaintiff "before 8/5/05."  This Subpoena is improper under Rules 31 and 45 of the Federal Rules of Civil Procedure because it does not state (1) the place Mr. Feldman is required to appear for a Deposition Upon Written Questions; (2) the date on which Mr. Feldman

ATL\62172.1

is required to appear for a Deposition Upon Written Questions; (3) the time at which Mr. Feldman is required to appear for a Deposition Upon Written Questions; or (4) the name of the court reporter before whom Mr. Feldman is required to appear for a Deposition Upon Written Questions, as required by FED. R. CIV. P. 31. Additionally, the Subpoena was improperly served upon Mr. Feldman. The Subpoena indicates that Plaintiff personally served the Subpoena by hand and by certified mail. Pursuant to FED. R. CIV. P. 45(b), a party to a civil action may not personally serve a Rule 45 Subpoena. Because the Subpoena did not state the place, date, time or court reporter, and because it was improperly served, Plaintiff's Subpoena is in violation of Rules 31 and 45 of the Federal Rules of Civil Procedure, is of no legal effect, and should be quashed.

   4. Attached hereto as Exhibit "D" is a copy of a Notice of Deposition of Aaron Feo served on Cognisa ("Notice of Deposition"). By this Notice of Deposition, Plaintiff requests that "Cognisa Security Co. Inc. and/or Field Human Resources Manager (Aaron Feo)" answer written deposition questions and return answers to Plaintiff "before August 5, 2005." This Notice of Deposition is improper under Rule 31 of the Federal Rules of Civil Procedure because it does not state (1) the place Mr. Feo is required to appear for a Deposition Upon Written Questions; (2) the time at which Mr. Feo is required to appear for a Deposition Upon Written Questions; or (3) the name of the court reporter before whom Mr. Feo is required to appear for a Deposition Upon Written Questions, as required by FED. R. CIV. P. 31.

   5. In the Subpoenas, Plaintiff improperly seeks to have Cintrol, Downes, and Feldman return their answers to Plaintiff via U.S. Mail, and does not provide for the deposition to be recorded stenographically.

4

6.	Plaintiff has improperly interpreted FED. R. CIV. P. 31.  Indeed, Plaintiff has not arranged a location, date, time or court reporter for the purposes of effecting these Depositions Upon Written Questions.  In essence, Plaintiff is attempting to morph FED. R. CIV. P. 31 into FED. R. CIV. P. 33.  Plaintiff should not now, at this late date, be allowed to engage in written discovery.

7.	Plaintiff waited twenty-five (25) days from the Court's Order to even attempt depositions of Cintrol, Downes and Feldman, and twenty-four (24) days to notice the deposition of Feo.  Doing so a mere approximately ten (10) days prior to the close to the limited extended discovery period does not provide sufficient time for Rule 31 Depositions Upon Written Questions, which provide for cross questions, redirect questions, and recross questions encompassing twenty-eight (28) days.

5

WHEREFORE, Cognisa requests that (i) the Subpoenas to "Cintrol L. Jorge," Nicole Downes, and Gary Feldman be quashed; (ii) the Court enter a protective order protecting Cognisa from the undue burden and expense of responding to the Notice of Written Deposition of Mr. Feo; and (iii) that Cognisa be awarded its reasonable attorneys' fees for filing this motion.

          Respectfully submitted,

          COGNISA SECURITY, INC.

          By its attorneys

          /s/ Bronwyn L. Roberts
          Bronwyn L. Roberts, BBO# 638079
          DUANE MORRIS LLP
          470 Atlantic Avenue, Suite 500
          Boston, MA  02210
          (617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA  30309
(404) 253-6900

Dated:  August 1, 2005

## CERTIFICATION UNDER L.R. 7.1(A)(2), 26.2(C) AND 37.1(A)

The undersigned hereby certifies that counsel for defendant Cognisa Security, Inc. conferred with the Plaintiff in good faith to resolve or narrow the issue raised by this motion. The parties were unable to reach agreement.

/s/ Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079

ATL\62172.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BEGASHAW AYELE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 04CV12217-PBS |
| COGNISA SECURITY COMPANY, INC., | ) ) ) | |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of August, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127

    /s/ Bronwyn L. Roberts
    Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com

8

ATL\62172.1