# EXHIBIT B

Case 1:04-cv-12217-PBS    Document 41-3    Filed 08/01/2005    Page 1 of 13

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF _____

Begashaw Ayele
v.
Cognisa Sec. Co. Inc

SUBPOENA IN A CIVIL CASE

Case Number: 04 - 12217 PBS

TO: Nicole Downes
393 Sutton St.
No. Andover, MA 01845

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. At

| PLACE OF DEPOSITION At your convenient place as this deposition doesn't require appearance in-person - | DATE AND TIME before 8/05 not later than 5:00PM |
| --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Begashaw Ayele, Pro Se. | DATE 7/26/05 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
261 O'Callahagn Way #816, So. Boston, MA, 02127

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/26/05 | At her address of: 393 Sutton St. No. Andover MA 018 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Nicole Downes | ~~Pro Se~~ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BEGASHAW AYELE | Pro Se |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7/26/05
DATE

Signature of Server: Begashaw Ayele

Address of Server: 661 O'Callahagn Way #816 So. Boston, MA 02127

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITRD STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, PRO SE )
)
Plaintiff )
)   CIV. ACTION NO. 04-CV12217PBS
Vs )
)
COGNISA SECURITY CO. INC )
)
Defendant )
)

<u>UNDER SUPBOENA</u> VIA U.S certified Mail
RECEIPT No. 7000-0600-0021-5915-1278 to:
Nicole Downes
393 Sutton street
No. Andover, MA 01845

<u>NOTICE OF DEPOSITION AND "WRITTEN
DEPOSITION" PRESENTED CONTEMPORANEIOUSLY</u>

Dear Ms. Downes,

PLEASE TAKE NOTICE that on this the 25 day of July, 2005 a notice of deposition has been sent to your usual place of residence to answer the plaintiff's Written Deposition Under Federal Rule of Civil Procedure 30 (b)(3) and the Court's Order in which plaintiff issued such order on behalf of the court. You can answer the Deposition Question in any place of your choice but *without* contact with Cognia's defense counsel either by means of communication device or in person. Your answer to the deposition question must be received back to the plaintiff no more than the close of business hours of 5:00pm, on Friday, August 5, 2005

Sincerely,

[signature: Begashaw Ayele]

Encl. (deposition question)

<u>Written Deposition Question by Begashaw Avele to Nicole Downes</u>

BY Ayele:

1. Ms. Downes, please identify yourself for the record and answer the following deposition question under oath and agree to tell the truth nothing but the truth. Mark in which you have answered the deposition question below:

    [ ]    I have truly identified myself and answer the deposition question to the truth I knew best.

    [ ]    I have answered somewhat differently and consulted counsel for assistance to answer these written deposition question.

2. Ms. Downes, what is your area of studies, your highest academic standard (degree- or achievement), your specialization, your Grade Point Average (GPA) upon graduation, and other extra curriculum vitae you had besides your main course of studies?

3. Ms. Downes. When did you start working for Cognisa as a Human Resource Manager and, was is it your first time to work as a Human Resource Manager or had previous experience from other companies? If so what company, duration of service and who is your superior's name?

4. Ms. Downes, as you know that employers like yourself use several means of advertisement to attract employees to their company including announcement in the Internet, Newspapers, Magazines employment newsletters, walk-ins, and job Fair, among others. Please state to your best estimate how many of each of these methods you have conducted in the course of your employment with Cognisa?

5. Despite the various methods of employment announcement, employers, in many cases, can't find the right candidates and, therefore, will go out to conduct the

process of recruitment for potential candidates at the Job Fair. How many times, then did you conduct such recruitment at the Job Fair secession from January 2003 to your termination of employment in July 2004 with Cognisa?

6. Let us look to the "DECLARATION OF NICOLE DOWNES" that you have signed under penalty of perjury on June 14, 2005 and submitted to Cognisa in support of defendant's motion for summary judgement. Before we discuss about facts stated there, let us mark this document as Plaintiff's EXHIBIT - D. Ms. Dpwnes, looking at page 3 of paragraph 7 of this document, you testified that you allegedly

> "informed Mr. Ayele that I would continue searching for assignment for him but that jobs that did not require patrollining are very rare" (emphasis added)

7  Ms. Downes! The testimony of Mr. Feo and the company record indicate that "Cognisa's Boston area office has hired a total of 364 employees from November 20, 2003 through July 20, 2004. See Mr. Feo's letter to the EEOC, dated July 19, 2004.) In these huge number of candidate recruitment period specially after December 12, 2003, how many times did you attempted to get a position for the plaintiff (other than R&D Co. Inc) whether the position involve mild walking or otherwise. Please indicate the *number of times of your effort* and the name of the companies, the person contacted to discuss as well as the phone and mailing addresses of these companies.

8  In addition to your own ull knowledge of this matter, you alleged that you have contacted me on December 12, 2003 and stated as follows:

> "to discuss the detail and job duties of this
> assignment at R&D including the job duty
> of patrolling the R&D job sites on foot…
> but Mr. Ayele was no longer interested." Ibid.

Question to you Ms. Downes: What facts do you have that you have contacted me by phone or in person on December 12, 2004, and what support your assertion whether I was in the State of Massachusetts or outside the state of Massachusetts. Why you didn't note such conversation on Cognisa's APPLICANT CONTACT LOG as you have done noted on other time whenever that you contacted me.???? see document that identified as plaintiff's EXHIBIT – D Further looking at your declaration, you alleged that you was searching other location after December 12, 2003 but no result. , How many times, (other than R&D Co. Inc). did you attempt in searching job for the plaintiff whether or not your job search involve patrolling and/or other tasks?. Please indicate the number of companies you contacted, the name of the companies and their location and/or mailing address as well telephone number and the particular person whom you made contact with you on such job search matter.

9. Ms. Downes, lets see the same document of your testimony and focus at paragraph 5. Paragraph 5 state that you learned job opening after interviewed plaintiff and contacted R&D Co. to discuss possible assignment. The question to you Ms. Downes is: Is that the practice of the company to interview people before it knew that there is existing position or simply it was your style of Human Resource Management?.

10. Ms. Downes, going back to your "declaration" of page 3 paragraph 7, you have stated that:

> you discussed me details and job duties of his assignment
> at R&D including the job duties of patrolling the R&D job
> sites on foot . Mr. Ayele then stated for the first time, that
> he did not want to work in any guarding position that

required walking as a job duty and he informed me that he was no longer interested in the R&D position.

11. Consistent to your testimony is that not correct, then (a) that you did not knew from Ms. Rego that my resignation from Pinkerton Security Co. Inc. was for a reason of my leg problem? or (b) didn't you misrepresented facts when you affirmatively stated that I have allegedly informed you *for the first time* that I did not want to work in any guarding position that required walking?

12. Ms. Downes, how do you grade your honesty in terms of number from one (1) to ten (10) such that one (1) as a dishonest person and ten (10) as a person with absolute honesty in all respect.

13. How do you came to a conclusion to not perceive plaintiff's as a disabled person? (I am asking your criteria of relevancy to reach at such conclusion).

14. Did plaintiff said to you I am disabled at any time in the November 20, 2003 Job Fair" at the Massachusetts Division of Carrier Service or at any other time or subsequent communication.

Thank you Ms. Downes, I have suspended the deposition for purpose of oral testimony at the trial to answer any of the above unanswered question and any other question I may have.

Dated July 26, 2005

Sincerly

Begashaw Ayele

## CERTIFICATE OF SERVICE

This certify that the foregoing document titled "Notice of Deposition and "Written Deposition Presented Contemporaneously" has bees served on the deponent, Nicole Downes, (through the address supplied by defense counsel) by placing in the U.S Postal service under Certified Return Receipt No 7000-0600-0021-5915-1179 to the following:

393 Sutton Street
No. Andover, MA 01845

Sincerely,

*[signature]*
Begashaw Ayele



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, <br><br> Plaintiff, <br><br> v. <br><br> COGNISA SECURITY COMPANY, INC., <br><br> Defendant. | Civil Action No.: 04CV12217-PBS |

### DECLARATION OF NICOLE DOWNES

1.

I, Nicole Downes, am of majority age, competent to testify and make this Declaration based on personal knowledge of facts I know to be true and correct.

2.

From February 2002 to July 2004, I was employed with Cognisa Security, Inc. ("Cognisa") as the Human Resources Manager in the Boston office. In July 2004, I resigned from Cognisa to pursue other career opportunities. As the Human Resources Manager, I was responsible for (among other duties) interviewing prospective candidates for security officer positions. I occasionally conducted job fairs to attract candidates for available positions.

3.

On November 20, 2003, I conducted a job fair at the Massachusetts Division of Career Services ("DCS") in Boston, seeking qualified candidates for a security officer position.

ATL\60499.1

4.

On November 20, 2003, Begashaw Ayele approached me at the DCS and asked if he could interview with Cognisa. I agreed to interview Mr. Ayele and gave him a Cognisa employment application to complete. During the interview, Mr. Ayele informed me that he was seeking a position that was located near a public transportation depot, that required no work on Sundays, and that involved a shift schedule of 3:00 p.m. to 11:00 p.m. At the conclusion of the interview, I informed Mr. Ayele that Cognisa would contact him if any guarding positions were available within the parameters that he established.

5.

After interviewing Mr. Ayele, I learned of an open guarding assignment at R&D Associates ("R&D"), a Cognisa customer. The assignment was for the 3:00 p.m. to 11:00 p.m. shift. Believing that Mr. Ayele was a viable candidate for the position, on December 4, 2003, I contacted Mr. Ayele to offer him the assignment. Although the job appeared to be within the guidelines that he established, Mr. Ayele declined the offer, claiming that the geographic area in which the assignment was located had inadequate public transportation after 11:00 p.m. In response, I informed Mr. Ayele that I would continue searching for assignments for him.

6.

On December 9, 2003, I again contacted Mr. Ayele regarding another position at R&D, which was for the 8:00 a.m. to 3:00 p.m. shift. Because Mr. Ayele was interested in this position, I informed him that he needed to come to Cognisa's office to complete some additional pre-employment paperwork. On December 10, 2003, Mr. Ayele went to Cognisa's office, completed the requisite paperwork, and accepted the R&D assignment.

2

7.

On December 12, 2003, I contacted Mr. Ayele to discuss the details and job duties of his assignment at R&D, including the job duty of patrolling the R&D job site on foot. Mr. Ayele then stated, for the first time, that he did not want to work in any guarding position that required walking as a job duty, and he informed me that he was no longer interested in the R&D position. In response, I informed Mr. Ayele that I would continue searching for assignments for him but that jobs that did not require patrolling are very rare.

8.

Despite good faith efforts, Cognisa was unable to find an alternative assignment for Mr. Ayele within the parameters that he established. I did not perceive Mr. Ayele as disabled.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of June, 2005.

_____
Nicole Downes

3

ATL/60499 1

APPLICANT CONTACT LOG

NAME: Ayele, Begashaw

RESPONSE DEADLINE: 12 / 20 / 03

PLAINTIFF'S EXHIBIT D

| COMMENTS / RESULTS |
|---|
| Available → 2nd Shift. Mon-Sat. |
| Needs public tran. |
| Hr Security experience - w/ price Pinkerton |
| Call if hours available. |
| Good applicant. |
| 12/04/03 - LM regarding R:D hours. — Does not have reliable trans to get here. |
| 12/9/03 - LMR:D M-F 8-3 |
| 12/10/03 Interview w/ Jen 11:00am. |
| no sundays relig |
| pending R:D |
| # 0942001071 |