# EXHIBIT C

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____

Begashaw Ayele

v.

Cognisa Security Co. Inc.

SUBPOENA IN A CIVIL CASE

Case Number:[1]

## 04 - 12217 PBS

TO: Gary Feldman
C/o 8 Whittier Place
Boston, MA. 02

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION At your convenient place as the deposition is Conducted by Written examination | DATE AND TIME 8/5/2005 before 5:00pm. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, t matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Begashaw Ayele , Pro se | DATE 7/26/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

261 O'Callaghn Way #816, So. Boston, MA - 02127.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

PROOF OF SERVICE

| | DATE | PLACE *(¹) by Hand  (2) by U.S.* |
|---|---|---|
| SERVED | 7/26/05 | *Mail Rd. Receipt # 7000-0600-0021-5915 40* |
| | | MANNER OF SERVICE |

SERVED ON (PRINT NAME)

*Gary Feldman*                                    TITLE

SERVED BY (PRINT NAME)                            *Pro Se*

*BEGASHAW AYELE*

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____7/26/05_____
                      DATE

*Begashaw Ayele*
SIGNATURE OF SERVER

*1261 O'cullahagn Way # 816*
ADDRESS OF SERVER

*So. Boston, MA - 02127*

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise me without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance o production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produc them as they are kept in the usual course of business or shall organize and lab them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it privileged or subject to protection as trial preparation materials, the claim sh be made expressly and shall be supported by a description of the nature of t documents, communications, or things not produced that is sufficient to enat the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE | ) |
| | ) |
| Plaintiff | ) |
| VS | ) CIV. Action No. 04-12217PBS |
| | ) |
| COGNISA SECURITY CO, INC. | ) |
| | ) |
| Defendant | ) |

BY HAND DELIVERY
Gary Feldman, Security Officer
Allied – Barton Security  LLP
8 Whittier Place, 1st Floor
(at the security desk)
Boston, MA 02214

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that on this the 25th Day of July 2005, you are hereby  served
to answer to the attached Written Deposition within two weeks (no later than August 1, 2005).
Please note that the deposition will be taken under Oath and should be answered according to
your personal knowledge. You can re-type the question and put the answer below or simply
answer by legible hand writing in the space provided. Please further notice that failure to answer
or not comply on any way will result in court sanction as indicated in the attached subpoena
form. After completion all the questions, please return your answer to the following address:
Begashaw Ayele, 261 O'Callaghan Way #816, South Boston, Massachusetts 02127.

DATED 7/26/05

Sincerely,

Begashaw Ayele

encl. (Deposition Question)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEGASHAW AYELE, <u>PRO SE</u> | ) |
| Plaintiff | ) |
| vs | ) |
| COGNISA SECURITY CO, INC. | ) |
| Defendant | ) |

CIV. ACTION NO. 04- 12217PBS

BY HAND DELIVERY
Gary Feldman, Security Officer,
8 Whittier Place, 1st Floor,
(at the security Desk)
Boston, Massachusetts, 02210

## FIRST SET OF DEPOSITION UPON WRITTEN EXAMINATION

### FOREWORD:

This written deposition has been prepared to save time and other related cost on the part of the plaintiff as well as the deponent. This deposition was also prepared in a *written* form rather than by oral examination in order to make it easy for the deponent .

As a deponent you will put your statement of facts in your **own hand writing** in the space provide. The hand written answer you provided  will be re-written by plaintiff on computer and will be submitted for the court. If this is agreeable to you, please complete the answer to the questions and forward your answer to the plaintiff on a timely fashion. If you do not choose to write in your hand all the answer, you should re-write the question and put the answer below afterward.

### INSTRUCTION:

1.     In answering the following Deposition Questions, you should furnished all

information that you know and without misrepresenting facts to the  best of your understanding

and honesty. If there is any reason having some problems (or inability to answer the questions) such as laps in memory concerning time including dates, months or years, please describe the fact in relation to other events as possibly as you remember.

    2.    If you, the Deponent, Gary Feldman, can not answer these Interrogatories, in full after exercising due diligence to secure the information requested, you should so state and answer to the extent possible specifying the nature of your inability to answer the reminder, and provide whatever information or knowledge that you possessed concerning the unanswered portion.

    3.    The Deposition which follow are to be considered as a continuing and the Deponent (or you, Gary Feldman) are requested to provide by way of supplemental answer such as after memory refreshment or discovery of facts from other source including facts supported by documents.

## DEFINITION

The following terms shall have the meaning as indicated below:

    1.    "person" means natural person, corporation, partnership, sole proprietorship union, association, federation or any other kind of entity.

    2.    "Deponent" is any party, a third party or other group or groups of people who testify by oral, written, video tape, stenography or any other devices to state his understanding and fact to the best of his memory.

    3.    "Plaintiff" means as used here, refer to a person or corporate entity who can act or assisted by counsel for any claim of legal redress in the court of the law.

4.    "Defendant" means as used here, refer to a person, corporate entity who can act on his/her behalf or assisted by counsel to defend any legal claim made by plaintiff and seek administrative or judicial remedies in the court of law.

5.    "Identify" means with regard to a natural person, his or her name, his or her sex, his or her known addresses, Telephone number of workplace, home or both, his or her title or position in a corporation in which he/she works, the name and address of the organizations and the relationship to such organizations.

## DEPOSITION

By Begahsaw Ayele:

Gary, for the record, please raise your hand and swear to tell the truth in this deposition and answer all question presented below: Please first, identify yourself and tell me :

## QUESTION NO. 1

your national origin, your immigration status in the U.S., your present address, your present employer, your contact phone number home or cellular and convenient time to contact you by any interested party including court.

ANSWER NO. 1

_____

_____

_____

_____

## QUESTION NO.2

List your employers including to the present for the past 5 years and the location you worked, the shift where you were assigned and, the reason you left such

companies. If there is period of unemployment, please list that period as well).

ANSWER NO 2

_____
_____
_____
_____
_____

QUESTION NO. 3

Please state your educational background in the United States or other country and indicate any other experience you have in the civil or military or law enforcement area.

ANSWER NO. 3

_____
_____
_____
_____
_____

QUESTION NO.4

Who referred you for employment with SSI security Company, now called Allied-Barton LLP. at Whittier place in Boston, Massachusetts.

ANSWER NO.4

_____
_____

QUESTION NO. 5

For how long did you work for Cognisa Security Company, Inc?. and what was the particular work site (or location and what is the name of the client company) and

your job responsibility.

ANSWER NO. 5

_____
_____
_____

QUESTION NO.6

What is the difference the similarity and/or difference between your job responsibility of Cognisa Security and Allied-Barton Security company in which you are working presently.

ANSWER NO. 6

_____
_____
_____
_____
_____

QUESTION NO. 7

Do you make frequent tour at both company or with one company alone. If you do, which company you make frequent tour to see the safety of property and what problems did you encountered that you have reported to your employer or police.

ANSWER NO.7

_____
_____
_____
_____
_____

QUESTION NO. 8

What is the difference between the 1st, 2nd and 3rd shifts at Cognisa Sec. Co. Inc

ANSWER NO. 8

_____
_____
_____
_____
_____

QUESTION NO. 9

How and when do you know about Begashaw Ayele? Please describe your understanding of [his] personality including whether he is violent or descent and, state t the fact whether you know any problem with co-workers, supervisors, and clients and that you witnessed or heard as a hearsay.

ANEWER NO. 9

_____
_____
_____
_____
_____

QUESTION NO. 10

While working for Cognisa Security Company, (a) how many locations or client's site do you know (please list them as you remember most) (b) and state whether you have worked in more than one location. During your employment years from the day you started working for Cognisa to the time you left and joined SSI Allied Security Co. Inc in March 2003.

ANSWER NO. 10

QUESTION NO. 11

Since you become an employee with SSI (now Allied-Barton LLP) do

you know any employee who was terminated for any reason including plaintiff. If so please state her/his sex, race, national origin, work shift, and any information you know or heard the reason for his/her termination.

ANSWER NO, 11

_____

_____

_____

QUESTION NO. 12

What do you know or heard about Begashaw Ayele's termination of employment from Allied-Barton LLP and who discussed this matter with you?. Please state briefly as possibly as you can the content of the discussion.

ANSWER  NO. 12

_____

_____

_____

_____

QUESTION NO. 13

Do you have encountered any problem with gusts/visitors while as a security officer either at Cognisa Security Co., and/or Allied-Barton LLP and was the problem solved with or without the intervention of your supervisor.

ANSWER NO. 13

_____

_____

_____

_____

QUESTION NO 14

Have you ever been fired from your employment for any reason whether

you believe that the reason of the termination was just or unjust. If the answer is in the affirmative, which company and who was the supervisor?

ANSWER NO. 14

_____
_____
_____

Respectfully Submitted

_____
Begashaw Ayele, Pro Se
261 O'Callaghan Way #816
South Boston, MA 02127
(617) 474-9774

## CERTIFICATE OF SERVICES

The foregoing document titled "FIRST SET OF DEPOSITION UPON WRITTEN EXAMINATION" was delivered by hand to Gary Feldman and/or his superior at his work place at 8 Whittier Place in Boston, Massachusetts.

DATED  July 25, 2005

Signature/_____
Receiver- Gary Feldman/or representative

Server/_____
Begashaw Ayele, Pro se