# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, PRO SE )
)
Plaintiff )
)
Vs. )
) Civ. Action No. 04-12217PBS
COGNISA SECURITY CO. INC )
)
Defendant )
)

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that on July 25, 2005 this notice of deposition has been issued to Cognisa Security Co. Inc and/or Field Human Resources Manager (Aaron Feo) to answer plaintiff's **Written Deposition** on or before August 5, 2005. Please further notice that the deposition question should be answered under Oath and based on personal knowledge. Alike interrogatory and/or Request for Production of Documents, the deposition question should be re-written first and followed by its answer. Before answering to a given question, referrer to the general instruction and submit all answers accordingly.

Dated and served on 7/25/05

Sincerely

Begashaw Ayele, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, PRO SE )
)
)
        Plaintiff )
)
vs )
) CIV. ACTION NO. 04- 12217PBS
)
COGNISA SECURITY CO, INC. )
)
        Defendant )
)

**BY HAND DELIVERY**
To:
Aaron Feo, Field HR Manager,
Cognisa Security Co. Inc.
C/o Bronwyn L. Roberts, Counsel
DUANE MORRIS LLP
470 Atlantic Ave. suite 500
Boston, MA 02210

## FIRST SET OF DEPOSITION UPON WRITTEN EXAMINATION

**FOREWORD:**

    This written deposition has been prepared to save time and other related cost on the part of the plaintiff as well as the deponent. This deposition was also prepared in a *written* form rather than by oral examination in order to make it easy for both parties. The deponent will answer this written deposition just as the same as interrogatory and such written answers should be returned to the plaintiff no later than the 5th day of August 2005.

**INSTRUCTION:**

    1.    In answering the following Deposition Questions, you should furnished all information that you know and without misrepresenting facts to the best of your understanding or ability. If there is any reason not to answer such questions, such as memory laps or otherwise,

1

please describe the fact in relation to other events as possibly as you remember. If you can not answer these deposition questions in full after exercising due diligence to secure the information requested, you should so state and answer to the extent possible specifying the nature of your inability to answer the whole or part of it and provide whatever information or knowledge that you possessed concerning the unanswered portion of the written deposition..

2. The Deposition, which follows, is to be considered as a **continuing** and the Deponent (or you, Aaron Feo) are requested to provide by way of supplemental answer of such after-acquired facts supported by documents.

## DEFINITION

The following terms shall have the meaning as indicated below:

1. "person" means natural person, corporation, partnership, sole Proprietorship, union, association, federation or any other kind of entity

2. "Deponent" is any party, a third party or other group or groups of people who testify by oral, written, video tape, stenography or any other devices to state his understanding and fact to the best of his memory.

3. "Plaintiff" means as used here, refers to a person or corporate entity who can claim recovery of damage or seek legal redress in the Federal court.

4. "Defendant" means as used here, refers to a person or corporate entity who/which act on his/her behalf or assisted by counsel to defend any legal claim made by plaintiff and seek administrative or judicial remedies in the court of law.

5. "Identify" means with regard to a natural person, his or her name, his or her sex, his or her known addresses, Telephone number of workplace, home or both, his or her title or position in a corporation in which he/she works, the name and address of the organizations and the relationship to such organizations.

## DEPOSITION

**Question by Begashaw Ayele:**

1; For the record in this case, please state your name, address, contact phone number, your date of employment with Cognisa, your position at a start of your employment and the present, your highest educational level, specialization or major and minor study of cources, the year and school you graduated, as well as the grade point average of your last and highest education.

3. Please explain *substantively* the difference between *your* position as a Field Human Resource Manager and the Human Resource Manager of Nicole Downes of the of Somerville-Massachusetts office of Cognisa Security Co. Inc.

4. For the four (4) applicants (Elvin Malicbegovic, Agbal Agu Ohwuka, Dahn Lee and Begashaw Ayele or plaintiff) whom you have mentioned as EXHIBIT No. 2 in your "Declaration" of May 14, 2005 to support defendant's Motion for summary Judgement in this court, please attached copies of each candidate's completed application form for employment and pre-employment drug test processing forms signed by all applicants and state why thses candidates were not hired for the job. In the event some applicants' application is incomplete or partially processed, please state the phone number, mailing or residence address, of each

3

candidates as you have all these information as a business record. For the record, lets Mark the Four employees Contact Log as Plaintiff's **EXHIBIT B**

5.  As part of pre-employment screening process all hired candidates (except plaintiff) has been referred to a drug testing company. Please also submit the following employees completed Job application form as well as drug test processing forms *completed and returned* to your company from your client, Compliance Network of Massachusetts including employees of Carter Jeffrey and Tucker Kenneth hired on 11/23/2003, Centron Jorge hired on 11/26/2003, Alex M. Lambert, Haskel Steven and Socolove Nicole and Keleta Tewoldeberhan hired on 12/12/2003 as well as Sarpe James hired on 12/17/2003

6.  Please briefly state or list the actual application dates for the employees listed at paragraph 3 and 4 above.

7.  State any previous lawsuit filed against Cognisa by any employee or other third party, the case number, district where the proceeding was conduct and the outcome of the trial.

8.  Please identify an employee (current or former) whom Cognisa accommodated for any problem that such employee requested such a remedy from Cognisa. If so, state the nature of the problem, the action that the company take, and please state the contact addresses, both mailing and phone of the employee that Cognisa accommodated.

9.  At the Verizon Telephone Company near chauncy street at downtown Boston, it was alleged that Cognisa had attempted to locate suitable position for the plaintiff but due to plaintiff's alleged disqualification that post was not given for the plaintiff. Please identify the person that was hired instead. Please also state his qualifications, social identity or race such as

4

black, white, Spanish, Asian, etc.

10.    Please state what the difference between the three shift employee's job responsibility at Verizon Telephone Company where plaintiff was not hired for alleged disqualification. Please also identify all the three shift employees at Verizon by their social status ie, color, race, national origin, sex ….etc and the duration of employment of all these employees with Cognisa.

11.    Please describe in detail what the phrase's meaning would be if one say to you "I am searching for a position for you that did not require walking"

12.    Please state for how long Cognisa keep employment application after the candidate was not chosen for any reason.

12.    Please identify the various client companies of Cognisa which vary by assignment of employees' job responsibilities.

13.    Please describe the reason **why** the November 20, 2003 '*Applicant Flow Log* allegedly created **immediately** after the Job fair conducted at DCS has been presented as a defense in this civil case by you, Aaron Feo, and not by Nicole Downes since Ms. Downes was not terminated until July 2004.

14.    Describe the <u>reason</u> why such sham defense was not raised at the proceeding before the Equal Employment Opportunity Commission "EEOC" since in that proceeding, you, Aaron Feo, was the one who formally responded to the charge of employment discrimination against Cognisa Security Co. Inc.

5

15. Mr. Feo, please grade yourself by indicating the level of your honesty from zero (0) to ten (10) such that zero (0) is a person with absolute dishonesty and ten (10) representing a personality of an individual with absolute honesty - in all respect.

16. How many civil complaints or employment discrimination cases you have litigated in defending Cognisia since you assume your position as a Field Human Resource Manager and, please provide the case number, the district where the lawsuit was filed and the outcome of the trial or settlement.

17. Please explain either from your personal opinion or practical experience of how long it takes for Cognisa to hire any candidates for a security guard position from initial submission of employment application to the actual date of start of the job.

18. What are the fundamental differences between the first, second and third shift employees job responsibility at Verizon Telephone Company, Cognisa's client from the date of your contract to the date of termination of such contract?

19. At the R&D corporation, how many employees were assigned for that location and what was the individuals (or respective) job responsibility? And if job responsibilities vary who work what and please identify the racial mix of these employees of the time.

20. In your position statement to the EEOC, (see your July 19, 2004 memo to Mr. Rance A. O'Quinn, EEOC's enforcement supervisor, at page 3, paragraph 3, you have stated:

> Cognisa did not discriminated against charging party based on any characteristic protected by law. Charging party indicated that he was unable to work security detail which involved walking and <u>Cognisa was searching</u> <u>for a position to accommodate Charging party's need</u> (emphasis added)
> <u>Lets Mark this document as Plaintiff's **EXHIBIT -C**</u>

Consistent with your position statement and your understanding of plaintiff's problem Then, how my request could be viewed as [what?] a disabled person, or a person with some problem without disability, assumption that the plaintiff's request was based on false medical reason or the combination of both. Please further explain your understanding of the time Please explain how accommodation can be possible since Cognisa had not made effort other than one effort at R&D company while it had not contacted plaintiff when it had hired more than 300 hundred employees during that time.

21.  Please indicate the actual <u>employment application dates</u> of the following Candidates/employees, **not** their termination dates of employment:

(a) Gary Feldman  
(b) Tucker Kenneth  
(c) Begashaw Ayele  
(d) Haskel Stern  
(e) Carter Jrffrey  
(f) Centro Jorge  
(g) Alex M. Lambert  
(h) Lee, Dahn  
(I) Ohwuka, Agbai Agu  
(j) Malichegovic, Elvin  
(k) Keleta Tewoldeberhan  
(l) Sarpee James  

22.  For the candidates/employees listed above at paragraph 21, please indicate the exact day, month and year for which theses individuals take drug test from Cognisa's client company, Compliance Network of Massachusetts, Inc. or other clients in similar business.

23;  How many employees <u>and</u> client companies does Cognisia has at this point and, please identify the job responsibilities of the security officer at one location/site to the other

24.  Please identify by <u>*name*</u> the employee(s) whom Cognisa hired for R&D Company after plaintiff has rejected the offer due to leg problem.

7

25. Please explain the reason why each of the candidates including <u>Lee Dahan,</u> <u>Ohwuka Agabai Agu</u> and <u>Malichevgovich. Elvin</u> were not hired for the security guard position that they allegedly applied for such job on November 20, 2003.

26. Mr. Feo, referring to Cognia's position statement, you have stated :

> *.... Charging party indicated that he was unable to security detail which involve walking and cognisa was searching for a position to accommodate charging party's need.,* <u>see your letter to EEOC</u> dated July 19, 2004, page 3 ¶ # 3.

   **Question:**

   (a) <u>how many</u> times did cognisia attempted to search such position whether or not plaintiff knew such job search effort or not

   (b) <u>when</u> was the <u>last</u> attempt made?

   (c) <u>who</u> made such attempts?

27. At your same letter to the EEOC cited above at page 3, paragraph no.3, you also stated that:

> *....It was made very clear to charging party that Cognisia was searching for a position for him that did not require walking which was **difficult** to locate as the majority security posts required walking.(emphasis added)*

   ***Question:***

   (a) which Cognisa's client companies has **not** a walking position whether that post is already occupied by another employee or not?

   (b) which Client companies involve walking

   (c) what was some of the companies that Cognisa made effort to find one which does not involve

8

       walking for the plaintiff?
  (d)  when was the last effort made to search such non-walking position?

28. How many employees Cognisa hired from November 20, 2004 to July 20, 2004

29. How many employees Cognisa hired from November 1, 2003 to December 31, 2003

Approximately at what time/month Cognisa (hopelessly?) exhaust and stop searching job for the plaintiff and closed the file?

30. For the employees hired by Cognisa from November 20, 2003 to December 31, 2003, please <u>list the date of each applicant's job application</u> and the date in which they were sent to drug test for pre-employment screening process.

31. Going back to your declaration submitted to support defendant's summary Judgement motion, at paragraph 4, you stated that security officer have numerous job duties( which vary by assignment) and support your assertion by EXHIBIT # 1 attached therewith.
Question:

 (a) which Cognisa's client company has a sit-down job
 (b) which Cognisa's client company has a patrolling job
 (c) which Cognisa's client company has a combination of both
 (d) and, which Cognisa;s client company had a unique or/different arrangement of security services.

32. As a <u>Field Human Resource Manager</u>, you have worked for Cognisa since 1998 and Ms. Nicole Downes works since February 2002 as a <u>Human Resource Manager</u>. What is the difference between the two positions and who has more authority?

33. Both your and Ms. Downes' position has no any reference to the term "personnel" or personnel manager. Then who was in charge of training new employees? If there is one or no

9

one is that because such reason why plaintiff was purportedly received detail and duties of security guard's position by telephone from ms. Downes on December 12, 2003?- as declared in her testimony at paragraph 7 of page 3 or this would have taken a different course had you been the person who conducted the November 20, 2003 Job Fair at the Department of Carrier Service "DCS" of Massachusetts?.

Dated and Served this the 25th of July 2005.

Respectfully submitted

Begashaw Ayele, pro se

**CERTIFICATE OF SERVICES**

The foregoing document titled " **Notice of Deposition**" and "**First Set of Deposition Upon Written Examination**" has been served to Cognisa Security Co. Inc. and/or Aaron Feo, (Field Human Resource Manager) by personally appear and deliver to the office of DUANE MORRIS LLP to be delivered to their counsel Bronwyn L. Roberts this the 25th day of July 2005

Sincerely

Begashaw Ayele

10

**DuaneMorris**
FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

BRONWYN L. ROBERTS
DIRECT DIAL: 617.289.9218
E-MAIL: blroberts@duanemorris.com

www.duanemorris.com

PLAINTIFF'S EXHIBIT
B

June 10, 2005

Mr. Begashaw Ayele
261 O'Callaghan Way #816
South Boston, MA 02127

Re: **Ayele v. Cognisa Security Company, Inc.**
Civil Action No.: 04CV12217-PBS

Dear Mr. Ayele:

Please find the enclosed document bates-stamped D00022 that was inadvertently omitted from Defendant Cognisa Security, Inc.'s Response to Plaintiff's First Request for Production of Documents.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,

Bronwyn L. Roberts

BLR/abl
Enclosure

DUANE MORRIS LLP

470 ATLANTIC AVENUE, SUITE 500   BOSTON, MA 02210              PHONE: 617.289.9200   FAX: 617.289.9201
BOS\132534.1

# APPLICANT FLOW LOG

Location: BOSTON

Date: November 20, 2003

| Date | APPLICANT NAME | VIETNAM VETERAN Y/N | HANDICAP Y/N | WHITE | BLACK | HISPANIC | AMER IND/ALASKAN | ASIAN-PAC ISL | OTHER | MALE | FEMALE | JOB TITLE APPLIED FOR | REFERRAL SOURCE | STATUS AND/OR DISPOSITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/20/03 | Malicbegovic, Elvin | n | n | x | | | | | | x | | Commercial | The Work Place | DF- not 21 years of age |
| 11/20/03 | Ohwuka, Agbal Agu | n | n | | x | | | | | x | | Commercial | The Work Place | Call back to set up Interview |
| 11/20/03 | Ayele, Begashaw | n | n | | x | | | | | x | | Commercial | The Work Place | Call back to set up Interview |
| 11/20/03 | Lee, Dahn | n | n | | x | | | | | x | | Commercial | The Work Place | Call back to set up interview |



July 19, 2004

Mr. Rance A. O'Quinn
U.S. Equal Employment Opportunity Commission
Enforcement Supervisor
Boston Area Office
John F. Kennedy Federal Building
Boston, MA 02203

PLAINTIFF'S EXHIBIT C

Re: EEOC Charge No. 161-2004-00354

Mr. Rance A. O'Quinn:

Cognisa Security ("Cognisa" or the "Company") submits this letter in response to the request for a statement of position in the above referenced matter. Cognisa requests that this information be kept confidential and used only for purposes of investigating this charge. The statements set forth in this response are based upon our investigation and understanding of the facts at the time of submission. Cognisa submits this position statement without prejudice to its right to present new, different, or additional facts based upon subsequently acquired information.

Mr. Begashaw Ayele ("Charging Party") alleges that he was subject to unlawful discriminatory practice; he alleges that he was subject to unlawful discriminatory practice relating to employment as a result of Race, Color, Disability, and National Origin.

The company vehemently denies that it unlawfully discriminated against Mr. Begashaw Ayele. Cognisa does not discriminate against individuals based on any characteristics protected by law.

## COGNISA STANDARDS OF EMPLOYMENT

Cognisa is an at-will Equal Opportunity Employer. The Company makes all employment decisions (including decisions about hiring, promotion, transfer, demotion, evaluation, compensation, and termination) without regard to race, color, national origin, citizenship, gender, sexual orientation, pregnancy, religion, age (age 40 and over), disability, service in the uniformed services, or any other classification protected by federal, state or local law. (**Exhibit A**).

## ALLEGATIONS OF DISCRIMINATION

As per "The Particulars," listed by the Charging Party, the following is a detailed response to each point listed. "The Particulars" are italicized.

1. *Charging Party stated that on November 20, 2003, and December 10, 2003, he applied for a security guard position with Cognisa. He stated that he told Ms. Nicole Downes, Cognisa Human Resources Manager, that because of leg pain he was unable to walk during the winter months and requires a sit-down position. He stated that he noted his condition on the December 10, 2003, job application. He stated that he contacted Ms. Downes subsequent to December 10, 2003, and was told that there was nothing available*

for him because he was not bilingual. He stated that she also informed him nothing was available because there were no sit-down positions vacant. Charging Party stated that Cognisa hired many other non-black individuals as security officers and that the Company had job assignments that did not involve walking.

Charging Party completed the Cognisa application on November 20, 2003. (Exhibit B). He did not indicate on the Equal Employment Opportunity Data form that he was an individual with a Disability. He did note in the "Work History" portion of his application that he left a previous employer, Pinkerton Security, because of a "chemical irritation on my eyes and problem in my leg due to long walk." However, he did not indicate that he had a current disability or a current issue with his leg.

When Charging Party completed the application on November 20, 2003, he was interviewed by Ms. Nicole Downes, Human Resources Manager. Ms. Downes was informed by Charging Party that he was available to work Monday through Saturday during the hours of 3 PM – 11 PM. She was informed by the Charging Party that he did not have reliable transportation and required public transportation, if hired, to travel to a job site. Please refer to the "Applicant Contact Log." (Exhibit C). This form contains the comments/observations made by Ms. Downes during the interview. Charging Party did not mention a disability or a need for accommodation and Cognisa Security did not ask him if he had a disability.

Ms. Downes informed Charging Party that if a position became available accommodating his scheduling needs and his limited ability to travel he would be notified.

On December 4, 2003, Ms. Downes left a message for Charging Party to discuss a possible opening at Cognisa's R & D Associates customer location in Somerville, MA. Charging Party returned Ms. Downes' phone call and informed her that he would not be able to take public transportation home if he was employed in the 3 PM – 11 PM slot as public transportation in the area after 11 PM was limited. Ms. Downes informed him that she would continue to search for a position for him.

On December 9, 2003, Ms. Downes left another message regarding a position available at R & D. The shift available was Monday through Friday, 8 AM – 3 PM, which, because the shift ended at 3 PM, would have allowed him to utilize public transportation to travel home. Subsequently, Charging Party returned Ms. Downes phone call and a meeting was arranged for December 10, 2003, with Ms. Jennifer Rego, Human Resources Administrator, to discuss the available position.

Charging Party met with Ms. Rego on December 10, 2003, and agreed to a conditional offer of employment at Cognisa's R & D Associates customer location pending a background investigation and completion of Cognisa's pre-screening process. Ms. Rego discussed the position at R & D Associates in detail, including the fact that the position required a significant amount of walking tours around and inside the building. Charging Party did not mention that he had a leg injury or required accommodation.

On December 12, 2003, Ms. Rego was attempting to verify Charging Party's previous employment at Pinkerton Security when she noticed that the he stated in his application that his reason for leaving was "Chemical irritation on my eyes and problem in my leg due to long walk." Ms. Rego, knowing that the R & D Associate customer location required a great deal of walking, informed Ms. Downes of this observation.

Subsequently, on December 12, 2003, Ms. Downes called the Charging Party to inform him, again, that the position at R & D Associates required a significant amount of walking via tours both inside and outside the building; Ms. Downes contacted Charging Party to ensure he was able to meet the physical requirements of the position. Charging party then stated, for the first time, that he was unable to work any position with Cognisa that required walking. Ms. Downes then indicated to Charging Party that because of his inability to meet the physical requirements of the R & D Associates customer location position Cognisa would continue to search for a position that accommodated his restrictions.

A position at Cognisa's Verizon Customer location was considered. The minimum security officer requirements for Verizon contain specific guidelines based on the post level where the security officer is employed. In December 2003, there were only level II security posts available in the Boston area. Level II indicates a higher degree of responsibility and vigilance necessary.

The following are the minimum employee requirements for a Level II Verizon client site security post effective March 15, 2003: Associates Degree or 4 years military experience/4 years' public law enforcement experience or 4 years public or private security experience and a minimum of 1 year management or supervisory experience. Charging Party did not meet these requirements as indicated in the "work history" portion of his application. It is evident that he does not have any management or supervisory experience, and, thus, does not meet the level of expertise as required by Verizon.

2. *Charging Party stated that respondent did not provide a valid reason why the Company did not hire him for the position he applied for.*

Cognisa did provide Charging Party a valid reason why a position was not located for him, as indicated above. It was made very clear to Charging Party that Cognisa was searching for a position for him that did not require walking, which was difficult to locate as the majority of Security Posts required walking. Please refer to Cognisa's job description of a security officer position. **(Exhibit D)**. The job description indicates that "While performing the duties of this position the employee is frequently required to stand, walk, sit, use hands, handle or feel and reach with hands and arms. The employee must frequently lift and/or move up to 35 pounds and occasionally lift and/or move up to 50 pounds."

3. *Charging Party stated that he believes respondent refused to hire him because of his race and color (black), national origin (Ethiopian) and perceived disability in violation of Title VII of the Civil Rights Act of 1964, as amended, the American's with Disabilities Act of 1990, as amended, and all applicable Massachusetts State Laws.*

Cognisa did not discriminate against Charging Party based on any characteristics protected by law. Charging Party indicated that he was unable to work security detail which involved walking, and Cognisa was searching for a position to accommodate Charging Party's needs.

Please note that Cognisa's Boston area office has hired a total of 364 individuals from November 20, 2003, through the July 20, 2004. Of the 364 individuals hired, 122 were African American. Therefore, 33.5% of those hired during this period were African American. **(Exhibit E)**.

According to the US Census Bureau's most recent Demographic statistics (2002), Boston, MA, has a population of 536,785. Of the total population, 157,295 are African American. Therefore, 29.3% of the population of Boston, MA, is African American. This percentage of African Americans in Boston is below the 33.5% of African Americans hired by Cognisa's Boston Area office during the above mentioned period. (Exhibit F).

All told, there is zero evidence of unlawful discrimination against Charging Party based upon any protected characteristic.

I trust this information will allow the U.S. Equal Employment Opportunity Commission to render a "no cause" determination in this matter. If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Aaron Feo
Cognisa Security
Manager, Field Human Resources
(201)-368-1280 ext. 123.