UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, PRO SE )
)
       Plaintiff )
Vs )
)
) Civ. Action No. 12217-PBS
COGNISA SECURITY CO. INC )
)
       Defendant )
)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO (i) QUASH THE SUPBENAS SERVED ON JORGE L. CINTRON, NICOLE DOWNES, AND GARY FELDMAN , AND (ii) FOR A PROTECTIVE ORDER FOR THE NOTICE OF WRITTEN DEPOSITION OF AARON FEO SERVED ON DEFENDANT.**

On August 3, 2005, plaintiff received defendant's emergency motion to quash plaintiff's Subpoenas server on third party and the defendants themselves.

Among the several reasons advanced by defendant, it was alleged that on July 20, 2005, plaintiff was "*ordered by the court to take deposition only by oral examination and not by written examination.*" Plaintiff have NOT heard whatsoever any oral order nor received written one and will not argued the defendant's argument for this reason alone. Even if the court had had ordered plaintiff to take deposition by *oral examination only* **plaintiff will not do so for cost reason and, therefore, ask the court to rule on the parties document so that we will move to the next

---

\*\*\*     All discussion with the judge and opposing party related to discovery was whether I have to reveal the name of witness (for which defendant's motion for compelling discovery was based) and NOT whether I have to take deposition by oral examination. The only discussion the judge mentioned about deposition and expected cost was when she discussed settlement negotiation between plaintiff and another company but never ever in this case.

1

Defendant has alleged that the court has "ORDERED" plaintiff to take deposition by Oral Examination but never" PERMITTED" to take by Written Deposition. As far as plaintiff is concerned, this is *false* and the judge has no reason to cause plaintiff economic burden by spending $4,000.00 for which I was not even able to pay $250. Docketing fee in the first instances and therefore permitted to proceed without prepayment of court fee.

In a nutshell, plaintiff must conclude that the defendant's allegation as to the alleged judge's order to take deposition by "Written Examination only" is not what I have heard nor received such an order in the form of docket slip.

Respectfully submitted,

Dated August 4, 2005

/Begashaw Ayele/ Ayele 8/4/05

## CERTIFICATE OF SERVICE

This certify that the foregoing document titled " Plaintiff's Opposition to Defendant's Emergency Motion to (i) quash the subpoenas served on Jorge I. Cintron, Nicole Downes and Gary Feldman and (ii) for a protective Order for the notice of Written Deposition of Aaron Feo served on defendant" has been sent to defense counsel by placing in the U.S Mail to the following address:

> Bronwyn L Roberts
> DUANE MORRIS
> 470 Atlantic Avenue suite 500
> Boston, MA 02210

Sincerely,

Dated August 4, 2005

*Begashaw Ayele* 8/4/05

3