UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE ) | |
| ) | |
| Plaintiff ) | |
| vs ) | |
| ) | Civ. Action No. 04Cv12217PBS |
| COGNISA SECURITY, INC. ) | |
| ) | |
| Defendant ) | |
| ) | |

### PLAINTIFF'S *"RESPONSE"* TO DEFENDANT'S *"REPLY BRIEF"* IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT

On June 15, 2005, Defendant had filed its motion for summary judgement and plaintiff (before taking deposition from Cognisa's personnel nor received adequate discovery response) had filed my opposition motion to the defendant's summary judgement on July 6, 2005. On July 29, 2005 defendant submitted its REPLY BRIEF ... in support of ...its motion for summary Judgement.

Plaintiff submitted the following responsive brief in Opposition to the Defendant's reply brief filed with this court with anticipation to supplement additional argument after I completed the deposition process by August 19, 2005. In her Reply Brief, defense counsel had brought no *new issues* of controversy except alleging, for the fires time, that plaintiff has not complies with the Fed. Rule Civ. Proc. 56(e) and also that *"the unauthenticated exhibits attached to plaintiff's Opposition brief should be disregarded"* see reply brief at **Section III, of page 5.** The defendant's argument stated in three parts, however, are addressed here below as follows:

Defense counsel in this case had summarized her three part of her argument (later to be

1

addresses below one after the other) in the first and second half page of her paper as follows:

> Pursuant to the leave granted, ………Cognisa submit this reply brief………..raised by plaintiff's "Opposition Brief". The opposition brief is substantively and procedurally defective…………he made no citation of applicable authority that respond to Cognisa's argument…
> Procedurally, in blatant disregard of Federal Rule 56(e) plaintiff attached numerous unauthenticated exhibit to his opposition brief which should be disregarded by the court. <u>See at page 1.</u>
>
> … Nothing happened to Plaintiff. Cognisa offered him two guarding assignment *but he declined both offer* /1. …Plaintiff's Opposition Brief is comprised of speculation and conjecture, wishful thinking, numerous "misrepresentation" of record evidence /2 and unsupported accusation of conspiracy against him. Plaintiff's inability to identify any supporting evidence simply dooms his claims. <u>See at page 2</u>

Plaintiff had submitted sufficient point of argument both substantive and procedurally proper affidavit as to the defendant's discriminatory practice and the defense counsel's argument is not worthy of credence since she has not presented fact to support her accusation of " numerous misrepresentation of the record evidence"

Contrary to her assertion, Plaintiff has <u>not</u> *misrepresented* record evidence nor failed *procedurally* to submit my <u>*affidavit*</u> /3 in support of my opposition to defendant's summary Judgement motion. In a nutshell, all exhibits presented were not filed with this court without the defense counsel's prior knowledge.

---

*1/   In its Memorandum of law in support of Defendant's Motion for Summary Judgement, (see at page 5 of paragraph 2, defendant had stated that **plaintiff had accepted the R&D assignment.** Changing theory of argument or other factual issue to fit ones argument becomes a norm on the part of counsel since not only it failed to indicate plaintiff's misrepresentation of fact but proved that she is a champion of misrepresentation of fact.. For this practice Ms. Roberts is well gifted as footnote No. 2 indicated one of the many examples listed below:*

*2/   Plaintiff stated during his deposition that he knew of two other individuals with disabilities whom Cognisa hired in the Boston Office. However plaintiff refused to name individuals, stating that the information was "work product" and that he will reveal … in response to dispositive motion, - citing plaintiff's deposition pp 7-8. Counsel had a habit misrepresenting facts that is on the record and not plaintiff whom she cannot prove it as asserted by her false, senseless and outright lie. See copy of the P's* **Dep. pp. 7-8** *attached herewith.*

*/3   Defendant falsely asserted that plaintiff has not submit affidavit under FRCP 56(e).* **Exhibit A** *of the plaintiff testimony is an affidavit submitted to support my Opposition to the defendant's Summary Judgement motion.*

2

## I.   PLAINTIFF HAS NOT FAILED TO ESTABLIS A PRIMA FACIE CASE OF DISABILITY DISCRIMINATION.

As argued earlier, defendant declined to offer suitable position for the Plaintiff because it was alleged that Cognisa was unable to search a position that did not require walking as the majority of Security Posts required walking. See P2, paragraph 2 of Mr. Aaron Feo's Response to the EEOC which was attached with the Plaintiff's Opposition to the Defendant's Summary Judgement motion.  Furthermore, despite the company's promises to search for suitable location, it did not contacted plaintiff for other possible offer of employment while it had hired more than 300 employees within six months of time. The complete disregard (or exclusion) of the plaintiff's application and ex-communication by itself is an ample inference of discrimination on ground of disability and, this is correct whether there is possible chance of employment that require little or no accommodation.

Defendant heavily argued that since Cognisa had offered jobs that require walking but plaintiff's unwillingness to accept these two position was not reasonable.  Of course, an employee who resigned from previous employer for the same reason should not be expected to accept such jobs. For this reason alone, the defendant's argument should be rejected because they not only failed to offer a given job but did not show to the court that they even considered plaintiff more than the one offer that was not acceptable. The prima face case of discrimination on ground of disability, therefore, is not frivolous as argued by defendant. Granting summary judgement for the defendant is not proper at this time since plaintiff shows more than what is required for establishing genuine issue for trial

II.  **PLAINTIFF HAS ESTABLISHED A <u>PRIMA FACIE</u> CASE OF RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION.**

Defendant argued that plaintiff was not hired because I rejected the job offer that affect my health. This is the best classical example of pretext in employment discrimination because in the eye of the employer, offering the job that the candidate can not handle seem to masks their act of discrimination. Defendant had discriminated against plaintiff on ground of race, color and national because, all the candidates that they have hired were not of Ethiopian national origin, were not similar in terms of the color of skin and race (at least in view of the whites and spanish0 or national origin (in terms of all race including blacks)

As the record indicated on plaintiff's Opposition to the Defendant's Motion for Summary judgement (**pp. 8-9 and Exhibit G as well as H of page 7**) the company had hired several candidates ( both White, Spanish and Black) none of them had similarity to my national origin.

Defendant at the second part of its defense had cultivated very interesting legal argument because that argument indirectly admits that defendant hired other candidates. As the attached exhibit **(EXHIBIT L)** indicated defendant consistently denied that they ever hired any candidate for the position it had but now, for the first time, admitted that those individuals hired by the company has no similar restriction as a comparators (equally situated?) employees. See **Defd.'s Reply Brief at Section II, page 4.** Defendant therefore can not, in the first instance, assert that the company have ever hired any candidate for the position and later admit that the candidates they hired were not equally situated is not worthy of credence. Under such circumstance it is impossible for any fair minded person to ignore such inconsistency and implausibility, specially at the summary judgement stage.

4

As a matter of wealth, experience, familiarity of the court system and the like, defendant may prevail in the final analysis, but plaintiff's establishment of a questionable of fact for trial should not allow them to shop favorable judgement with such cheap argument and at this stage. For this reason alone, therefore, the defendant's motion for summary judgement should be denied.

### III.     ALL EXHIBITS ATTACHED WITH TO THE PLAINTIFF'S OPPOSITION BRIEF SHOULD NOT BE DISREGARDED.

Defendant had requested this court to exclude all document's attached with the plaintiff's Opposition Brief to the defendant's Motion for Summary Judgement. Plaintiff (and any other person for that matter) can not learn anything from the defendant's senseless argument except understanding her frustration as to the outcome of this case. Plaintiff had argued in this way because any judge, no matter popularly known by his abuse of his judicial power (or discretion) can *not* exclude such documents that the disputed parties filed with the EEOC and re-produced each other after the litigation start in federal court. This also include that the parties exchanged any other documents in the discovery process. Plaintiff shall indicate below why the defendant's request to exclude such documents is a frivolous claim and indicate further that the document produced were received legitimately and not fabricated. Specific documents requested by the defense to exclude were:

**Exhibit - B**   Plaintiff's employment application:

One must wonder why counsel move to such blunders act and request the court to exclude the plaintiff's document that was before the EEOC and also later produced to plaintiff by counsel herself in the discovery process. This document were intended to be used for summary judgement and was Marked as exhibit no.3 and 15, at the plaintiff's deposition of pp. 133, and pp. 140-141, respectively  See **EXHIBIT - N**, (attached herewith). Defendant never used that

document to support its motion for summary judgement because it indicate that I left my former employer because of my leg problem – an issue of fact that defendant attempted to mask. This document should not be excluded whatsoever and, therefore, defendant's request should be rejected.

### EXHIBIT - C:  Plaintiff's Letter to my former employer, Pinkerton Security Co. Inc dated November 18, 2002 and October 21, 2002

These two letters were submitted to my former employer Pinkerton Security Co. Inc. both as a request for transfer/change of position (as a request for reasonable accommodation to my leg problem) but when that was not possible I resigned. These documents which perfectly correspond with the information indicated in my employment application (exhibit B above) should not be excluded because I have submitted this document to defense counsel even before our dispute on discovery issue existed. See **EXHIBIT – C** and my request to her to contact my former employer to check its authenticity as per my letter of March 14, 2005 (also attached herewith together with **Exhibit C**. Defendant who verified the document with my former employer has not produce any contradictory information to refute plaintiff's genuine document but seek exclusion of this evidence as a last effort to defeat plaintiff's case. The court should reject counsel's argument and deny such request for document exclusion because she failed to verify such document for more than 5 months.

### EXHIBIT – G    Lists of Cognisa's employees

Defendant also shamelessly ask the court to exclude the document that her client produced as a response to plaintiff's request for production of documents. This documents had a bates-stamped D0001-D0021 and produced to plaintiff by counsel per her letter of April 15, 2005 attached herewith as **EXHIBIT – H**. The document that was produced by the defendant themselves, therefor , should not be excluded because that document had a negative impact to the defendant's

defense. Therefore, defendant should not be entitled to exclude such document and this is correct under the legal theory of "invited error" of the law.

**EXHIBIT I**   Letter of April 7, 2005 from Robert Sanders, Director, EEOC Boston Area Office) to Begashaw Ayele

Exhibit I is document submitted by defendant to the EEOC as exhibit E in its answer to the plaintiff's charge of discrimination. After I requested the file copy of the entire case from the EEOC the entire page of the document contain the list of all employees were excluded. As I discovered that the document Identified by Mr. Aaro, as exhibit E was missed from the copy I received from EEOC, I made a formal request to receive such file copy from the commission per my letter of March 10, 2005 see **EXHIBIT- F** and in return I have re-submitted that same copy to defense counsel as indicated in my letter of correspondence to Ms. Roberts. See **EXHIBIT – D.** The defendant's request to exclude the document that thy themselves produced and submitted to the EEOC as a defense to their case should not be excluded and this true as in all cases in federal court. Therefore, the defendant's request should be denied.

**EXHIBIT - J**   Letter of Correspondence from my current employers dated June 14, 2005

This letter of correspondence simply addressed my request to the employer that the Ticket reader position that I have accepted with the assumption that it was a "sit-down position" was, in fact was a "standing position" for the whole day to verify passengers' travel document at Logan international Airport. When I addressed my concern as to my leg problem, employer requested me to bring medical certification which Cognisa failed to act likewise and become the target of this lawsuit. The document attached to my opposition brief not to prove my disability but to indicate

that Cognisa would have done so likewise if they have genuine desire to address my concern rather than to exclude my employment opportunity altogether as a means of avoiding the employers' legal mandate of a reasonable accommodation if and when an employee seek reasonable accommodation under the law. Therefore, even this document, like other documents that were before the EEOC, were not in proper setting this bring no harm to the defense except used by the court to draw some inference to the claim presented. Therefore, defendant's request to exclude such document should be rejected

**EXHIBIT – K**   Letter of   "TO WHOM IT MAY CONCERN" by Dr. Eleanor Paglia of Boston Medical Center, Re: Begashaw Ayele.

Defense counsel also argued that the plaintiff's exhibit attached with my Opposition Motion should be excluded because that document was not authenticated. First, the question of authenticity arise when such furnished document become suspicious as to its worth of acceptance. Here, the document produced was from one of the well known health maintenance organization such as Boston Medical Center and was not from another country where its authenticity is difficult to verify. Moreover, this document is not a direct proof for the plaintiff's present case nor was presented to use it for other purpose and, therefore, it will not prejudice defendant in any way except its minimal effect in drawing some inference as to my continued and current medical treatment. For the reason explained above, defendant's request to quash such document, like any of the rest documents, should be rejected.

## CONCLUSION

Defendant's over all argument in its Reply Brief in not only based on erroneous legal

8

ground and its misrepresentation of fact but such move was advanced to mask discrimination by excluding all vital evidences. Defendant's Reply Brief that bear no credible evidence should be rejected and the plaintiff's Opposition should be given due consideration to effectuate justice.

Respectfully Submitted,

Begashaw Ayele, Pro Se

## CERTIFICATE OF SERVICES

This certify that the foregoing document titled " Plaintiff's Response" to Defendant's "Reply Brief" In Support of Its Motion For Summary Judgement" has been sent to Cognisa's counsel by placing in the United States mail to the following address:

Bronwyn L. Roberts
Duane Morris LLP
470 Atlantic Avenue, suite 500
Boston, MA 02210

Sincerely,

Dated 8/4/2005

Begashaw Ayele   8/4/05

9