FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 OCT 27  A 11: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

BEGASHAW AYELE, PRO SE   )
                         )
         Plaintiff       )
vs.                      )   Civil Action No. 1:04-CV-12217PBS
                         )
COGNISA SECURITY, INC.   )
                         )
         Defendant       )   Thursday, October 27, 2005
                         )

PLAINTIFF'S OPPOSITION TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION.

FORWARD

Plaintiff for the above-referenced civil action received the decision of the Magistrate Judge's Report and Recommendation (hereinafter referred as **"R&R"** on October 19, 2005 which was decided on October 17, 2005 and the following point of argument in Opposition to the Magistrate Judge's R&R are submitted. The multiple reasons that collectively render such adverse decision are stated below:

(a)   Abuse of Discretion in Discovery Matters as well as exclusion of exhibits.

(b)   Misstatement of Facts of the Plaintiff's testimony as indicated on the record and,

(c)   Misapplication of case law all for purpose of adverse entry of summary judgment,

(a)   **Abuse of Discretion in discovery Matters as well as exclusion of exhibits**

As is known in all civil litigation, discovery is the means and vital instrument of the

1

party's defense. Once plaintiff is denied by the discovery rights, it is senseless to claim that the pro se's civil complaint was construed liberally. By denying plaintiff the basic rights of discovery mechanism, the magistrate Judge accomplished injustice as the following fact indicated below:

As indicated in the docket record, Dock no 36, (**Exhibit A**), plaintiff, had amended my previous subpoena and subpoenaed a third party, (Compliance Network of New England, Inc. which was not a party and was not represented by defendant's counsel,) to release the drug test record of a compatriot, namely Cintron Jorge L. among others, who was offered the job while I was denied that same job on ground of my race, color and national.

Compliance Network Inc. and defendant's counsel in an act of conspiracy and without formal representation or permission by court had filed two separate motion in opposition to my subpoenas mainly to mask the employer's discrimination as well as to deprive plaintiff the basic discovery request. The judge who permitted me to take the deposition of four people including Cintron, Jorge L., (plaintiff's compatriot whose the job was offered while plaintiff was denied,) Aaron Feo, (defendant's Field Human Resource Manager, Nicole Downs (defendant's Massachusetts based Human Resource Manager, Gary Feldman (former employee of the Defendant. see docket sheet dated **07/01/2005.** Id when I served defendant and non-party witness to depose by **Written Question** as permitted under Federal Rule of Civil Procedure 31(a)(2) and/or 30(b)(c) defendant not only opposed plaintiff's motion to compel for discovery on third party that it has not represent, see **EXHIBIT – C**, but the judge also granted defendant's motion of 08-01-2005 (Docket no.41) *one day after* defendant filed its motion on 08-02-2005 and before plaintiff filed my opposition brief on 08-04-2005 (Docket no. 43). More worse, the

2

Magistrate judge blocked me not to take the deposition by written question as permited by Federal rule of Civil procedure. This was done soon after I notified the concerned party and party individuals to take my deposition by written question. The Judge's reason was not indicated in the docket record and the reason for her decision was not supported by any case law, inherent or constitutional power and this helped defendant to mask the nature of defendant's false and fabricated document as indicated at **EXHIBIT - F**

In its summary judgment, defendant argued that plaintiff was not discriminated because, it was alleged that no one was hired for the position plaintiff sough. To support their argument, as stated above, defendant had fabricated said **false** document which indicated that no one was hired. Not only that, the magistrate judge also excluded the properly discovered documents from consideration that I filed with my motion to oppose to the defendant's summary judgment. The document was exclude by a reason of plaintiff's alleged failure to authenticate exhibits per federal Rule of Civil Procedure 56(e). The magistrate judge erred in excluding the plaintiff's exhibits as much as she erred in depriving plaintiff's rights not to take deposition by written question. The Federal Rule of evidence support plaintiff's argument as indicated below:

As a matter of federal law, admission of evidence should be denied if and only the evidence introduced by a party was obtained improperly and without the consent of the adverse party. In some cases, this even may not hold because some document obtained improperly from unknown source by the adverse party can be admitted for impeachment purpose. Other reason to exclude documents from admission as evidence is mistake, or the result wrong discretion by the presiding judge of a particular case. The case here below is an example of which the magistrate judge had reached her decision in this civil litigation. The Magistrate judge who knows that the

3

rule of evidence is narrowly defined in the Federal Rule of Civil Procedure should have referred to the Rule of Evidence of Criminal Procedure where many controversies arise and case law is well developed. In this regard, the magistrate judge's exclusion of said evidence by alleged <u>Unauthentication</u> of record should not have been exercised had abuse of discretion was not one of the many factors. See **EXHIBIT – B** of <u>R&R page 9 and footnote no.5.</u> The magistrate judge's exclusion of such evidence is not only as a result simple error in discretion but contrary to the rule of evidence. What constitute authentication and Identification in the Federal Rule of Evidence is one should note the following for further evaluative determination of this case as stated here below:

Authentication1/ and identification2/ represent a special aspect of relevancy, Rule 401. To illustrate, for example, a telephone conversation offered to show a speaker's knowledge is not relevance unless the person speaking is sufficiently identified. Similarly, a purported letter of the defendant is not relevant unless it is properly shown that the defendant actually wrote the letter. Satisfaction of the requirement of authentication and identification is, therefore, a matter of relevancy conditioned on fact under Rule 104(b). Thus, such condition precedent to admissibility is satisfied by evidence sufficient to support that the matter in question is what its proponent claims. 3/

---

1/   "Authentic" is defined as having a genuine origin or authority as opposed to to one that is false, factious counterfeit or apocryphal; being what it purports to be; genuine; not of doubtful origin; real…. Webster International Dictionary 185 (2nd Ed. 1947) see also <u>National Institute for Trial Advocacy, p. 287.</u>

2/   "Identity" is defined as "to make to be the same and " to prove to be the same (with ome thing described, claimed or asserted )". <u>Id</u>

3/   Throughout her analysis of the case, the magistrate judge has not even indicated that all the evidences presented by plaintiff were false, unverifiable and was not written by plaintiff (the job application) or the Defendant's answer to the EEOC which was later received from the EEOC and attached as plaintiff's defense in this case. Exclusion of such evidence, is therefore, more than abuse of discretion. In view of such exclusion of evidences <u>and</u> the judge's order to plaintiff to take deposition only by professional court reporter at approximately 4500.00 - $5,000.00 is similarly contrary to Fed. R. Civ. P. 30(b)(3) and /or 31(a)(2). This court should remember that Plaintiff was permitted to proceed without prepayment of fee and requiring plaintiff to suffer from such burden of cost is morally wrong if not politically.

4

**(b)  Misstatement of fact on the plaintiff's testimony as indicated in the record.**

The magistrate Judge's reading of the plaintiff's case be it in my brief or deposition was not properly re-stated or cited in this case. In her R&R of October 17, 2005, at page     see also EXHIBIT A1, the judge stated as follows:

> The majority of defendant's security job requires that employees walk. The jb description for the position for which plaintiff applied lists essential function of the job. including the physical requirement that "the employee is frequently required to stand, walk [and] …sit, see Report& Recommendation  at page 6, ¶1.

Plaintiff has testified that I have not applied for the job that require constant standing or patrolling and my testimony reads to the contrary of the judge's understanding or misstating the facts indicated in my deposition. See pertinent part of the plaintiff's deposition at page 132 of **EXHIBIT- E.** Further more, had plaintiff was aware as to the nature of the job, I should not ask the Sudanese employee (see **R&R at p.5, ¶2**) to learn the particular task of the job at that location. This affirm that the defendant were aware that I was looking job which did not require such physical exercise as  the Human resource Manager, Nicole Downes knows very well (see R&R p.3, ¶2) and repeatedly informed me to wait until she find suitable job but never attempt once more while she hired 364 employee. It is senseless, therefore, to construe the defendant's *one* time effort to find suitable job for plaintiff as "reasonable effort" while 364 people were hired and plaintiff' job application was set aside for no other reason but discrimination

**(C)   Misapplication of case aw all for adverse entry of summary judgment.**

The magistrate judge's case analysis was support by unrelated case laws thus rendering adverse decision against the plaintiff's civil complaint. To cite few, if not all  unrelated

case laws that the magistrate judge rely to effect such erroneous conclusion as indicated below:

- Citing <u>Lessard v. Osram Sylvania, Inc.</u> 175. F. 3rd 191, 197 (1st cir. 1999) the magistrate judge agreed to that court's decision which hold: "….. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working". See <u>R & R at page 11</u>)

This precedent should not be applicable to the instant case because plaintiff has only applied for a single job having specify task (not multiple job having multiple tasks thus does not meet the comparison of substantiality within the category of identified job

Again, Citing <u>Benoit</u> case, 331 F. 3rd at 176, ( 1st Cir. 1997) the magistrate judge also relied on this inapplicable case law which hold: "…. Where plaintiff was advised by the doctor to avoid "heavy lifting" that indicate an impairment and not disability. Citing <u>Mac-Gray, Inc</u>.45 F.3rd . 44, 46, (1st Cir. 2003), the magistrate judge also greed and relied upon this precedent which hold " it is insufficient for individuals attempting o prove disability status….. to merely submit evidence of medical diagnosis of an impairment."

Application of the above cited precedent to the plaintiff's case is equally erroneous because proving one's inability to perform a given task, because of "impairment" is what manifest the effect of "disability" or one's disability status. In the instance case, therefore, plaintiff's information to the employer as to my leg problem or "impairment" is sufficient to prove disability whether under the same impairment or disabled status plaintiff performed a limited amount of my job responsibility. To prove the other way is therefore will not amount to the finding of fact but a play of words as we do in politics.4/

---

4/ *In the United Nations, the representative of the world community has not reached in agreement as to the meaning of "terrorism" specially on the question of Palestine. The United States and Israel in particular had a position to see the Palestine act as a terrorist because, to them killing people indiscriminately is noting but terrorism. However, United States as a government or its citizen (this does not include me) have never characterize Timothy McVeigh, the Oklahoma bomber, as a terrorist but "extremist". There is no difference between the two act, however.*

6

Having said that, plaintiff now return to the individual claim(s) raised in this civil complaint, analyzed and decided by the magistrate judge as follows:

I     **THE SUMMARY JUDGEMENT STANDARD CITED BY THE MGISTRATE JUDGE WAS USED AS A PUBLIC RELATION TOOL NOT AS A GUIDING PRINCIPLE OF LEGAL PRECEDENT.**

Defendant and plaintiff previously had submitted their motion for summary judgment and opposition for the same. For this reason alone, plaintiffs simply limit this part of argument with little reminder in which the Magistrate judge, citing the case law of <u>Anderson vs. Liberty Lobby, Inc.</u> 477 U.S. et. al and stated that *"disputed facts and reasonable inference are drown in favor of the nonmovant party* (emphasis added. <u>See R & R. at page 9.</u> As stated in the preceding paragraphs, the Magistrate judge had decided the instant case not by drawing "reasonable inference" in favor of the nonmovant but by depriving all discovery mechanism of the movant. As stated earlier, plaintiff was deprived to take witnesses testimony by Written Question, granted defendant's motion one day after it was filed and before plaintiff had an opportunity to oppose it ….. among the various mistreatment in the proceeding. The question in this case to this court is whether a <u>pro</u> <u>se</u> plaintiff can have a chance to breath while I am under suffocation.

        II.     **The Americans with Disability Act "ADA" claim.**

Plaintiff should be entitled for relief on the ADA claim because I was denied the Security Guard position because of perceived disability just as much as I was denied that same position on ground of my race, color (black) and national origin (Ethiopian) under Title VII. As explained in **section C** and *footnote no. 4* above, the plaintiff's disability/ impairment claim should be

maintained because differential interpretation of the term will no mask the legal remedy that plaintiff sought as a matter of rights. As this court can notice from my argument, I have maintained the position that the person who was *impaired* (one who can perform some light duty) and a *disabled* person (one who can not perform of anything or nothing) cannot be distinguished when it comes to legal remedy. In other opinion, however, plaintiff also argue that a person who has impairment deserve more favorable legal treatment than the disabled one because, alike a disabled person, an impaired employee can work as a productive employee if some accommodation is facilitated to him than a disabled person who can claim and survive by disability benefit. 5/

In a nutshell, plaintiff was denied the Security Guard position by defendant Cognisa Security Co. Inc. not because plaintiff was unable to perform any given position with accommodation but because of perceived disability as well as discrimination on ground of my race and national origin. Again, the disability and or impairment claim that plaintiff asserted in my complaint and throughout this brief, taken together, should not have been disposed had the magistrate judge was able to infer employer's discriminatory treatment including the continued hiring process of well over 364 employees while my employment application was set aside for reason of discrimination. The other reason that plaintiff repeatedly claimed in this case is that the magistrate judge's differential treatment that aided plaintiff to mask its discriminatory act against plaintiff since all the discvery mechanism were unjustly denied without legal reasoning, that I continue to seek until I know what factors were behind such decision.

---

5/    *There was an occasion where this court has recommend this case for a Mediation. The Mediator of the case at one point asked plaintiff, among other questions, " Mr. Ayele, do you  collect disability benefit? Plaintiff answered NO. Then how do you prove that you are a disabled person?. Plaintiff answered:     Collection of a disability benefit can not be proof for my claim. Million of Americans loose their job every year and some, if not all, choose not to claim unemployment compensation but this does not mean that a person who choose not to claim unemployment  insurance was not  a dislocated employee. (The Mediator has  no answer as  I remember it best)*

8

### III. The Title VII Claim.

As to the plaintiff's Title VII claim, the employer's defense is unambiguous and straightforward deception of fact. Plaintiff claimed that I was denied the Security Guard position after I passed the Drug Test, background check and other relevant criterion but the job was offered for other candidate(s) who were not within my racial/ethnic background and national origin. As the defendant's "Applicant Flow Log" attached herewith as **Exhibit – D,** indicated, the employer, Cognisa Security, Inc. *fabricated* such document and produced to plaintiff on June 10, 2005 five (5) days before it filed its Motion for Summary Judgment on June 15, 2005.

As the court can notice from the cover letter of the said exhibit, defendant's reason for producing the cited document after the close of discovery was because, it alleged that the document was excluded inadvertently from the previous documents produced to plaintiff. When I pressed counsel to what part of my discovery request this document correspond, I was told that the document was in reference to my First Request for Production of document. Counsel also stated to me that the document produced at this lat minute was as an response to my request for production no.15. The plaintiff's request for production of documents of number 15, however, has nothing to do with this document nor any of the other numbers for request for production of documents and, therefore, the defendants reason was proved false. For obvious reasons, however, the magistrate judge has not questioned the defendant's false exhibit nor had mentioned the parties dispute in her analysis nor in the docket record as if plaintiff will not raise such differential treatment in this court, the court of appeals or beyond even that means will lose the case all the way to the end..

### **CONCLUSION.**

Plaintiff was systematically deprived the fundamental discovery mechanism by taking

9

advantage of the plaintiff's pro se status both by the defense counsel as well as by the magistrate judge's unjust treatment. Plaintiff therefore, request this court to review the matter de novo and, if there is any probability for reversal, I ask the case to be decided by a nutral judge worthy of honest in his judicial profession.

                                      Respectfully submitted,

Dated October 27, 2005

Begashaw Ayele
261 O'Callaghan Way # 816
South Boston, MA 02127
(617) 474-9774

### CERTIFICATE OF SERVICES

This certify that the foregoing document titled "Plaintiff's Opposition To the Magistrate Judge's Report and Recommendation" has been served to defendant Cognsia Security, Inc. by placing in the United Staes Mail postage prepaid to the following:

                        Bronwyn Roberts
                        DUANEMORRIS LLP
                        470 Atlantic avenue Suite 500
                        Boston, MA 02210

                                      Sincerely,

                                      Begashaw Ayele, pro se.