UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEGASHAW AYELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04CV12217-PBS |
| ) | |
| COGNISA SECURITY COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S EMERGENCY MOTION
TO QUASH THE SUBPOENA SERVED ON
COMPLIANCE NETWORK, AND FOR AN ORDER REQUIRING
PLAINTIFF TO SERVE ALL DISCOVERY REQUESTS ON DEFENDANT**

Defendant Cognisa Security Company, Inc. ("Cognisa") hereby moves to quash the Subpoena served on Compliance Network for the following reasons:

1. Attached hereto as Exhibit "A" is a copy of a Subpoena served on Compliance Network. It appears from the face of the Subpoena that it was issued by the Plaintiff on June 24, 2005. Notice of the Subpoena was never provided to counsel for Cognisa. Rather, the first time counsel for Cognisa received a copy of the Subpoena was on July 8, 2005 via the Court's electronic filing notice. Pursuant to Fed. Rules Civ. Proc. 5, "every order required by its terms to be served, every pleading subsequent to the original complaint ..., every paper relating to discovery to be served on a party ..., every written notice, ... and similar paper shall be served upon each of the parties." Because notice was never given to counsel for Cognisa, Plaintiff's Subpoena is in violation of that rule, is of no legal effect, and should be quashed.

BOS\134002.1

2.  The period for taking discovery in this case closed on May 31, 2005. Although the Court (Bowler, M.J.) did extend discovery on a limited basis "until August 5, 2005, for the sole purpose of taking the depositions of Nicole Downs, Aaron Field, Gary Feldman and George Cintrol" this extension does not permit Plaintiff to subpoena documents from Compliance Network.

3.  In the Subpoena, Plaintiff seeks drug test records for five (5) individuals. None of these individuals has ever been identified by Plaintiff in his automatic discovery disclosures, answers to interrogatories, or deposition testimony as individuals with knowledge of the facts of this case. Accordingly, the documents sought by Plaintiff are irrelevant to this action.

4.  In the discovery dispute conference, Plaintiff took the position that he was not required to serve a copy of the Subpoena on Cognisa, or otherwise notify Cognisa of the Subpoena.

WHEREFORE, Cognisa requests that the Subpoena to Compliance Network be quashed, that Plaintiff be ordered to serve notice of all Subpoenas to third parties, and that Cognisa be awarded its reasonable attorneys' fees for filing this motion.

    Respectfully submitted,

    COGNISA SECURITY, INC.

    By its attorneys

    /s/Bronwyn L. Roberts
    Bronwyn L. Roberts, BBO# 638079
    DUANE MORRIS LLP
    470 Atlantic Avenue, Suite 500
    Boston, MA 02210
    (617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309
(404) 253-6900

Dated: July 11, 2005

## CERTIFICATION UNDER L.R. 7.1(A)(2), 26.2(C) AND 37.1(A)

The undersigned hereby certifies that counsel for defendant Cognisa Security, Inc. conferred with the Plaintiff in good faith to resolve or narrow the issue raised by this motion. The parties were unable to reach agreement.

/s/ Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE,<br><br>      Plaintiff,<br><br>v.<br><br>COGNISA SECURITY COMPANY, INC.,<br><br>      Defendant. | Civil Action No.: 04CV12217-PBS |

### CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Begashaw Ayele
    261 O'Callaghan Way #816
    South Boston, MA  02127

    John Quintal, President
    Compliance Network of New England
    15 Court Square, LL 1
    Boston, MA  02108

                                                            /s/Bronwyn L. Roberts
                                                           Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com

BOS\134002.1

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

~~FOR THE~~ DISTRICT OF ~~MASSACHUSETTS~~

BEGASHAW AYEBE TYPROCSE

V.

COGNSIA SECURITY CO. INC

SUBPOENA IN A CIVIL CASE

Case Number:[1]

## 04 - 12217 PBS

TO: THE MANAGER/DIRECTOR
Compliance Network
15 Court Square, Lower Level 1.,
Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents indicating the following candidates for employment which were send for a Drug Test including Centron Jorge L., Derick Patrick, Trimbur Shane, Carlgle William, Haskell Steven and Keleta Twoldeberhan

| PLACE | DATE AND TIME |
|---|---|
| At your office or the Copy Cop Co. at 262 Washington st on | 6/28/05 11:00 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Begashaw Ayele, Pro Se | 6/24/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

BEGASHAW AYELE, (617) 474 9774

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 6/24/05 | 15 Court St. Lower Level 1, Boston, MA 02117 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Compliance Network | By U.S Certified Mail # 7003 1010 0001 0799 1463 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BEGASHAW AYELE | Pro Se |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6/24/05
DATE

*[Signature: Begashaw Ayele]*
SIGNATURE OF SERVER

2610 O'Callaghan Way #816
So. Boston, MA 02127
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.