UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COGNISA SECURITY COMPANY, INC., )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 04CV12217-PBS |

**DEFENDANT'S RESPONSE TO "PLAINTIFF'S OPPOSITION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION"**

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), Defendant Cognisa Security, Inc. (hereinafter "Defendant" or "Cognisa") respectfully submits this Response to "Plaintiff's Opposition to the Magistrate Judge's Report and Recommendation" (hereinafter "Objection"). For the reasons discussed below, Defendant respectfully requests that the Court adopt the Magistrate Judge's Report and Recommendation of October 17, 2005, which recommends the dismissal of Plaintiff's Complaint.

**PROCEDURAL HISTORY**

On October 18, 2004, Plaintiff (who is African-American and of Ethiopian decent) filed a lawsuit against Cognisa alleging that Cognisa refused to hire him as a security officer based on his race, color and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff also alleges that Cognisa refused to hire him because it regarded him as disabled in violation of the Americans with Disabilities Act

BOS\139951.1

of 1990, 42 U.S.C. § 12101, et seq. ("ADA").  Plaintiff further alleges race, color, national origin and disability discrimination under Massachusetts law.

On December 30, 2004, Cognisa timely filed its Answer to Plaintiff's Complaint.  On February 3, 2005, Plaintiff and Cognisa filed a Joint Statement Pursuant To Fed. R. Civ. P. 26(f) and Local Rule 16.1(d) in which the parties agreed that the deadline for completing fact discovery would be May 31, 2005.  On February 18, 2005, the Court issued a Scheduling Order establishing May 31, 2005 as the date upon which the discovery period closed and June 15, 2005 as the due date for the filing of dispositive motions.  On March 1, 2005, Cognisa propounded its First Set of Interrogatories and First Request for Production of Documents to Plaintiff.  After receiving Plaintiff's responses to its written discovery requests, on April 25, 2005, Cognisa conducted Plaintiff's deposition.  On May 26, 2005, Cognisa filed a Motion to Compel, seeking, among other things, to compel Plaintiff to provide supplemental discovery responses and to answer certain questions under oath regarding two purported comparators whom he refused to identify at deposition.

On May 31, 2005, after failing to conduct any depositions during the discovery period, Plaintiff filed a motion requesting that the Court extend the discovery period through and including September 30, 2005.  While this motion was pending and in accordance with the Court's Scheduling Order, Cognisa filed a Motion for Summary Judgment on June 15, 2005.  On June 24, 2005, although the discovery period had closed, Plaintiff served a third-party subpoena for documents on Compliance Network, seeking irrelevant documents concerning drug tests taken by six individuals who have no knowledge of the claims at issue in this lawsuit.

2

On July 1, 2005, the Magistrate Judge issued an Order extending the discovery period through and including August 5, 2005 for the limited purpose of allowing Plaintiff to conduct four depositions in person by oral examination.[1] Specifically, Plaintiff was given permission to depose Aaron Feo in New York, Nicole Downes pursuant to a subpoena, Gary Feldman pursuant to a subpoena, and George Cintron pursuant to a subpoena. Also on July 1, 2005, the Magistrate Judge issued an Order granting in part Cognisa's Motion to Compel.

Although the discovery period had been extended for the sole purpose of allowing him to conduct four specific depositions, on July 6, 2005, Plaintiff filed a Motion to Compel, seeking to compel Compliance Network to respond to his previously-issued subpoena. Compliance Network and Cognisa separately and independently filed Motions to Quash that subpoena. On July 20, 2005, the Magistrate Judge conducted a hearing regarding Compliance Network's and Cognisa's Motions to Quash and ordered that said subpoena should be quashed.

Plaintiff thereafter violated the Court's Order with respect to the four depositions that he had been given permission to take during the extended discovery period. Specifically, despite the Court's unambiguous instruction that the depositions were to be taken by oral examination, Plaintiff served Cognisa with four notices of deposition by written examination on or about July 25, 2005, only a few days before the extended discovery period was set to close. On August 1, 2005, Cognisa filed a Motion to Quash and for a Protective Order, seeking the right to refrain

---

[1] Indeed, on July 20, 2005, during a hearing on a discovery motion, the Magistrate Judge advised Plaintiff in open court that the Order of July 1, 2005 only permitted him to take the four depositions by oral examination and did not permit him to take the depositions by written examination and that the depositions needed to be taken before a stenographer.

from responding to Plaintiff's improper notices of deposition. On August 2, 2005, the Magistrate Judge granted Cognisa's Motion to Quash and for a Protective Order.

On October 17, 2005, the Magistrate Judge issued a Report and Recommendation, recommending the granting of Cognisa's Motion for Summary Judgment. On October 27, 2005, Plaintiff filed his Objection to the Magistrate Judge's Report and Recommendation.

With his Objection, Plaintiff appears to assert three grounds for the reversal of the Magistrate Judge's findings. First, he contends that the Magistrate Judge abused her discretion by ruling against him on various discovery matters and by disregarding, at the summary judgment stage, various unauthenticated documents that were attached to his Response in Opposition to Cognisa's Motion for Summary Judgment. Second, Plaintiff argues that the Magistrate Judge "misstated the facts" of this case in the Report and Recommendation. Third, Plaintiff asserts that the Magistrate Judge "misapplied the case law" in the Report and Recommendation. As discussed below, Plaintiff has failed to offer any persuasive reason why the Magistrate Judge's Report and Recommendation should not be adopted. Accordingly, Cognisa respectfully requests that the Court enter an Order dismissing Plaintiff's Objection and adopting the Magistrate Judge's Report and Recommendation in its entirety.

## ARGUMENT AND CITATION OF AUTHORITY

**I. THE REPORT AND RECOMMENDATION SHOULD BE ADOPTED BECAUSE PLAINTIFF HAS NOT SHOWN THAT THE MAGISTRATE JUDGE COMMITTED ANY DISCOVERY ERRORS.**

The first section of Plaintiff's Objection is a rambling diatribe which cites no applicable legal authority. Plaintiff appears to argue that the Magistrate Judge erred by quashing his subpoena to Compliance Network and by refusing to allow him to conduct the depositions by

4

written examination of Aaron Feo, Nicole Downes, Gary Feldman, and Jorge Cintron. In an unrelated paragraph, he also appears to argue that the Magistrate Judge erred by refusing to consider various unauthenticated documents that were attached to his Response in Opposition to Cognisa's Motion for Summary Judgment. Each of Plaintiff's arguments lacks merit.

As an initial matter, Plaintiff's challenges to the Magistrate Judge's Orders regarding the subpoena to Compliance Network and the depositions by written examination are untimely. Rule 72(a) of the Federal Rules of Civil Procedure provides as follows:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; *a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.*

Fed. R. Civ. P. 72 (emphasis added). The Magistrate Judge quashed the subpoena to Compliance Network on July 20, 2005 and entered a protective order allowing Cognisa to disregard the improper deposition notices on August 2, 2005. Plaintiff did not object to either Order within ten days thereafter. Instead, he waited until October 27, 2005 (with his Objection to the Report and Recommendation) to challenge these discovery Orders. Accordingly, Plaintiff's challenges to the Orders regarding the subpoena to Compliance Network and the depositions by written examination are untimely and should be overruled.

Plaintiff's challenge to the Magistrate Judge's Order quashing his third party subpoena to Compliance Network also fails on the merits. It is undisputed that the discovery period closed on May 31, 2005, except that the Court extended the discovery period until August 5, 2005 for the limited purpose of allowing Plaintiff to conduct four depositions. Despite this, on June 24, 2005, Plaintiff served his subpoena on Compliance Network. Plaintiff's attempt to circumvent the discovery deadline established by the Court's Scheduling Order is improper. See Alper v.

5

United States, 190 F.R.D. 281, 283-284 (D. Mass. 2000) (granting motion to quash and noting that subpoenas "are subject to the same time constraints that apply to all of the other methods of formal discovery"). Because it was served after the discovery period had closed, the subpoena to Compliance Network was properly quashed.[2]

Similarly, the Magistrate Judge did not err by granting Cognisa's Motion to Quash and for a Protective Order regarding Plaintiff's four notices of deposition by written examination. As noted above, on July 20, 2005, the Magistrate Judge instructed Plaintiff that he was only permitted to take the four depositions by oral examination and that the depositions needed to be taken before a stenographer. However, on or about July 25, 2005, Plaintiff served Cognisa with four notices of deposition by written examination. Plaintiff's notices clearly violated the Magistrate Judge's earlier, unambiguous instruction, and thus, the Magistrate Judge correctly held that Cognisa need not comply with them. Further, in violation of Rule 31 of the Federal Rules of Civil Procedure, the notices did not state: (1) the location where the deponents were required to appear for their respective written depositions; (2) the dates for the depositions; (3) the times for the depositions; or (4) the names of the court reporters before whom the deponents were required to appear. In addition, the subpoenas that accompanied the deposition notices to Ms. Downes, Mr. Feldman and Mr. Cintron were improperly served in violation of Rule 45 of the Federal Rules of Civil Procedure, as Plaintiff personally served the subpoenas on the deponents. For these additional reasons, the Magistrate Judge did not err in granting Cognisa's

---

[2] The Magistrate Judge's Order quashing the subpoena to Compliance Network was also proper given that the subpoena sought the production of irrelevant documents. Indeed, the subpoena sought drug test records for individuals who were never even identified by Plaintiff during the discovery period.

BOS\139951.1

Motion to Quash and for a Protective Order and Plaintiff's objection to the Order should be overruled.

With his final argument in section one of his Objection, Plaintiff appears to argue that the Report and Recommendation should not be adopted because the Magistrate Judge improperly disregarded several unauthenticated documents attached to his Response in Opposition to Cognisa's Motion for Summary Judgment when she ruled on the dispositive motion. Plaintiff claims that "admission of evidence should be denied if and only [sic] the evidence introduced by a party was obtained improperly and without the consent of the adverse party." (Objection at 3). Not surprisingly, Plaintiff fails to cite any authority for his legal conclusion, and it is unclear to Cognisa whether his argument is even applicable in civil litigation, as opposed to a criminal case.

Plaintiff attached the following unauthenticated documents to his Response in Opposition: letters dated November 18, 2002 and October 21, 2002, a list of Cognisa employees, letters dated April 7, 2005 and June 14, 2005, and some undated correspondence. Plaintiff has offered no evidence that he is competent to testify about these documents or to introduce them at trial, and he failed to submit an affidavit authenticating the documents. Thus, as the Magistrate Judge correctly held, the documents do not meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure because they are not authenticated by someone having personal knowledge of them. See Countryside Oil Co. v. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995) (holding that unauthenticated documents cannot be considered at summary judgment stage). Moreover, any argument by Plaintiff that authentication of these documents is not necessary because the documents were produced by Cognisa during discovery is without merit. The mere fact that documents are produced by a party in response to a discovery request

does not relieve the adverse party of its obligation to authenticate the materials through the affidavit of an individual competent to identify them. See Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987); Wells v. Franzen, 777 F.2d 1258, 1262 (7th Cir. 1985); Haupt v. International Harvester Co., 582 F. Supp. 545, 547-548 (N.D. Ill. 1984). Therefore, in accordance with Rule 56(e), the Magistrate Judge correctly disregarded Plaintiff's unauthenticated documents at the summary judgment stage.

**II. THE REPORT AND RECOMMENDATION SHOULD BE ADOPTED BECAUSE PLAINTIFF HAS NOT SHOWN THAT THE MAGISTRATE JUDGE MISSTATED THE FACTS OF THE CASE.**

Plaintiff next contends that the Magistrate Judge "misstated the facts" of the case. Rather than challenging specific findings of the Magistrate Judge, Plaintiff appears to argue that the Magistrate Judge concluded that he only sought a guarding assignment that required "constant standing or patrolling" and that this conclusion was erroneous. (Objection at 5). Fatal to his argument, the Report and Recommendation makes clear that the Magistrate Judge understood that Plaintiff did not want a guarding assignment requiring constant patrol. For example, the Magistrate Judge noted that "Plaintiff admits in his brief that he is unwilling to walk on Patrol" and that "Plaintiff asserted that he refused the first job because of the walking required." (Report and Recommendation at 14, 15). Thus, his Objection is flawed.

More importantly, with his Objection, Plaintiff has not offered any substantive argument refuting the Magistrate Judge's holdings that Cognisa did not regard him as disabled, that he is not a "qualified" individual with a disability, and that Cognisa did not refuse to hire him because of some perceived disability. Quite simply, Plaintiff's failure-to-hire claims cannot withstand summary judgment because, as the Magistrate Judge correctly held, Plaintiff was not hired

because <u>he rejected</u> the two guarding assignments offered to him. (Report and Recommendation at 16). Thus, the second argument advanced in Plaintiff's Objection should be overruled.

### III. THE REPORT AND RECOMMENDATION SHOULD BE ADOPTED BECAUSE PLAINTIFF HAS NOT SHOWN THAT THE MAGISTRATE JUDGE MISAPPLIED THE CASE LAW.

In the third and final section of his Objection, Plaintiff contends that the Magistrate Judge cited erroneous and inapplicable case law. First, Plaintiff appears to contend that the Magistrate Judge cited the wrong summary judgment standard. (Objection at 7). However, rather than citing the summary judgment standard that he deems appropriate, Plaintiff again complains that the Magistrate Judge committed several errors in ruling upon the parties' various discovery motions. As explained fully in Section I above, Cognisa disputes that the Magistrate Judge made any errors in her discovery rulings.

Second, Plaintiff argues that the Magistrate Judge erred by granting summary judgment on his ADA claim. Plaintiff makes the nonsensical argument that his "disability/impairment claim should be maintained because differential interpretation of the term will no [sic] mask the legal remedy that Plaintiff sought as a matter of rights." (Objection at 7-8). Plaintiff attempts to argue, without support, that there is no legal distinction between one who suffers from an impairment and one who suffers from a disability. The facts remain that Plaintiff has failed to cite any record evidence (as there is none) that Cognisa regarded him as disabled, that he is a "qualified" individual with a disability, or that Cognisa refused to hire him because of some perceived disability. In his Objection, Plaintiff does not even attempt to refute the Magistrate Judge's holding that he failed to satisfy each of the <u>prima facie</u> prongs for his ADA claim. For these reasons, the Report and Recommendation should be adopted.

The record evidence remains undisputed that Cognisa offered Plaintiff two different positions that he declined. (Report and Recommendation at 6, 16, 17). Ironically, Plaintiff's own testimony that Cognisa offered him these positions after learning of his purported injury indicates that Cognisa did not perceive him as unable to perform security officer duties. See Sullivan v. Neiman Marcus Group, 358 F.3d 110, 118 (1st Cir. 2004) (affirming dismissal of "regarded as" disability claim where plaintiff did not show that defendant believed that he could not perform the essential functions of a class of jobs). Plaintiff is logically precluded from rejecting these offers and later contending that Cognisa refused to hire him because it perceived him as disabled. Plaintiff likewise has failed to offer any evidence to suggest that his perceived disability was ever even considered by Cognisa.

Lastly, Plaintiff contends that the Magistrate Judge erred by recommending the dismissal of his Title VII claims. He hints that the Magistrate Judge was dishonest in her "judicial profession." (Objection at 10).[3] Plaintiff apparently bases his objection as to his Title VII claim on a document cited in Aaron Feo's Declaration, attached to Cognisa's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit A. That document merely provides

---

[3] Plaintiff's claim of judicial misconduct is consistent with his history of engaging in frivolous litigation. Indeed, Plaintiff admits that he has filed no less than six discrimination lawsuits in recent years. (Pl. Dep. at 13-14, 27-28). As further evidence of Plaintiff's litigious nature, Plaintiff testified that at the age of 11, he sued his own father for decreasing his allowance. (Pl. Dep. at 65). Cognisa, unfortunately, has fallen victim to yet another of Plaintiff's frivolous filings. Chief Judge Young recently issued an Order in Ayele v. U.S. Security Associates, Inc., 2005-cv-11273-WGY ordering that any new cased filed by Plaintiff will be drawn to Chief Judge Young, and if the case "has no merit the Court will enjoin Plaintiff from filing cases in the USDC." With this new Order, Plaintiff will hopefully be precluded from filing similar frivolous lawsuits in the future. (Chief Judge Young's Order dated October 5, 2005 reflected in the docket is attached hereto as Exhibit A).

background information and contains the names of the applicants who attended Cognisa's job fair on November 20, 2003. (Feo Decl. at ¶ 7; Feo Decl. at Exh. 2). The Magistrate Judge did not even refer to this document in the "Discussion" section of the Report and Recommendation, plainly showing that the document was not crucial to the Court's decision and making Plaintiff's objection to it suspect at best.

Not surprisingly, Plaintiff does nothing to attack the Magistrate Judge's holding that he failed to establish two of the prima facie elements for his Title VII claims. As the Magistrate Judge correctly determined, Plaintiff's Title VII claims fail because Plaintiff did not suffer an adverse employment action at the hands of Cognisa and because he cannot show that a similarly-situated applicant not belonging to his protected classes was placed in a job that he sought. (Report and Recommendation at 17-19). After pursuing this case for more than one year, Plaintiff still has not offered any evidence to support his discrimination claims other than his own subjective beliefs – which alone cannot save his claims from summary judgment. See Oliver v. Digital Equip. Corp., 846 F.2d 103, 109-110 (1st Cir. 1988) (holding that a plaintiff's speculation and personal beliefs were not sufficient to withstand summary judgment).

## CONCLUSION

For all of the forgoing reasons, Cognisa Security, Inc. respectfully requests that the Court adopt the Magistrate Judge's Report and Recommendation in its entirety.

Respectfully submitted,

COGNISA SECURITY, INC.

By its attorneys

/s/Bronwyn L. Roberts
Bronwyn L. Roberts, BBO# 638079
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900

 Dated:  November 4, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>COGNISA SECURITY COMPANY, INC., )<br>)<br>      Defendant. )<br>) | Civil Action No.: 04CV12217-PBS |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 4th day of November, 2005, I electronically filed the foregoing DEFENDANT'S RESPONSE TO "PLAINTIFF'S OPPOSITION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION" with the Clerk of Court using the CM/ECF system.

    I further certify that I have mailed, by United States Postal Service, the document to the following non-CM/ECF participant:

        Begashaw Ayele
        261 O'Callaghan Way #816
        South Boston, MA  02127


                /s/Bronwyn L. Roberts
                Bronwyn L. Roberts, BBO# 638079

DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
(617) 289-9200
Email: blroberts@duanemorris.com