UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 NOV 14 P 3: 23
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BEGASHAW AYELE, PRO SE. ) | Civ. Action No. 04-CV-12217-PBS |
| ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | |
| ) | |
| COGNISA SECURITY, INC. ) | November 14, 2005 |
| ) | |
| Defendant ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE ON THE PLAINTIFF'S OPPOSITION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

INTRODUCTION.

On November 4, 2005 defendant Cognisa Security, Inc. by and through its counsel had filed its Responsive Brief to the Plaintiff's Opposition of the Magistrate Judge's Report and Recommendation. For the brief that defendant filed with this court, I am submitting this REPLY in order to indicate that the Magistrate Judge's Report and Recommendations not only was erroneous but was erroneous as a result of prejudice of a sort. As a central focus to the case at issue, defendant's counsel had characterize the plaintiff's over all argument as nothing but "rambling diatribe" and as a person with lawsuit mentality always advancing frivolous claim in this district. To establish her assertion to the alleged fact, 1/ counsel has not produce any evidence which of my claim was lost as a result of the

---

1/  *As a matter of character assassination, and habitual practice, defense counsel repeatedly stated in this proceeding that the plaintiff's several civil complaints are "frivolous" without indicating which lawsuit was lost as a result of alleged frivolous claims. The only case plaintiff lost was my charge of discrimination on ground of religion. Even that case was not dismissed because it was frivolous but because I failed to attend a pretrial conference due to some problem. Counsel therefore, is herby requested to stop such fantasy broadcast and simply focus on the case at issue.*

1

frivolous nature of the claim. Furthermore, counsel stated to this court that because of the plaintiff's alleged frivolous lawsuits in this district, the chief judge in one unrelated case had dismissed the claim and warned plaintiff to refrain from further fling of any case in the future. The chief judge's dismissal of the plaintiff's case is a decision made even without reading my complaint and that doesn't surprise plaintiff in view of my experience of similar judicial blunders made out of political choice. Being a "chief" in position among the many district court judges, judge Young has accomplished nothing except that he has manifested in like manner. As a result plaintiff was not only unable to get justice cases that require judicial scrutiny on the pending cases but also on cases that passed and survived the defendant's motion for summary judgment. 2/

Having said that plaintiff simply re-visit defendant's three parts of RESPONSE as indicated on page 4, 8 and 9 as follows:

I. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION SHOULD NOT BE ADOPTED BECAUSE A DELEBERTATE AND/OR CALCULATED ERROR WAS COMMITTED ON DISCOVERY MATTER.

Addressing the plaintiff's first section of the argument, counsel alleged that plaintiff has not shown that the magistrate judge committed discovery errors and thus the plaintiff's objection is "rambling diatribe" lacking applicable citation of legal authority. Furthermore, defendant stated that the magistrate judge's order quashing the subpoena issued by plaintiff to Compliance network on July 20, 2005 and entering protective order allowing Cognisa to disregard improper deposition of August 2 2005

---

2/ In *Begashaw Ayele vs. Boston University* C.A # 01-12175 MLW plaintiff's had partially survived defendant's motion for summary judgment and the defendant had no ground to oppose the decision of the court. However, the case has not moved an inch for almost two years for the only reason that the presiding judge knew. The chief judge who counsel mentioned unnecessarily in this case, I believe, also had his hand in freezing my case whether this is conclusory allegation or not. This is the kind of "chief" judge that alleged plaintiff's claim to be frivolous even without reading the nature of my complaint and learn what evidences I had for inevitable reversal by the court of appeals.

2

was not opposed by plaintiff on a timely fashion. The argument so far is so good had the magistrate judge was unbiased, neutral and the decision was without prejudice. Contrary to the defendant's assertion, however plaintiff throughout this litigation had objected the magistrate judge's decision and even by citing similar cases from my own other case. This include in a written argument and during oral brief at every proceeding at the time of the parties' dispute over discovery. 3/

Defendant also argued that the subpoena issued to Cognisa Security Inc. but quashed by the magistrate judge was proper because it alleged that the document sought by plaintiff were *"irrelevant"* as … *the document sought the record of drug test for individuals who were never identified by plaintiff during the discovery period*; see footnoteno.2 of the defendant's Response at page 6.. The defense argument was false!!!. Defendant advanced this point of argument for one and only one reason – to mask the employer's discrimination. As the court can easily see from defendant's motion for summary at **Exhibit 2** , they argued that defendant has not hired any candidate, including plaintiff, during the recruitment secession that the employer conducted at the Massachusetts job fair see Doc. No. 28 of pp. 13-14. It is true that plaintiff was not able to remember the name of several candidates, including **Centro Jorge, who was hired** after he was referred by the employer for a drug test as part of pre-employment process to the plan administrator Compliance Network, Inc. Defendant's allegation that the employer has not hired none for the position of a security guard is false just as much as is allegation that the plaintiff's subpoena that sought seeking the compatriot's drug test record were "irrelevant" Had the defendant's allegation was true the magistrate judge was not in a position to permit plaintiff to take the deposition after the discovery period. The question therefore is, "why I was blocked not to take the

---

3/   *In another case cited above (Begashaaw Ayele vs. Boston University) both parties have issued subpoenas on non-party witness and neither the plaintiff or the defendant had objected the subpoena of one against the other and even there was no intervention by judge Mark. Wolf. When I ask why the same procedure can not be used in the same district, the magistrate judge told me that* **"this is my court".** *Under the circumstance it is meaningless to object/oppose to the same judge within ten days while there is another opportunity to address the same issue to the judge who originally presided over the case and, if that is not satisfying, to the court of appeals if and when is appropriate.*

3

deposition by written question as permitted under federal Rule of Civil Procedure unless there is pure prejudice on the part of the magistrate judge who assume the people's court as "her own court" and decided cases, specially civil Rights cases as she please ??.

    I.       THE REPORT AND RECOMMENDATION SHOULD NOT BE ADOPTED BECAUSE PLAINTIFF INDICATED THAT THE MAGISTRATE JUDGE MISSTATED THE FACT OF THE CASE.

The plaintiff's reply to the defendant's response is not different to what I have argued in my opposition to the magistrate judge's Report and Recommendation; (see Plaintiff's Opposition to the Record and Recommendation at section b of page 5.) It is true that the magistrate judge had misstated facts concerning plaintiff's testimony as indicated on the record. As the record indicate, the magistrate judge had, indeed, assumed that I was seeking a security guard job which require constant walking (or patrolling) and standing as the job description fabricated and presented by defendant and was asked in the deposition whether I know what the criterion for the job was. As my testimony in the deposition indicated, plaintiff has not applying for the job that require such task nor had applied knowing that such task were the core element of the job. See Plaintiff's Deposition at page 132 and compare how the magistrate judge get it wrong in her analysis at her Report and Recoomendation at page 6 of ¶1.

As stated in my previous brief, PLAINTIFF had resigned from my former employer due to similar problem and therefore should not expected to take similar job that either accommodate my problem nor require working at inconvenient work shift. Had this fact was not the true reason for the plaintiff's unwilling to accept employer's offer of the job that require constant, the Human resource Manager Nicole Downes should not advised me to wait until she find suitable worksite and work shift. The employer's false promises however, was realized after plaintiff was ignored while defendant hired

364 employees including my compatriot Centro Jorge.

In a nutshell the defendant's underlying argument which hold that ".... Plaintiff has not offered any substantive argument refuting that the Magistrate Judge's ruling that Cognisa did not regard him as a disabled that he is not a "qualified" individual with disability and therefore Cognisa did not refused him to hire him because of disability" is an argument that makes no sense because:

(1) had defendant was not perceived plaintiff's problem they would informed me out rightly that they have no any position and close the chapter for once and all,

(2) they should contact plaintiff at *lease one or two time more* (which they did not)to discuss other possible offer in a suitable location rather than ignoring plaintiff while hiring 364 new employees that no any reasonable mind the employers (inaction) i.e. failure to be reasonable except the magistrate judge who choose to refrain from questioning what other efforts was made by the employer for the plaintiff while the company hired 364 employees and,

(3) give an alternative for the plaintiff from one location site's work to another because even if the job require or involve a limited tour or patrol because each and every client's site is differ by size and nature of particular need for security protection.

In view of the above stated facts, therefore it is impossible to assume that the Magistrate Judge has not misstated plaintiff's deposition as testified on page 132 of the record. This court therefore should not adopt the magistrate judge's Report and Recommendation.

II. THE REPORT AND RECOMMENDATIONSHOULD NOT BE ADOPTED BECAUSE PLAINTIFF HAS SHOWN THAT THE MAGISTRATE JUDGE MISAPPLIED THE CASE LAW.

Defendant had summarized the plaintiff's complaint in section III of her argument into three part including: (1) the Magistrate judge's erroneous application of the summary judgment standard (2) the grant of summary judgment to the defendant on the plaintiff's ADA claim and, (3) the grant of summary judgment on the plaintiff's Title VII claim. As stated earlier in all my arguments, the magistrate judge's

ruling are erroneous and the plaintiff's argument need to be re-stated briefly here below:

As to the summary judgment standard, counsel falsely claimed that " rather than citing the summary judgment standard that he deem appropriate, plaintiff complaint that the magistrate judge committed several errors in her ruling.." see Def's. Response at p. 9 of section III. Contrary to her assertion, plaintiff had, in no less than the judge herself, correctly cited several precedents as to the summary judgment standard as indicated on my brief, (doc. # 33 at pp. 6-7. Compare also with the Magistrate judge's own citation at Report & Recommendation at Pp. 7-8. Counsel therefore had to this court shamelessly and that should not be excused.

As to the ADA claim plaintiff had stated that there is no any distinction between impairment resulted from some physical problem and disability of the same. Therefore remedy is appropriate for a party who was subjected for discrimination. See general my argument at my opposition to the Magistrate judge's report and Recommendation, section II of pp. 7-9.

As to the plaintiff's Title VII claim, defendant alleged that there was not any person hired for the position that was sought by plaintiff and stated further that I have not shown to the court any compatriot that was offered the same job. Defendant argued falsely and the court fail in the trap of the defendant's deception because the job I was denied was offered to Centro Jorge all for reason of race, color and national origin discrimination. When it was known later in the day is the court required plaintiff to take the deposition in the amount of high cost that I can not afford.

CONCLUSION

For all the reasons stated above the Magistrate judge's report and recommendation should not be

adopted.

Respectfully submitted,

Dated November 14, 2005

Begashaw Ayele
261 O'Callaghan Way #816
South Boston MA 02127
(617) 474-9774

## CERTIFICATE OF SERVICE

This certify that the foregoing document titled "Plaintiff's REPLY to the defendant's RESPONE on the Plaintiff's Opposition to the Magistrate Judge's Report and Recommendation" was mailed/hand delivered to defendant's counsel to the following:

Bronwyn L. Roberts
DUANE MORRIS LLP
470 Atlantic Avenue suite 500
Boston MA 02210

Sincerely,

Begashaw Ayele