## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEGASHAW AYELE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 04CV12217-PBS |
| COGNISA SECURITY COMPANY, INC., | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS

Defendant, Cognisa Security Company, Inc. ("Cognisa"), by and through its attorneys, Duane Morris LLP, submits this memorandum in support of its Bill of Costs, as provided in Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

Pursuant to Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Accordingly, there is a heavy presumption in favor of an award of costs. See 10 MOORE'S FEDERAL PRACTICE § 54.101[1][a] (3d ed. 2000) ("the Rule creates a strong presumption that the prevailing party will recover costs under the Rule"). "The presumption is so strong that if the judgment entered by the district court is absolutely silent as to costs, the judgment is presumed to be one allowing costs." 10 MOORE'S FEDERAL PRACTICE § 54.101[1][a] (3d ed. 2000).

Cognisa is submitting all of the expenses related to its motion for summary judgment, including all costs related to the deposition taken in support of the motion for summary judgment. Moreover, the expenditures are for items specifically allowable pursuant to 28 U.S.C.A. § 1920. Costs not specifically provided for in the statute are, nonetheless within the

Court's discretion; many, if not all, have been awarded by Courts in appropriate circumstances. Soler v. Waite, 989 F.2d 251, 254-44 (7th Cir. 1993) (finding fees relating to depositions are taxable if the taking of the deposition appeared reasonably necessary at the time it was taken); Burks v. City of Philadelphia, Civ. A. No. 95-1636, 1998 U.S. Dist. LEXIS 9503, *15 (E.D. Pa. June 26, 1998) (finding copying costs are taxable as long as "the copies were made in a diligent manner, based on a well founded anticipation of use at trial").

Cognisa is entitled to these costs, as it has prevailed on its summary judgment motion.

For the reasons stated above, Cognisa respectfully requests the Court allow the $1,215.75 as costs in this litigation. Cognisa reserves the right to file a Supplemental Bill of Costs for any further litigation costs incurred in this matter.

    Respectfully submitted,
    COGNISA SECURITY, INC.

    By its attorneys

    /s/Bronwyn L. Roberts
    Bronwyn L. Roberts, BBO# 638079
    DUANE MORRIS LLP
    470 Atlantic Avenue, Suite 500
    Boston, MA  02210
    (617) 289-9200

and Co-Counsel
(admitted *pro hac vice*)
Terry P. Finnerty
Georgia Bar No. 261561
Peter B. Murphy
Georgia Bar No. 531032
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA  30309
(404) 253-6900