UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
BEGASHAW AYELE, <u>PRO</u> <u>SE</u>            )
)
Plaintiff                )
Vs                                  )            CIV. ACTION NO 04CV-12217PBS
)
COGNISA SECURITY, INC.              )
)
Defendant                )
_____ )

## PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S REVISED BILL OF COST

FOREWARD:

Defendant Cognisa Security, Inc. by and through its counsel had requested this court

reimbursement of cost after it temporarily prevailed in the district court proceeding and before

the plaintiff's appeal was filed and resolved by the court of appeals.

Defendant alleged that it had filed its bill of cost on November 23, 2005 (one day after

the district judge had adopted the Magistrate judge's decision on the pending motion for

summary judgment). Defendant's assertion and the clerk's entry of record is not correct as

asserted by the defendant's counsel and entered in to the record by the clerk of the court.

Similarly plaintiff has not never been served of these documents nor had found in the court's

computer when I visited the court one or two days  before  I  personally visited the court and

reviewed the court's computer record. For that reason alone plaintiff had argued that the

1

defendant has not filed her claim as instructed by the magistrate judge. The clerks' eatery of such documents in to the record which has several errors and correction is a indication why my assertion is true than the defendants one.

Leaving such trickeries fact, plaintiff for a time being only address the defendant's unreasonable claim for bill of cost and refute such claims as follows:

1. Documents identified by defendant with date reference of December 28, 2004 are copies of <u>defendant's Corporate disclosure</u> having a total bill of cost of $16.00 . Counsel had calculated the defendant's corporate disclosure at @ $0.20 per page but without disclosing the page numbers of such corporate disclosure. Defendant should not be entitled such reimbursement for the following two reason(s). First, the page number of such documents does not exceed more than three pages and, secondly the total claim (even assuming that it would be reimbursed) should have been $0.63 ($0.07 * x 3** x 3***) and not $16.00. Even the minimal copying claim of the defendant is not proper because to disclose such information to the court is the defendant's obligation and plaintiff has not caused them to incur such cost. For this reason alone, defendant is not entitled for such cost reimbursement at all.

2. The defendant's bill of cost claim for documents identified by date reference of March 31, 2005 are copies of documents for joint statement @ $0.20 per page purportedly yielding a total claim of $11.40.

---

*   *$0.07 is the commercial copying rate and not $0.20 as falsely asserted by counsel.*
**  *There are only three (3) pages of document in the defendants disclosures statement.*
*** *Plaintiff had multiplied all copies by three because there are three recipients including the <u>court</u>, <u>plaintiff</u> and <u>defendant</u> themselves*

The above claim, like the first, is only three (3) pages of document and these few page of joint statements for discovery plan was not caused by plaintiff but as a result of the courts' requirement. Assuming arguando that the claim was a legitimate one, which is not, the total bill of cost would have been only $0.63 and not as falsely claimed by defendant as $11.40. Plaintiff object the baseless claim on two ground in that, plaintiff would have file my own discovery plan had cooperation with counsel. Secondly, the filing of a discovery plan is a required and essential part of the procedure and, therefore, defendant should not be entitled such bill of cost from plaintiff.

3.      Defendant also claimed a bill of cost for the document referred by April30, 2005 date but did not indicate what type documents she made copies, the number of pages of such documents and whether these documents were caused (to be copied) by plaintiff. For such lack of clarity of claim alone, defendant's request for bill of cost should be denied out rightly and with prejudice..

4       The May 31, 2005 copies of documents claimed by defendant include all 51 pages of Motion for compelling discovery and  Memorandum of laws in support of that motion. The total Cost of copying all these pages of documents is $10.71 and not $106.20 as erroneously claimed by defendant. Plaintiff will reimburse the cost if and only if the plaintiff's appeal is decided adversely.

5.      Defendant also sought bill of costs for copies of documents for its  Response Cognisa to Motion for extension of time, Motion for Summary Judgement,Statement of Facts, Reply to response to Motion to compel discovery  all in the amount of $92.80Excluding the defendant's document that sought itsmotion for extension of time, theentire number of pages in thi category only account to 97 pages. The bill of these documents only amount to $ 20.37 (i.e, 97 pgs. x 3 parties @ $0.07) and did not result $92.80 as claimed by defense counsel. Plaintiff will pay

3

defendants if the court of appeals decided against plaintiff.

6.    Documents identified by the date of July 31, 2005 are copies of documents for Defendant's Emergency motion to Quash subpoena Served on Compliance Network, Motion to Compel discovery on third party and Opposition to Motion for Summary Judgment, Motion for discovery on third Party – all amounting to the total bill of cost of $90.00

All of the above referenced documents were advanced by defense counsel to this court in violation of professional conduct  as well as The American Bar Association Rule as counsel had filed most of these motion without permission to formally representing the third party that plaintiff had subpoenaed. The Magistrate Judge had ignored suh conduct and even was not contemplating to sanctioned (let alone sanctioned) defense counsel. At this is the second core element and the basis of my appeal, plaintiff will not pay until the court of appeals decided to the contrary.

7.    The seventh part of defendant's claim for bill of cost include copies of document concerning its Motion to Quash the subpoena served on defendant company's personnel and for Protective order.  Defendant had sought $81.00 for the coping of eight pages of paper. The claim should have been $8 \times 3 \times \$0.07 = \$1.68$ and not $81.00.  Plaintiff will reimburse this monetary claim after the the appeals process completed and only if the outcome of such appeal is decided against plaintiff.

8.    The last and eighth of defendant's claim is the copying of plaintiff's own Document.  Plaintiff had contacted by phone defense counsel and asked what was the basis of claiming bill of cost for the document that I filed in opposition to the defendant's summary judgment. Plaintiff was told that *"it may have been for mailing such documents"*. As defendant has not made all or any part of the plaintiff's document as exhibit to support her argument, there is no reason to to raise such claim.

4

## CONCLUSION

Per the enclosed affidavit of the plaintiff and the argument stated here,

defendant's request should be denied.

Respectfully submitted

Begashaw Ayele

## CERTIFICATE OF SERVICES

The forgoing documents titled "Plaintiff's Opposition to the Defendant's Bill of Cost" together with the enclosed affidavit has been sent to defendant's counsel by placing in the United States Mail, postage prepaid to the following:

Bronwyn L. Roberts
DUANE MORRIS LLP
470 Atlantic Avenue suite 500
Boston, MA 02210

Sincerely,

Dated and served on 12/16/2005

Begashaw Ayele

5